# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

### DOCKETING STATEMENT

Case Name:   United States v. Cameron Kelly McAbee

Appeal No. (if available) :   23-5097

Court/Agency Appeal From:   United States District Court for the Northern District of Oklahoma

Court/Agency Docket No.:   21-CR-3361          District Judge:          Hon. John F. Heil, III

Party or Parties filing Notice of Appeal/Petition:    McAbee, Cameron Kelly

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

   1. Date notice of appeal filed: August 28, 2023
   2. 
      a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:    No

      b. Is the United States or an officer or an agency of the United States a party to this appeal?   Yes

   3. Authority fixing time limit for filing notice of appeal:

   Fed. R. App. 4 (a)(1)(A) _____     Fed. R. App. 4(a)(6) _____
   Fed. R. App. 4 (a)(1)(B) _____     Fed. R. App. 4(b)(1) _X_
   Fed. R. App. 4 (a)(2)    _____     Fed. R. App. 4(b)(3) _____
   Fed. R. App. 4 (a)(3)    _____     Fed. R. App. 4(b)(4) _____
   Fed. R. App. 4 (a)(4)    _____     Fed. R. App. 4(c)    _____
   Fed. R. App. 4 (a)(5)    _____
   Other: _____

   4. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:    August 28, 2023

5. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
Yes

**(If the order being appealed is not final, please answer the following questions in this section.)**

    a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
    _____

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

    c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?
    _____

6. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
    _____

    b. Has an order been entered by the district court disposing of that motion, and, if so, when? _____
    _____

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court? No.

Please state the approximate amount of such assets, if known.
_____

_____

B.   **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1.   Date petition for review was filed: _____

2.   Date of the order to be reviewed: _____

3.   Specify the statute or other authority granting the court of appeals jurisdiction to review the order: _____
_____

4.   Specify the time limit for filing the petition (cite specific statutory section or other authority): _____ ____
_____

C.   **APPEAL OF TAX COURT DECISION**

1.   Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

2.   Time limit for filing notice of appeal: _____

3.   Date of entry of decision appealed: _____

4.   Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)
_____

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

None.

III. **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

Cameron Kelly McAbee was indicted for with Count I: Child Exploitation Enterprise contrary to 18 USC §§ 2252(A)(g)(2) and (g)(1), Count II: Sexual Exploitation of a Child by a Parent contrary to 18 USC §§ 2251(b) and 2251(e), Count III: Receipt and Distribution of Child Pornography contrary to 18 U.S.C. § 2252(a)(2) and 2252(b)(1), and Count IV: Possession of Child Pornography in Indian Country, contrary to 18 USC §§ 2252(a)(4) and 2252(b)(2). Mr. McAbee entered a plea of "guilty" to all counts pursuant to a plea agreement.

At sentencing, Mr. McAbee argued that he should receive an enhancement under USSG § 4B1.5 alleging that he engaged in a pattern of activity involving prohibited sexual conduct nor should the sentencing guidelines have begun with the child exploitation enterprise (USSG § 2G2.6). The Court applied the enhancement and began its calculation with USSG § 2G2.6. Further, the Defendant requested a non-guideline sentence, which was also denied by the Court.

IV. **ISSUES RAISED ON APPEAL.**

There were errors committed by the Court during trial that warrant reversal for re-sentencing. These include, but are not limited to calculating the sentence beginning with USSG § 2G2.6. instead of taking the charges in Counts I and Counts II - IV separately and applying USSG § 2G2.1 and USSG § 2G2.2 respectively with the relevant enhancements, whcih would have resulted in a dramatically lower sentence. The Defendant will ask the Court to determine that the methodology used in calculating the sentence was improper and order the Defendant to be re-sentenced.

The Court erred in applying the five level enhancement under USSG § 4B1.5 finding that Mr. McAbee was in a pattern of activity of prohibited sexual conduct. The Defendant will ask the Court to reverse the District Court's findings regarding the enhancement.

The Court erred in overruling the Defendant's request for a non-guideline sentence.

**ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?   Yes

B. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction?    Yes

C. Describe the sentence imposed. Life to serve for Count I - IV running concurrently. Supervised release for life on Counts I - IV. Said periods shall run concurrently , each with the other. The fine was waived, but a special monetary assessment of $100.00 per count (for a total of $400.00) was imposed. Restitution was also ordered.

D. Was the sentence imposed after a plea of guilty?    No

E. Is defendant on probation or at liberty pending appeal?    No

**NOTE**: In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

V. **INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.**
   If so, please state why.

Counsel does not believe that oral argument will assist the Court.

VI. **ATTORNEY FILING DOCKETING STATEMENT:**

Name**: John M. Dunn**              Telephone: (918) 526-8000

Firm:   The Law Offices of John M. Dunn, PLLC

Address: 616 S. Main, Suite 206, Tulsa, OK 74119

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.    X    Appellant

☐    Petitioner

☐    Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

☐    Retained Attorney

X    Court-Appointed

☐    Employed by a government entity
        (please specify_____)

☐    Employed by the Office of the Federal Public Defender.

____/s/ John M. Dunn_____     _____8-30-2023_____
Signature                                                            Date

D-2  Docketing Statement 11/01                                              Page 6

    X    Attorney at Law

**NOTE:** A copy of the court or agency docket sheet, the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review **must be attached to all copies of the Docketing Statement**, except as otherwise provided in Section I of the instructions.

The original of this Docketing Statement must be filed. In addition, the Docketing Statement must be e-filed in accordance with the General Order issued by the court on August 10, 2007.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, John M. Dunn,  hereby certify that on
[appellant/petitioner or attorney therefor]

___August 30, 2023_____  I sent a copy of the foregoing **Docketing Statement,**
        [date]

to:

Christopher Nassar, at The United States Attorney for the Northern District of Oklahoma

   [counsel for/or appellee/respondent]

110 W. 7th, Suite  300, Tulsa, OK  74119-1013, the last known address, by way of ECF e-mail.


  __/s/ John M. Dunn_____
Signature
    __August 30, 2023_____
Dated signed

John M. Dunn
616 S. Main, Suite 206
Tulsa, OK 74119

[Printed name and address of  person completing service]