APPEAL,COMPLEX,LC−1

# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CRIMINAL DOCKET FOR CASE #: <u>4:21−cr−00361−JFH−1</u>

Case title: USA v. McAbee

Magistrate judge case number:  4:21−mj−00529−CDL

Date Filed: 08/17/2021

Date Terminated: 08/28/2023

---

Assigned to: Chief Judge John F
Heil, III

Appeals court case number:
23−5097 (#57) 10th Circuit

### Defendant (1)

**Cameron Kelly McAbee**
*TERMINATED: 08/28/2023*

represented by  **John Mikel Dunn**
John M Dunn Law Office PLLC
616 S MAIN STE 206
TULSA, OK 74119
918−526−8000
Fax: 918−359−5050
Email: <u>jmdunn@johndunnlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA or Other Appointment*

**Travis Don Horton**
Swab & Stall PA
2021 S LEWIS AVE STE 520
TULSA, OK 74104
918−587−2700
Fax: 918−743−1002
Email: <u>thorton@swabstall.com</u>
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*Designation: Retained*

### Pending Counts

18 USC 2252A(g)(2) and (g)(1):
Child Exploitation Enterprise;
Forfeiture Allegation: 18 USC
2253: Child Exploitation
Forfeiture

### Disposition

BOP Life; SR Life; Restitution $26,610; SMA $100

(1)

| | |
|---|---|
| 18 USC 2251(b) and 2251(e): Sexual Exploitation of a Child by a Parent; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture | BOP 360 concurrent to Ct 1,3,4; SR Life; SMA $100 |

(2)

| | |
|---|---|
| 18 USC 2252(a)(2) and 2252(b)(1): Receipt and Distribution of Child Pornography; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture | BOP 240 concurrent to Ct 1,2,4; SR Life; SMA $100 |

(3)

| | |
|---|---|
| 18 USC 2252(a)(4) and 2252(b)(2): Possession of Child Pornography in Indian Country; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture | BOP 240 concurrent to Ct 1,2,3; SR Life; SMA $100 |

(4)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2251(b) Sexual Exploitation of a Child by a Parent | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Ashley Robert** |
| | | DOJ–USAO |
| | | USAO–Northern District of Oklahoma |
| | | 110 West 7th Street |
| | | Ste 300 |
| | | Tulsa, OK 74119 |
| | | 918–703–7912 |

Email: ashley.robert@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

**Christopher Jordon Nassar**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119−1013
918−382−2702
Fax: 918−560−7938
Email: christopher.nassar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

**George Jiang**
DOJ−USAO
110 W 7th Street
Suite 300
Tulsa, OK 74119
918−382−2764
Email: george.jiang@usdoj.gov
*TERMINATED: 08/30/2023*
*LEAD ATTORNEY*
*Designation: Government Attorney*
*(local,state,federal)*

**Reagan Vincent Reininger**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119−1013
918−382−2704
Fax: 918−560−7938
Email: reagan.reininger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/27/2021 | 1 | | COMPLAINT approved by Magistrate Judge Christine D Little by USA as to Cameron Kelly McAbee (1) (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/27/2021) |
| 07/27/2021 | 2 | | WARRANT Issued by Magistrate Judge Christine D Little as to Cameron Kelly McAbee (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/27/2021) Contains One or More Restricted PDFs |
| 07/28/2021 | 3 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Detention by USA as to Cameron Kelly McAbee (Nassar, Christopher) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 4 | | MOTION for Hearing (Re: 3 MOTION for Detention ) by USA as to Cameron Kelly McAbee (Nassar, Christopher) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 5 | | MINUTES of Proceedings – held before Magistrate Judge Susan E Huntsman: Initial Appearance held on 7/28/2021 , ruling on motion(s)/document(s): #4 granted, adding attorney Travis Don Horton for Cameron Kelly McAbee, setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/2/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne, Preliminary Hearing set for 8/2/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne), ordering defendant be detained as to Cameron Kelly McAbee (Re: 4 MOTION for Hearing ) (Court Reporter: C1) (sdc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 6 | | ORDER by Magistrate Judge Jodi F Jayne *setting Preliminary and Detention Hearings*, ordering defendant be detained as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 7 | | ORDER by Magistrate Judge Susan E Huntsman as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |
| 07/29/2021 | 8 | | WARRANT Returned Executed as to Cameron Kelly McAbee (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/29/2021) |
| 08/02/2021 | 9 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Detention Hearing held on 8/2/2021 , Preliminary Examination held on 8/2/2021 , setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/6/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne), ordering defendant be detained as to Cameron Kelly McAbee (Court Reporter: C1) (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 08/02/2021) |
| 08/02/2021 | 10 | | WAIVER of Preliminary Examination or Hearing by Cameron Kelly McAbee (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 08/02/2021) |
| 08/09/2021 | 11 | | MINUTE ORDER by Magistrate Judge Jodi F Jayne *resetting Detention Hearing*, setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/16/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 08/09/2021) |
| 08/16/2021 | 12 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Detention Hearing held on 8/16/2021 , ordering defendant be detained, ruling on motion(s)/document(s): #3 granted, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Re: 3 MOTION for Detention ) (Court Reporter: C1) (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 08/16/2021) |
| 08/17/2021 | 13 | | ORDER by Magistrate Judge Jodi F Jayne , ordering defendant be detained as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 08/17/2021) |
| 08/17/2021 | 14 | | DEFENDANT INFORMATION SHEET(S) by USA as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More |

| | | | Restricted PDFs |
|---|---|---|---|
| 08/17/2021 | 15 | | INDICTMENT by USA as to Cameron Kelly McAbee (1) count(s) 1, 2, 3, 4 (pll, Dpty Clk) (Entered: 08/18/2021) |
| 08/17/2021 | 16 | | SEALED UNREDACTED VERSION of Dkt # 15 per FRCrP 49.1(f) (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More Restricted PDFs |
| 08/18/2021 | 17 | | SUMMONS Issued by Court Clerk as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More Restricted PDFs |
| 08/18/2021 | 18 | | SCHEDULING ORDER by Chief Judge John F Heil, III *(initial)*, setting/resetting scheduling order date(s): ( Motions due by 9/7/2021, Pretrial Conference set for 9/28/2021 at 10:00 AM before Chief Judge John F Heil III, Jury Instructions, Voir Dire & Trial Briefs due by 10/8/2021, Jury Trial set for 10/18/2021 at 09:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) |
| 08/26/2021 | 19 | | MOTION for Protective Order by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 08/26/2021) |
| 08/26/2021 | 20 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Arraignment held on 8/26/2021 , ordering defendant be detained, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Court Reporter: C1) (tjc, Dpty Clk) (Entered: 08/26/2021) |
| 08/26/2021 | 21 | | Joint MOTION to Declare Case Complex by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 08/26/2021) |
| 08/27/2021 | 22 | | ORDER by Chief Judge John F Heil, III , ruling on motion(s)/document(s): #21 granted (Re: 21 Joint MOTION to Declare Case Complex ) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 23 | | SCHEDULING ORDER by Chief Judge John F Heil, III *(amended)*, setting/resetting scheduling order date(s): ( Motions due by 3/29/2022, Pretrial Conference set for 4/26/2022 at 10:00 AM before Chief Judge John F Heil III, Jury Instructions, Voir Dire & Trial Briefs due by 5/6/2022, Jury Trial set for 5/16/2022 at 09:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 24 | | MINUTE ORDER by Chief Judge John F Heil, III , referring motion(s) to Magistrate Jayne (Re: 19 MOTION for Protective Order ) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 25 | | ATTORNEY APPEARANCE *to Prosecute the Forfeiture Matter* by Reagan Vincent Reininger on behalf of USA [Note: Attorney Reagan Vincent Reininger added to party USA(pty:pla).] (Reininger, Reagan) (Entered: 08/27/2021) |
| 08/30/2021 | 26 | | ORDER by Magistrate Judge Christine D Little *(Protective Order)*, ruling on motion(s)/document(s): #19 granted (Re: 19 MOTION for Protective Order ) as to Cameron Kelly McAbee (sdc, Dpty Clk) (Entered: 08/30/2021) |
| 10/28/2021 | 27 | | NOTICE of Lis Pendens by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 10/28/2021) |

| 11/04/2021 | 28 | | BILL OF PARTICULARS by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 11/04/2021) |
|---|---|---|---|
| 12/01/2021 | 29 | | NOTICE Regarding Forfeiture by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 12/01/2021) |
| 03/15/2022 | 30 | | NOTICE Joint Report Regarding Status of Discovery by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 03/15/2022) |
| 03/29/2022 | 31 | | MINUTE ORDER by Chief Judge John F Heil, III *: Due to the Court's schedule*, setting/resetting scheduling order date(s): ( Pretrial Conference set for 4/28/2022 at 09:30 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 03/29/2022) |
| 04/22/2022 | 32 | | MINUTE ORDER by Chief Judge John F Heil, III *upon advice from counsel, defendant wishes to change his plea. A Change of Plea hearing is set for 5/5/2022 at 10:00 a.m. before Magistrate Judge Donald D. Bush in Courtroom 5. The pretrial set for 4/28/2022 before Judge Heil is hereby stricken*, setting/resetting change of plea hearing: ( Change of Plea Hearing set for 5/5/2022 at 10:00 AM before Magistrate Judge Donald D Bush) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (alg, Dpty Clk) (Entered: 04/22/2022) |
| 05/05/2022 | 33 | | MINUTES of Proceedings – held before Magistrate Judge Donald D Bush: Change of Plea Hearing held on 5/5/2022 , guilty plea entered, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Court Reporter: C5) (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 34 | | CONSENT by Defendant to Proceed before a Magistrate Judge for Change of Plea (in Felony case) approved by Magistrate Judge Donald D Bush as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 35 | | WAIVER of Right to Trial by Jury approved by Magistrate Judge Donald D Bush by Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 36 | | PETITION to Enter Plea of Guilty and ORDER Accepting Plea by Magistrate Judge Donald D Bush as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 37 | | PLEA AGREEMENT as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 38 | | SEALED PLEA SUPPLEMENT (alg, Dpty Clk) (Entered: 05/06/2022) Contains One or More Restricted PDFs |
| 06/14/2022 | 39 | | MOTION for Forfeiture *Order* by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 06/14/2022) |
| 06/15/2022 | 40 | | ORDER by Chief Judge John F Heil, III (OF FORFEITURE) , ruling on motion(s)/document(s): #39 granted, directing forfeiture of property/money (Re: 39 MOTION for Forfeiture *Order* ) as to Cameron Kelly McAbee (crp, Dpty Clk) Modified on 6/15/2022 to text in title of order (crp, Dpty Clk). (Entered: 06/15/2022) |
| 08/17/2022 | 41 | | |

| | | | |
|---|---|---|---|
| | | | AFFIDAVIT/CERTIFICATE/PROOF of Publication by USA as to Cameron Kelly McAbee (With attachments) (Reininger, Reagan) (Entered: 08/17/2022) |
| 01/12/2023 | 42 | | MOTION to Withdraw Attorney(s) *Travis D. Horton* by Cameron Kelly McAbee (Horton, Travis) (Entered: 01/12/2023) |
| 01/13/2023 | 43 | | ORDER by Chief Judge John F Heil, III *: granting defendant's motion*, ruling on motion(s)/document(s): #42 granted, adding attorney John Mikel Dunn for Cameron Kelly McAbee terminating attorney Travis Don Horton (Re: 42 MOTION to Withdraw Attorney(s) *Travis D. Horton* ) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 01/13/2023) |
| 04/19/2023 | 44 | | MINUTE ORDER by Chief Judge John F Heil, III *: Following disclosure of the presentence report*, setting/resetting sentencing: ( Sentencing set for 8/25/2023 at 10:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 04/19/2023) |
| 05/31/2023 | 45 | | SENTENCING MEMORANDUM as to Cameron Kelly McAbee (With attachments) (Dunn, John) (Entered: 05/31/2023) |
| 05/31/2023 | 46 | | OBJECTION to Presentence Investigation Report by Cameron Kelly McAbee (With attachments) (Dunn, John) (Entered: 05/31/2023) |
| 06/09/2023 | 47 | | ATTORNEY APPEARANCE by George Jiang on behalf of USA [Note: Attorney George Jiang added to party USA(pty:pla).] (Jiang, George) (Entered: 06/09/2023) |
| 06/13/2023 | 48 | | Amended SENTENCING MEMORANDUM as to Cameron Kelly McAbee (Dunn, John) (Entered: 06/13/2023) |
| 06/22/2023 | 49 | | ORDER by Chief Judge John F Heil, III *: setting sentencing deadlines*, setting/resetting sentencing: ( Sentencing set for 8/25/2023 at 10:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 06/22/2023) |
| 06/26/2023 | 50 | | OBJECTION to Presentence Investigation Report *daed June 14, 2023* by Cameron Kelly McAbee (Dunn, John) (Entered: 06/26/2023) |
| 07/14/2023 | 51 | | MOTION for Point/Level Reduction by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 07/14/2023) |
| 07/28/2023 | 52 | | SENTENCING MEMORANDUM by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 07/28/2023) |
| 08/25/2023 | 53 | | ATTORNEY APPEARANCE by Ashley Robert on behalf of USA [Note: Attorney Ashley Robert added to party USA(pty:pla).] (Robert, Ashley) (Entered: 08/25/2023) |
| 08/25/2023 | 54 | | MINUTES of Proceedings – held before Chief Judge John F Heil, III: Sentencing held on 8/25/2023 , ruling on motion(s)/document(s): #51 granted, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Re: 51 MOTION for Point/Level Reduction ) (Court Reporter: Laura Griffin) (pll, Dpty Clk) (Entered: 08/25/2023) |
| 08/28/2023 | 55 | | JUDGMENT AND COMMITMENT by Chief Judge John F Heil, III , entering judgment as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/28/2023) |

| 08/28/2023 | 56 | | NOTICE *of Final Order of Forfeiture* by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 08/28/2023) |
| 08/28/2023 | 57 | | NOTICE OF APPEAL to Circuit Court (Re: 55 Judgment and Commitment, Entering Judgment ) as to Cameron Kelly McAbee (Dunn, John) (Entered: 08/28/2023) |
| 08/29/2023 | 58 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (With attachments) (lmt, Dpty Clk) (Entered: 08/29/2023) |
| 08/29/2023 | 59 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 23−5097 (#57) (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (blc, Dpty Clk) (Entered: 08/29/2023) |
| 08/29/2023 | 60 | | MOTION to Withdraw Attorney(s) by USA as to Cameron Kelly McAbee (Jiang, George) (Entered: 08/29/2023) |
| 08/30/2023 | 61 | | MINUTE ORDER by Chief Judge John F Heil, III *: granting plaintiff's motion*, ruling on motion(s)/document(s): #60 granted, terminating attorney George Jiang (Re: 60 MOTION to Withdraw Attorney(s) ) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 08/30/2023) |
| 09/25/2023 | 62 | | DESIGNATION of Record on Appeal (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (blc, Dpty Clk) (Entered: 09/25/2023) |
| 09/25/2023 | 63 | | ORDER from Circuit Court *Transcript order form due 10/10/2023 for Laura L. Griffin* (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (blc, Dpty Clk) (blc, Dpty Clk). (Entered: 09/25/2023) |
| 09/26/2023 | 64 | | ORDER from Circuit Court *Transcript order form due 10/10/2023 for Laura L. Griffin* (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (blc, Dpty Clk) (Entered: 09/26/2023) |
| 10/12/2023 | 65 | | ORDER from Circuit Court *Transcript order form now due 10/23/2023 for Laura L. Griffin* (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (dla, Dpty Clk) (Entered: 10/12/2023) |
| 10/13/2023 | 66 | | TRANSCRIPT ORDER FORM *11/03/2023* (Transcripts ordered from Laura Griffin) (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (lg, Crt Rptr) (Entered: 10/13/2023) |
| 10/13/2023 | 67 | | ORDER from Circuit Court *Transcript due 11/06/2023 for Laura L. Griffin* (Re: 57 Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (dla, Dpty Clk) (Entered: 10/13/2023) |
| 10/26/2023 | 68 | | TRANSCRIPT of Proceedings (Unredacted) of Change of Plea held on 5−5−22 before Magistrate Judge Donald D Bush (Court Reporter: Laura Griffin 918−699−4879) (Pages: 1−25). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 33 Minutes of |

| | | |
|---|---|---|
| | | Change of Plea Hearing,, Guilty/Nolo Contendere Plea Entered,, Striking/Terminating Deadline(s)/Hearing(s), <u>57</u> Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (lg, Crt Rptr) (Entered: 10/26/2023) Contains One or More Restricted PDFs |
| 10/26/2023 | <u>69</u> | TRANSCRIPT of Proceedings (Unredacted) of Sentencing held on 8–25–23 before Chief Judge John F Heil, III (Court Reporter: Laura Griffin 918–699–4879) (Pages: 1–31). <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter.</span> (Re: <u>57</u> Notice of Appeal to Circuit Court, <u>54</u> Minutes of Sentencing,, Ruling on Motion(s)/Document(s),, Striking/Terminating Deadline(s)/Hearing(s), ) as to Cameron Kelly McAbee (lg, Crt Rptr) (Entered: 10/26/2023) Contains One or More Restricted PDFs |
| 10/26/2023 | <u>70</u> | LETTER re: Transcript(s) Filed, by Court Reporter Laura Griffin (Re: <u>57</u> Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (lg, Crt Rptr) (Entered: 10/26/2023) |
| 11/09/2023 | <u>71</u> | ORDER from Circuit Court *record on appeal due from district court by 11/30/2023* (Re: <u>57</u> Notice of Appeal to Circuit Court ) as to Cameron Kelly McAbee (lmt, Dpty Clk) (Entered: 11/09/2023) |

AO 91 (Rev. 08/09)  Criminal Complaint

F I L E D

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

JUL 27 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| | ) | Case No.  21·mj·529·COL |
| | ) | |
| CAMERON KELLY MCABEE | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 24, 2021 to July 26, 2021_____ in the county of _____Tulsa_____ in the Northern District of Oklahoma, the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
| --- | --- |
| 18 USC 2251(b) | Sexual Exploitation of a Child by a Parent |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Special Agent Brian S. Dean
_Printed name and title_

Sworn to ~~before me and signed in my presence~~. by telephone

Date: July 27, 2021

_____
_Judge's signature_

City and state: _____Tulsa, OK_____

Chris M Litle
United States Magistrate Judge
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF A COMPLAINT AND ARREST WARRANT

I, Brian S. Dean, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.       I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the
Oklahoma Safe Trails Task Force based in Tulsa, OK.  As a Special Agent, my duties include
investigating violations of federal criminal law and threats to national security.  In addition to
formalized training, I have received extensive training through my involvement in numerous
investigations working alongside experienced law enforcement officers at both the federal and
local level.  My investigations include, but are not limited to, drug and gang violations, violent
crimes, Indian Country violations, counterterrorism, computer intrusion, and crimes against
children.

2.       The facts and circumstances of this investigation set forth in this affidavit are
based on my personal observations, knowledge obtained from other law enforcement officers,
my review of documents related to this investigation, conversations with others who have
personal knowledge of the circumstances described herein, and a review of open-source
information.  This affidavit is submitted for the limited purpose of establishing probable cause
for the requested warrant, and therefore does include every fact I have learned during the course
of this investigation.

3.       Based on my training, research, experience, and the facts as set forth in this
affidavit, there is probable cause to believe that CAMERON KELLY MCABEE (DOB: XX-XX-
1990; SSN: XXX-XX-2633) has violated:

1

- 18 U.S.C. § 2251(b)
  - Sexual Exploitation of a Child by Parent or Guardian

18 U.S.C. 2251 provides in pertinent part:

- (b) Any parent, legal guardian, or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

It is therefore respectfully requested this Court issue a complaint and arrest warrant for

CAMERON KELLEY MCABEE.

## **DEFINITIONS**

4.      The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

      a.   the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

      b.   such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

      c.   such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct

5.      The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

2

6.      The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

7.      The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

8.      The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## BACKGROUND ON KIK INTERACTIVE, INC

9.      Kik Messenger ("Kik") is an instant messaging application for mobile devices and a facility of interstate and foreign commerce.  The application is available on most iOS, Android, and Windows phone operating systems free of charge. Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages. Kik allows users to share photographs, sketches, mobile web-pages, linked internet files and other content.

3

10.     Kik subscribers obtain an account by registering with Kik. During the registration process, Kik asks subscribers to provide basic personal information and to select a username. During this process, Kik registers the date, time, internet protocol (IP) address and device related information. The username is the only unique identifier used by Kik. According to the Kik Law Enforcement Guide, a Kik username is unique, can never be replicated and can never be changed.

## INVESTIGATIVE BACKGROUND

11.     On or about July 24, 2021, an FBI Online Covert Employee (OCE) had access to a Kik group that contained a user with a unique display name and username, referred to herein as DISPLAY NAME 1 and USERNAME 1. The operator the account associated with DISPLAY NAME 1 and USERNAME 1 posted an image into the group containing child sexual abuse material (CSAM).  The OCE reviewed the image posted by USERNAME 1 and determined the image depicted the sexual exploitation of a minor[1] as defined by federal law.  Specifically, on or about July 24, 2021, USERNAME 1 posted an image depicting a nude, prepubescent[2] minor female who appeared to be lying down on white colored sheet and pink colored blanket.  The minor female's vagina was visible to the camera, but the minor's face was not visible. Furthermore, the image appeared to be a "live" image taken just prior to the image being posted in the group.

12.     Based on the OCE's knowledge, training, and experience, the OCE knows that when a Kik user sends a "live" image, the word "Camera" is displayed below the image thus

---

[1] 18 U.S.C. § 2252 prohibits certain acts, such as possession and distribution, of visual depictions of a minor, that is, a person under the age of 18, engaged in sexually explicit conduct. 18 U.S.C. § 2256(2)(A) defines explicit conduct," and includes sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the generals or pubic area.
[2] Descriptions of persons as "prepubescent" in this affidavit are based on law enforcement's visual assessment of the person(s) depicted in the material, including their training and experience and looking for visual indicators such as sexual development, body size, and pubic hair.

4

identifying that the image was taken with the camera of the device from within the Kik

application. In other situations, Kik users can choose to send images that are already stored on

their device instead of taking a "live" image, and these types of images will not display the word

"Camera" below the image. Additionally, the OCE knows Kik users often send these "live"

images to verify that the images were taken in the moments prior to the image being sent. Based

on this information, the OCE believes the Kik user USERNAME 1 captured the image of the

prepubescent minor female using his device just prior to posting the image therefore showing

that he had access to the minor female child.

13.    Additionally, on or about July 24, 2021, USERNAME 1 posted two other images

of a different nude female into the group. The female's face is not visible and the OCE could not

determine the age of the female. The female appeared to have a tattoo under one of her breasts

that read "never give up".

14.    Prior to the posts on or about July 24, 2021, the OCE had communicated with

USERNAME 1 via Kik private messages (PMs) from on or about July 13, 2021, through on or

about July 26, 2021. The Kik user USERNAME 1 was an administrator of a Kik group and

requested the OCE verify with him to remain in the group. The OCE verified with USERNAME

1 and then began communicating with him via Kik PMs.

15.    On or about July 13, 2021, the Kik user USERNAME 1 sent the OCE an image of

a minor female who he purported to be his 4-year-old daughter. The image depicted a

prepubescent minor female wearing a dark colored shirt, light colored shorts, and boots with

sparkles. The minor female was also holding onto a small dog with her arm.

16.    On or about July 26, 2021, the FBI obtained subscriber identification records from

Kik for the username USERNAME 1 Kik's response included the following:

5

(A) First Name: DISPLAY NAME 1
(B) Last Name: DISPLAY NAME 1
(C) Email: USERNAME 1@gmail.com
(D) Username: USERNAME 1
(E) In addition to the subscriber information, Kik provided information related to the type of device USERNAME 1 used to access the account, which was an Apple iPhone.

17.     Furthermore, the Kik records identified the IP addresses which were used to access the account from June 26, 2021, through July 26, 2021.  A review of the IP address logs revealed hundreds of logins to the account from the IP Address 98.184.137.236 ("Subject IP Address") during the aforementioned dates.

18.     Through open-source research, the FBI determined that the Subject IP Address resolved to the internet service provider Cox Communications, Inc. ("Cox").  In response to an emergency disclosure request, Cox provided subscriber records and IP lease history for the Subject IP Address, which listed the below information:

(A) Name: Coutney Mcabee

(B) Address:  2412 W Vicksburg St Broken Arrow, OK 74011

(C) Home Phone: 918-704-7436

(D) Work Phone: 918-232-8772

(E) Lease Records:

    i.  Start (GMT): 2021-06-04 20:55:30

    ii.  End (GMT): 2021-07-27 11:38:22

19.     Through a search of law enforcement databases, the FBI identified that an individual named COURTNEY ELIZABETH MCABEE (COURTNEY), with date of birth 9/1/1993, was associated with the address 2412 W Vicksburg St Broken Arrow, OK 74011.  In

6

addition to COURTNEY, the FBI also identified CAMERON KELLY MCABEE (CAMERON),

date of birth 1/2/1990, as being associated with the residence

20.    Additional open-source research identified a Facebook account associated with

COURTNEY. Through a review of the Facebook account, Agents identified a picture of a

prepubescent minor female who appeared to match the description of the minor female in the

image received by the OCE from the Kik user USERNAME 1.

21.    On July 26, 2021, the Broken Arrow Police Department provided current utility

billing records for the residence located at 2412 W. Vicksburg St., Broken Arrow, OK. The

name on the utility account was COURTNEY. Oklahoma State Court Network (OSCN) records

also indicated COURTNEY had filed for divorce from CAMERON back in 2019. The petition

for dissolution of marriage indicated the couple shared a minor child born in February 2018.

22.    On July 26, 2021, Agents executed federal search warrant 21-MJ-524-SH, signed

in the Northern District of Oklahoma, at CAMERON and COURTNEY's residence located at

2412 W. Vicksburg St., Broken Arrow, OK. Law enforcement officers affected a probable cause

arrest of CAMERON KELLY MCABEE and subsequently transported him to the Broken Arrow

Police Department to be interviewed. During a post-Miranda interview which was audio

recorded, CAMERON made several incriminating statements, including but not limited to:

- CAMERON confirmed he was active on Kik and had been for approximately two
  years. He said his username was USERNAME 1, his display name was
  DISPLAY NAME 1, and he was in an administrative role for multiple chat
  groups, to include one specifically designed for the sharing of images and videos
  of the alleged daughters of the group members.

- CAMERON said as a member of this group, he had traded numerous images
  which would constitute as child pornography, to include images of his three-year-
  old daughter. Specifically CAMERON admitted to taking the nude photo of his
  daughter which he shared with the OCE in her bedroom, which is located within
  the Northern District of Oklahoma.

7

o CAMERON said he used his Apple Iphone, black in color, to access his Kik account, take and share photographs, and store his collection of images constituting as child pornography.

## CONCLUSION

23.     Based on the above aforementioned facts and circumstances, there is probable

cause to believe CAMERON KELLY MCABEE (DOB: XX-XX-1990; SSN: XXX-XX-2633)

has violated:

- 18 U.S.C. § 2251(b)
  - Sexual Exploitation of a Child by Parent or Guardian

It is therefore respectfully requested this Court issue a complaint and arrest warrant for

CAMERON KELLY MCABEE.


Respectfully Submitted,


Brian S. Dean
Special Agent
Federal Bureau of Investigation


SUBSCRIBED TO AND SWORN TO ~~before me~~ by telephone this 27th day of July 2021


Honorable Christine O Little
U-S Magistrate Judge

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

United States of America

Plaintiff(s),

vs.

Cameron Kelly McAbee

Defendant(s).

Case No.:4:21-mj-529-CDL

Criminal Information Sheet

Date: ___7/28/2021___                              Interpreter: Yes ☐   No ☒

Magistrate Judge Huntsman          Deputy Dusty Gross          USPO M. Sinaka
Date of Arrest: ___7/28/2021___   Arrested By: _____   ☒ Detention Requested by AUSA
Bail Recommendation:              ☐ Unsecured

**Additional Conditions of Release:**

| | | |
|---|---|---|
| ☐ a. ☐ b. _____ | ☐ l ☐ m ☐ n ☐ o ☐ p ☐ q ☐ r ☐ s | |
| ☐ c. ☐ d.. _____ | ☐ t (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6, ☐ 7) | |
| ☐ e. _____ | ☐ u (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6 ☐ 7) | |
| ☐ f. ☐ g. ☐ h. ☐ i. ☐ j. | ☐ v (☐ 1, ☐ 2, ☐ 3, ☐ 4, ☐ 5, ☐ 6, ☐ 7, ☐ 8, ☐ 9, ☐ 10) | |
| ☐ k.(☐ ii, ☐ ii, ☐ iii) | ☐ w (☐ 1, ☐ 2) ☐ X. (other) _____ | |

Defendant Requests Federal Public Defender/Ct. Appt. Counsel:   Yes  x   No
Defendant's Attorney: Travis Horton ☐ FPD;   ☐ Ct. Appt;   ☒ Ret Counsel
AUSA:   Chris Nassar

**MINUTES:**

Interpreter: _____ ; ☐ Sworn

☒ Defendant appears ~~in person~~ By video for IA on: ☐ Indictment; ☐ Information; ☒ Complaint; ☐ Petition; ☐ Rule 5
          with: ☒ Ret Counsel; ☐ FPD; ☐ Ct. Appt; ☐ w/o Counsel
☐ Financial Affidavit received and FPD/CJA appointed; ☐ Present ☐ Not Present
Defendant's name **as reflected in the indictment/information/complaint/petition/Rule 5** is the true and correct legal name:
     ☒ Verified in open court
     ☐ Corrected by interlineation to _____
          to reflect Defendant's true and correct name and all previous filings are amended by interlineation to reflect same.
     ☐ Unable to verify in open court: ☐ U.S. Atty. to verify & advise court; ☐ Defendant's Attorney to verify & advise court;
Waivers executed and filed:   ☐ of Indictment; ☐ of Preliminary Exam; ☐ of Detention Hearing; ☐ of Rule 5 Hearings
☐ Bond set for _____; Bond and conditions of release executed
☐ Government's Motion for Detention and Detention Hearing filed in open court
☐ Arraignment held and Defendant pleads Not Guilty; Court accepts plea; ☐ Scheduling dates to be mailed to counsel
☐ Initial Appearance continued to: _____ at _____ a.m./p.m.
☐ Arraignment scheduled: _____ at _____ a.m./p.m.
☒ Detention Hearing scheduled: 8/2/2021 (in person) at 2:00 a.m./p.m.
☒ Preliminary Exam scheduled: 8/2/2021 (in person) at 2:00 a.m./p.m.
☒ Defendant remanded to custody of U.S. Marshal: ☒ Pending further proceeding; ☐ Pending release on bond for treatment
Mot. for Detention # 3 : ☐ Granted; ☐ Denied; ☐ Moot   Mot. for Hearing # 4 : ☒ Granted; ☐ Denied; ☐ Moot

Additional Minutes: _____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

Plaintiff,

vs.

Case No.: 21-mj-00529-CDL-1

**ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT**

Cameron Kelly McAbee ,

Defendant(s).

Upon motion of the United States of America, it is **ORDERED** that a detention hearing/preliminary hearing is:

Set on: 8/2/2021

At: 2:00 pm

Before: ~~Susan E. Huntsman~~, U.S. Magistrate Judge
Jodi F. Jayne

The detention hearing will be held in magistrate courtroom #1 on the 3rd floor of the United States Courthouse, 333 West Fourth Street, Tulsa, OK, 74103. Pending this hearing, Defendant shall be held in custody by the United States Marshal. The United States Marshal shall produce Defendant at the above-described hearing.

Date: 7/28/2021

Susan E. Huntsman, U.S. Magistrate Judge

Temporary Order of Detention Pending Detention Hearing

(AO-470 Modified 6/2020)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | Case No.: 21-mj-00529-CDL-1 |
| vs. | | |
| | | **ORDER: RULE 5 "BRADY"** |
| Cameron Kelly McAbee , | | **DISCLOSURE** |
| | Defendant(s). | |

As required by Fed. R. Crim. P. 5(f)(1) and N.D. Okla. General Order 21-01, the Court confirms the disclosure obligation of the prosecutor under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, and orders the United States to comply with that obligation in this case. Failure to timely comply may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

IT IS SO ORDERED this 28th day of July, 2021.

Susan E. Huntsman, U.S. Magistrate Judge

AO 442 (Rev. 10/13) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

2021 JUL 28 AM 8: 44

United States of America )
v. )
)
CAMERON KELLY MCABEE )
Defendant )
)

Case No. 21-mj-529-CDL

**FILED**

## ARREST WARRANT

JUL 2 8 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  CAMERON KELLY MCABEE
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

**18 USC 2251(b)**          **Sexual Exploitation of a Child by a Parent**

Date: July 27 2021 @ 4:38 p.m.

_____
Issuing officer's signature

Christine D Little
United States Magistrate Judge
Printed name and title

City and state:   Tulsa, Oklahoma

| Return |
|---|
| This warrant was received on *(date)* July 27, 2021, and the person was arrested on *(date)* July 26, 2021 |
| At *(city and state)*   Broken Arrow, OK |
| Date:  7/28/2021 |

_____
Arresting officer's signature

Jared Benver, Special Agent
FBI
Printed name and title

AUSA/la

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

Plaintiff,

vs.

Cameron Kelly McAbee ,

Defendant(s).

Case No.:   21-mj-00529-CDL
Date:   8/2/2021
Court Time: 2:30pm - 2:32pm

**MINUTE SHEET – DETENTION AND/OR PRELIMINARY HEARING**

Jodi F. Jayne, U.S. Magistrate Judge       S. Cope, Deputy Clerk       Magistrate Courtroom 1

Interpreter: _____ ☐ Sworn

Counsel for Plaintiff:   Christopher Jordon Nassar

Counsel for Defendant: Travis Don Horton                Ret.

Case called for:   ☑ Detention Hearing,   ☑ Preliminary Hearing;

☑ Defendant appears in custody with counsel; by video

Defendant waives:   ☑ Preliminary Hearing  ☐ Detention Hearing, waiver(s) executed;

☐ Government withdraws their Motion for Detention # _____ ;

☐ Defense counsel stipulates there is probable cause;

☐ Proffer(s) made;

☐ Witness(es) sworn and testimony given;

☐ Arguments heard;

☐ Court Finds Probable Cause;

Motion for Detention (Dkt #   3   ):   ☐ granted,  ☐ denied,  ☐ moot;

☐ Court finds there are conditions which defendant can be released; Defendant ordered released;

☐ Bond set at _____ Bond and Conditions of Release executed;

☑ Defendant detained and remanded to custody of U.S. Marshal,   ☐ Detention Order to be entered;

☐ Exhibit(s) returned to counsel.

Additional Minutes:

Detention Hearing Continued to 8/6/21 @ 2:00pm in person

Government's Witnesses: _____

_____

_____

_____

Defendant's Witnesses: _____

_____

_____

Government's Exhibits: _____

_____

_____

Defendant's Exhibits: _____

_____

_____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

Plaintiff,

vs.

Cameron Kelly McAbee ,

Defendant(s).

Case No.: 21-mj-00529-CDL

**WAIVER OF A PRELIMINARY HEARING**

I understand that I have been charged with an offense in a criminal complaint filed in this court, or charged with violating the terms of probation or supervised release in a petition filed in this court. A magistrate judge has informed me of my right to a preliminary hearing under Fed. R. Crim. P. 5.1, or to a preliminary hearing under Fed. R. Crim. P. 32.1.

I agree to waive my right to a preliminary hearing under Fed. R. Crim. P. 5.1 or Fed. R. Crim. P. 32.1.

Date: 8/2/2021

_Oral Consent_
Defendant

_Oral Consent_
Attorney for Defendant

```
MIME-Version:1.0
From:CM-ECFMail_OKND@oknd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Travis Don Horton (thorton@swabstall.com), Christopher Jordon Nassar
(caseview.ecf@usdoj.gov, christopher.nassar@usdoj.gov, cristan.webb@usdoj.gov), Magistrate
Judge Christine D Little (cdlintake_oknd@oknd.uscourts.gov)
--Non Case Participants: Probation Presentence Investigation Unit
(intakepsr_oknp@oknd.uscourts.gov), United States Marshal (okn.usms.ops@usdoj.gov)
--No Notice Sent:

Message-Id:2567599@oknd.uscourts.gov
Subject:Activity in OKND case 4:21-mj-00529-CDL USA v. McAbee - Order
```
Content−Type: text/html

## U.S. District Court

### U.S. District Court for the Northern District of Oklahoma

## Notice of Electronic Filing

The following transaction was entered on 8/9/2021 at 10:58 AM CDT and filed on 8/9/2021

**Case Name:**      USA v. McAbee

**Case Number:**      4:21−mj−00529−CDL

**Filer:**

**Document Number:** 11(No document attached)

**Docket Text:**
**MINUTE ORDER by Magistrate Judge Jodi F Jayne *resetting Detention Hearing*, setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/16/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne) as to Cameron Kelly McAbee (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk)**

**4:21−mj−00529−CDL−1 Notice has been electronically mailed to:**

Christopher Jordon Nassar &nbsp &nbsp christopher.nassar@usdoj.gov, caseview.ecf@usdoj.gov, cristan.webb@usdoj.gov

Travis Don Horton &nbsp &nbsp thorton@swabstall.com

**4:21−mj−00529−CDL−1 Notice has not been electronically mailed to:**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | Case No.:   21-mj-00529-CDL |
| vs. | | Date:        8/16/2021 |
| | | Court Time: 3:33pm – 3:34pm |
| Cameron Kelly McAbee, | | |
| | Defendant(s). | **MINUTE SHEET – DETENTION AND/OR PRELIMINARY HEARING** |

Jodi F. Jayne, U.S. Magistrate Judge          S. Cope, Deputy Clerk          Magistrate Courtroom 1

Interpreter: _____ ☐ Sworn

Counsel for Plaintiff:  Chris Nassar

Counsel for Defendant: Travis Don Horton _____ Ret. _____

Case called for:      ☑ Detention Hearing,      Preliminary Hearing;

☑ Defendant appears in custody with counsel; by video

Defendant waives:      ☐ Preliminary Hearing ☐ Detention Hearing, waiver(s) executed;

☐ Government withdraws their Motion for Detention # _____;

☐ Defense counsel stipulates there is probable cause;

☑ Proffer(s) made;

☐ Witness(es) sworn and testimony given;

☑ Arguments heard;

☐ Court Finds Probable Cause;

Motion for Detention (Dkt # 3   ):      ☑ granted,  ☐ denied,  ☐ moot;

☐ Court finds there are conditions which defendant can be released; Defendant ordered released;

☐ Bond set at _____ Bond and Conditions of Release executed;

☑ Defendant detained and remanded to custody of U.S. Marshal,      ☑ Detention Order to be entered;

☐ Exhibit(s) returned to counsel.

Additional Minutes:

_____

_____

| Government's Witnesses: | Defendant's Witnesses: |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| **Government's Exhibits:** | **Defendant's Exhibits:** |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Cameron Kelly McAbee | ) | Case No.    21-MJ-529-CDL |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), and/or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

❑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❑ Prior criminal history
❑ Participation in criminal activity while on probation, parole, or supervision
❑ History of violence or use of weapons
❑ History of alcohol or substance abuse
❑ Lack of stable employment
❑ Lack of stable residence
❑ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The nature and circumstances of the offense (sexual exploitation of a child by a parent) include allegations of Defendant's sharing of a nude picure of his 3-year old daughter and his administration of a "Kik" group devoted to child pornography and specifially fathers and their daughters.  Defendant admitted to taking and sharing pornogrpahic images of his three year old daughter, and agents found over 100 pornographic images of his daughter on his personal cell phone.  The United States also presented an exhibit showing chats discussing Defendant's predilection for violent sexual conduct toward children, and installation of hidden cameras in his home to film his child and others nude.  Even with Defendant's own child removed, the Untied States has shown Defendant poses a serious danger to other children in the community that cannot be controlled with conditions.   Although this Defendant has no criminal history and a proposed residence with his father or grandmother, all other factors strongly warrant detention.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        08/17/2021

_United States Magistrate Judge_

FILED

AUG 1 7 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **21 CR 36 1 JFH** |
| Plaintiff, | **INDICTMENT** |
| | [COUNT ONE: 18 U.S.C. §§ 2252A(g)(2) and (g)(1) – Child Exploitation Enterprise; |
| v. | COUNT TWO: 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a Child by a Parent; |
| CAMERON KELLY MCABEE, | COUNT THREE: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and Distribution of Child Pornography; |
| Defendant. | COUNT FOUR: 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) – Possession of Child Pornography in Indian Country; |
| | Forfeiture Allegation: 18 U.S.C. § 2253 –Child Exploitation Forfeiture] |

**THE GRAND JURY CHARGES:**

### COUNT ONE
### [18 U.S.C. §§ 2252A (g)(2) and (g)(1)]

From on or about July 1, 2019 to on or about July 26, 2021 in the Northern

District of Oklahoma and elsewhere, the defendant, **CAMERON KELLY**

**MCABEE**, engaged in a child exploitation enterprise, that is, the defendant violated

Chapter 110 of Title 18 of the United States Code as part of a series of felony

violations constituting three or more separate incidents and involving more than one

victim – specifically, the offenses described in Counts Two through Four of this

Indictment, incorporated herein – and committed those offenses in concert with three or more persons.

All in violation of Title 18, United States Code, Sections 2252A (g)(2) and (g)(1).

2

## COUNT TWO
### [18 U.S.C. §§ 2251(b) and 2251(e)]

From on or about July 1, 2019 to on or about July 26, 2021, in the Northern District of Oklahoma, the defendant, **CAMERON KELLY MCABEE**, being the parent, legal guardian, and person having custody and control of the minor victim, did knowingly permit the minor victim to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct. Such depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular phone, and were mailed, transported and transmitted using a means and facility of interstate and foreign commerce and in or affecting interstate commerce, including by computer and cellular phone.

All in violation of Title 18, United States Code, Sections 2251(b) and 2251(e).

## COUNT THREE
### [18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)]

From on or about July 1, 2019 to on or about July 26, 2021, in the Northern District of Oklahoma, the defendant, **CAMERON KELLY MCABEE**, knowingly received and distributed visual depictions of a minor engaging in sexually explicit conduct in one or more image files and video files, using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials that had been so shipped and transported, by any means including by computer. The production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

4

## COUNT FOUR
### [18 U.S.C. §§ 1151, 2252(a)(4)(A), and 2252(b)(2)]

From on or about July 1, 2019 to on or about July 26, 2021, within Indian

Country in the Northern District of Oklahoma, the defendant, **CAMERON KELLY**

**MCABEE**, knowingly possessed and knowingly accessed with intent to view visual

depictions of a minor engaging in sexually explicit conduct in one or more image

files and video files. The production of the visual depictions involved the use of at

least one prepubescent minor and a minor who had not attained 12 years of age

engaging in sexually explicit conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(4) and

2252(b)(2).

5

## FORFEITURE ALLEGATION
### [18 U.S.C. § 2253]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

Upon conviction of the offenses alleged in this Indictment, as a part of his sentence, the defendant, **CAMERON KELLY MCABEE**, shall forfeit to the United States, any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law. The property to be forfeited includes, but is not limited to:

**REAL PROPERTY**

The real property commonly known as 2412 West Vicksburg Street, Broken Arrow, Oklahoma, more particularly described as Lot 17, Block 1, Aspen Park, Tulsa County, Oklahoma; and

**ELECTRONICS**

Any computers, laptops, cellular phones, cameras, and all peripheral equipment.

All pursuant to Title 18, United States Code, Section 22553.

CLINTON J. JOHNSON                         A TRUE BILL
Acting United States Attorney


_____            _/s/ Grand Jury Foreperson_____
CHRISTOPHER J. NASSAR                       Grand Jury Foreperson
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  21-CR-00361-JFH** |
| | ) | |
| **CAMERON KELLY MCABEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION FOR PROTECTIVE ORDER</u>

The United States of America, by and through its attorneys, Clinton J. Johnson, Acting United States Attorney for the Northern District of Oklahoma, and Christopher J. Nassar, Assistant United States Attorney, moves the Court to enter a Protective Order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and video and audio recordings, and in support thereof states as follows:

1.      Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney consulted with counsel for the Defendant, CAMERON KELLY MCABEE regarding his position in reference to this motion and he has no objection to the government's motion.

2.      Discovery in this investigation consists primarily of audio and video recordings, image files, documents, phone extractions, and other messages involving identifying information of minors and other witnesses.

3.      In order to protect the personally identifiable information of the minor victims and other witnesses, a protective order should be entered for all documents provided to the Defendant, requiring that Defendant shall:

      a.      not disseminate the recordings, transcripts, and other investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph c;

      b.      not show the transcripts and other investigative materials provided pursuant to discovery to anyone other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

      c.      not reproduce the documents, transcripts and other investigative materials for dissemination individuals other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

4.      Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

5.      All discovery production will still be subject to the restrictions on discovery containing child sexual abuse material found in 18 U.S.C. 3509(m)

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials to include, but not be limited

to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, law enforcement reports, digital discovery, interviews, documents, and cell phone extractions generated through the criminal investigation.

Respectfully submitted,
CLINTON J. JOHNSON
Acting United States Attorney


*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA No.31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700


## Certificate of Service

I hereby certify that on the 25th day of August 2021, I electronically submitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Travis D. Horton
*Counsel for Defendant*


*/s/ Christopher J. Nassar*
Christopher J. Nassar
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                                        Plaintiff,        Case No.:    21-cr-00361-JFH
vs.                                                        Date:        8/26/2021
                                                           Court Time:  2:00 p.m.

Cameron Kelly McAbee ,

                                        Defendant(s).      **MINUTE SHEET – ARRAIGNMENT**

Jodi F. Jayne, U.S. Magistrate Judge        S. Cope, Deputy Clerk            Magistrate Courtroom 1

Counsel for Plaintiff:    Christopher Jordon Nassar

Counsel for Defendant:  Travis Don Horton_____ , Ret.

Interpreter: _____        ☐ sworn

Defendant appears ~~in person~~ for Arraignment on:  ☒ Indictment;   ☐ Information;   ☐ Complaint;

                *by video*   ☑ with Counsel;   ☐ Counsel waived;   ☐ w/o Counsel;

☑ Defendant acknowledges receipt of  Indictment        Indictment:  ☐ Read;   ☑ Reading waived;

☑ Defendant advised of charge;

Defendant's name as reflected in the    Indictment;
      ☑ Verified in open court as the true and correct legal name
      ☐ Corrected by interlineation to _____
        to reflect Defendant's true and correct legal name and all previous filings are amended by interlineation to reflect same.
      ☐ Unable to verify in open court as the true and correct legal name: ☐ U.S. Attorney; ☐ Deft's Att. to verify and advise court;

☑ Arraignment held and Defendant pleads Not Guilty; Court accepts plea      ☑ Schedule to be entered;

Defendant waives:   ☐ Indictment;   ☐ Detention Hearing;   ☐ Separate Representation   ☐ Waivers approved by Court;

☐ Arraignment continued to: _____ at _____

☐ Detention Hearing scheduled: _____ at _____

☐ Defendant allowed to stand on present bond;        ☐ Government stipulates, findings made

☑ Defendant remanded to custody of U.S. Marshal

**Additional Minutes:**_____

_____

_____

_____

_____

_____

_____

Minute Sheet - Arraignment                                              (CR-01f 6/2021)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| )| |
| **Plaintiff,**   ) | |
| **vs.**   ) | **Case No. 21-CR-361-JFH** |
| ) | |
| **CAMERON KELLY MCABEE,**   ) | |
| ) | |
| ) | |
| **Defendant.**   ) | |

**JOINT MOTION REQUESTING THE COURT
DECLARE CASE A COMPLEX MATTER PURSUANT TO
<u>18 U.S.C. § 3161(h)(7)(B)(ii)</u>**

The United States, by and through Assistant United States Attorney Christopher J. Nassar, and Defendant Cameron Kelly McAbee by and through his attorney, Travis D. Horton, move the Court to find the captioned case is a complex case which will require extended litigation under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), to continue the jury trial to May 2022 trial term, and to extend the corresponding dates set forth in the Court's scheduling order (Dkt # 18). In support of the motion, the parties would show the Court:

1.  Defendant McAbee was arrested by the FBI on July 26, 2021 after a short reactive investigation that occurred in response to information uncovered by an undercover officer in an online chat room.

2.  Defendant McAbee was indicted on federal charges by the next available Grand Jury on August 18, 2021. He made his initial appearance, was arraigned, and received appointed counsel on August 2, 2021. Defendant remains detained pending trial.

1

3.  The four-count indictment alleges violations of: (1) 18 U.S.C. §§ 2252A(g)(2) and (g)(1) – Child Exploitation Enterprise, with a penalty of not less than 20 years imprisonment or more than life imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a Child by a Parent, with a penalty of not less than 15 years imprisonment or more than 30 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and Distribution of Child Pornography with a penalty of not less than 5 years imprisonment or more than 20 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release; and 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) – Possession of Child Pornography in Indian Country with a penalty of not more than 20 years imprisonment, a fine not to exceed $250,000, not less than 5 years or more than life supervised release.

4.  Initial discovery, consisting of just a limited amount of chatroom conversations collected by the undercover officer and that had been sanitized of child sexual abuse material (CSAM), was produced to defense on August 5, 2021.

Dozens of electronic devices consisting of phones, computers, hard drives, flash drives, and numerous homemade hidden cameras containing SD cards were seized by agents during search warrants and are pending review. Agents know from the investigation that these cameras were emplaced for the purposes of capturing CSAM. It is also known that not all the cameras constructed by Defendant have been discovered by law enforcement. Not only will the forensic review of the conventional electronic

2

devices take a significant amount of time, but special considerations must also be taken in forensically examining the homemade cameras to ensure data is not accidently destroyed. Agents then must visually review potentially thousands of hours of video footage captured by the cameras for CSAM. Additionally, much of this offense took part in online chatrooms with as many as 18 coconspirators.

Agents and government attorneys must conduct extensive follow up investigation and legal process into the multiple online chatrooms, review the data, and then identify and arrest coconspirators. Multiple FBI field offices and foreign law enforcement agencies are taking part in the investigation and collecting discovery from all involved investigators is expected to take months, especially from investigators overseas. Follow-up interviews with other potential child victims of both Defendant and coconspirators are also pending. Lastly, any digital discovery CSAM cannot be produced to Defense counsel pursuant to 18 USC 3509(m) and must be reviewed at the FBI offices. It is expected that there will be gigabytes worth of digital discovery containing CSAM.

Accordingly, the parties cannot conduct an adequate investigation, process and produce forthcoming discovery, and prepare for trial within the constraints of the Speedy Trial Act.

5. The charges facing Defendant are not only serious, but the child exploitation enterprise charge is a relatively rarely charged statute and carries a penalty of 20 years to life imprisonment. Due to the nature of the offenses charged, the large punitive exposure to Defendant, and the novel nature of the lead charge, Counsel of both parties will need

3

time beyond that allowed by the Speedy Trial Act to complete reviewing the evidence, conduct legal research, consider appropriate motions, and prepare for trial.

6. The parties agree this is not a typical case in federal district court. The Speedy Trial Act contains provisions which address the atypical, complex case based on the quantity or nature of discovery and the complexity of the case. Title 18 U.S.C. § 3161(h)(7)(B)(ii) states:

> i. (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> 1. (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

For the reasons set forth above, Counsel believes this case to be an unusual and complex matter.

7. Defendant has executed a Speedy Trial Waiver which is being filed contemporaneously herewith.

4

WHEREFORE, the United States and Defendant jointly request the Court find this case to be complex within the meaning of the Speedy Trial Act and continue the jury trial to the May 2022 jury trial term, and to extend the corresponding dates set forth in the Court's scheduling order (Dkt # 18).

Respectfully submitted,

CLINTON J. JOHNSON
Acting United States Attorney

*/s/ Christopher J. Nassar*
CHRISTOPHER J. NASSAR, OBA# 31167
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2021, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF System for filing and notification

was sent to the following recipient:

Travis Don Horton

/s/ Christopher J. Nassar
Christopher J. Nassar
Assistant United States Attorney

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-361-JFH** |
| **CAMERON KELLY McABEE,** | |
| **Defendant.** | |

### ORDER DECLARING CASE COMPLEX AND CONTINUING JURY TRIAL

Before the Court is the Joint Motion Requesting the Court Declare Case a Complex Matter Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) ("Motion") filed by the United States of America and Defendant Cameron Kelly McAbee ("Defendant").  Dkt. No. 21.  For the reasons set forth, the Motion [Dkt. No. 21] is **GRANTED.**

The Indictment in this case charged Defendant with child exploitation enterprise in violation of 18 U.S.C. §§ 2252A(g)(2) and (g)(1); sexual exploitation of a child by a parent in violation of 18 U.S.C. §§ 2251(b) and 2251(e)' receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and possession of child pornography in Indian Country in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2).  Dkt. No. 15.

The parties inform the Court that discovery in this case is complex.  Dkt. No. 21 at ¶ 4. Dozens of electronic devices have been seized that still need to be reviewed and the review process will take a significant amount of time.  *See id.*  Further, agents and the government attorneys must conduct extensive follow up investigation into multiple online chatrooms, review the data and identify and arrest co-conspirators.  *See id.*

For the reasons set forth in the Motion, including those noted herein, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect

adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161.  The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendant in a speedy trial.  Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

**IT IS THEREFORE ORDERED** that the Joint Motion Requesting the Court Declare Case a Complex Matter Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) [Dkt. No. 21] is **GRANTED.** An Amended Scheduling Order will be issued by the Court.

**IT IS SO ORDERED** this 27th day of August, 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    Case No. 21-CR-361-JFH

CAMERON KELLY MCABEE,

      Defendant.

### Bill of Particulars for Forfeiture of Property

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States hereby provides notice that the following assets are subject to forfeiture on the basis of the forfeiture allegations set forth in the Indictment filed in the above-styled criminal case (Doc. 15).  The Indictment provides notice that, upon conviction of the charges, as part of his sentence, the defendant shall forfeit any property used, or intended to be used, in any manner or part, to commit, or to facilitate the conspiracy.  Pursuant to this Bill of Particulars, the United States provides notice that upon conviction, certain specific property is subject to forfeiture, including, but not limited to:

**Real Property**

1.    Real property commonly known as 2412 West Vicksburg Street, Broken Arrow, Tulsa County, Oklahoma, more particularly described as follows, to-wit:

> All that lot and parcel of land, together with all buildings, appurtenances, improvements fixtures, attachments, and easements thereon, and all rights appertaining thereto, located at 2412 West Vicksburg Street, Broken Arrow, Tulsa County,

Oklahoma more particularly described as Lot 17, Block 1, Aspen Park, Tulsa County, Oklahoma.

**Electronics**

2.      Nine assorted cameras and accessories;

3.      Four USB charger cameras;

4.      Outlet camera with 32GB SD card;

5.      Black pen with hidden camera;

6.      Two Bluetooth speakers with cameras;

7.      Four black alarm clocks with cameras, assorted SD cards, and accessories;

8.      One white iPad in black case, Model A1566, serial number DMPS882HHGSG;

9.      Cox router serial number 335930041025105994;

10.     One blue Samsung portable SSD T5, serial number S3UJNKOJ706342T;

11.     One silver Apple iPhone IMEI: 356716110181113;

12.     One silver Dell laptop Model P936 serial number DPBQGT2;

13.     One black iPhone in pink case with stars; IMEI unknown;

14.     One black Apple watch; serial number unknown;

15.     One Dell laptop, Model RTL8821CE, serial number KANRCVOSU66543D with cord;

16.     White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

17.     One white Motorola baby monitor with cable;

2

18.    Four LG Blu-ray players with power adapters;

19.    Xbox One S;

20.    Xbox Series X;

21.    One Bose speaker;

22.    One computer ram;

23.    One circuit board;

24.    Fourteen assorted SD cards;

25.    Six assorted USB devices;

26.    Five assorted thumb drives;

27.    Five assorted hard drives;

28.    One black digital watch face; and

29.    Miscellaneous electronic cords, adapters, batteries, wires, and accessories.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

3

The above electronic devices have been seized and are in the custody of the

Federal Bureau of Investigation.

All pursuant to Title 18, United States Code, Section 2253.

RESPECTFULLY SUBMITTED,

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

*/s/ Reagan V. Reininger*
REAGAN V. REININGER, OBA # 22326
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119
Telephone: (918) 382-2700
Email: reagan.reininger@usdoj.gov

**Certificate of Service**

I hereby certify that on November 4, 2021, 2021, the foregoing document was

electronically transmitted to the Clerk of Court using the ECF System for filing and

transmittal of a Notice of Electronic Filing to counsel of record.

*/s/ Janna Tomah*
JANNA TOMAH, Data Analyst

4

```
MIME-Version:1.0
From:CM-ECFMail_OKND@oknd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Travis Don Horton (thorton@swabstall.com), Christopher Jordon Nassar
(bailey.stripling@usdoj.gov, caseview.ecf@usdoj.gov, christopher.nassar@usdoj.gov,
kortni.barton@usdoj.gov), Reagan Vincent Reininger (janna.tomah@usdoj.gov,
mari-jean.ogle@usdoj.gov, pam.kuch@usdoj.gov, reagan.reininger@usdoj.gov), Chief Judge
John F Heil, III (jfhintake_oknd@oknd.uscourts.gov)
--Non Case Participants: Probation Presentence Investigation Unit
(intakepsr_oknp@oknp.uscourts.gov), United States Marshal (okn.usms.ops@usdoj.gov)
--No Notice Sent:

Message-Id:2704963@oknd.uscourts.gov
Subject:Activity in OKND case 4:21-cr-00361-JFH USA v. McAbee - Order
Content-Type: text/html
```

## U.S. District Court

### U.S. District Court for the Northern District of Oklahoma

## Notice of Electronic Filing

The following transaction was entered on 4/22/2022 at 3:32 PM CDT and filed on 4/22/2022

| | |
|---|---|
| **Case Name:** | USA v. McAbee |
| **Case Number:** | 4:21-cr-00361-JFH |
| **Filer:** | |
| **Document Number:** | 32(No document attached) |

**Docket Text:**
 **MINUTE ORDER by Chief Judge John F Heil, III** *upon advice from counsel, defendant wishes to change his plea. A Change of Plea hearing is set for 5/5/2022 at 10:00 a.m. before Magistrate Judge Donald D. Bush in Courtroom 5. The pretrial set for 4/28/2022 before Judge Heil is hereby stricken,* **setting/resetting change of plea hearing: ( Change of Plea Hearing set for 5/5/2022 at 10:00 AM before Magistrate Judge Donald D Bush) as to Cameron Kelly McAbee** **(This entry is the Official Order of the Court. No document is attached.) (alg, Dpty Clk)**


**4:21-cr-00361-JFH-1 Notice has been electronically mailed to:**

Christopher Jordon Nassar &nbsp &nbsp christopher.nassar@usdoj.gov, bailey.stripling@usdoj.gov, caseview.ecf@usdoj.gov, kortni.barton@usdoj.gov

Reagan Vincent Reininger &nbsp &nbsp reagan.reininger@usdoj.gov, janna.tomah@usdoj.gov, mari-jean.ogle@usdoj.gov, pam.kuch@usdoj.gov

Travis Don Horton &nbsp &nbsp thorton@swabstall.com

**4:21-cr-00361-JFH-1 Notice has not been electronically mailed to:**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                                                        Plaintiff,

vs.

Cameron Kelly McAbee,

                                                        Defendant(s).

|  |  |
|---|---|
| Case No.: | 21-cr-00361-JFH |
| Date: | 5/5/2022 |
| Court Time: | 10:20 a.m. to 10:50 a.m. |

**MINUTE SHEET ARRAIGNMENT AND/OR CHANGE OF PLEA**

Donald D. Bush, Magistrate Judge          A. Gifford, Deputy Clerk          Courtroom 5

Counsel for Plaintiff:  Nathan Michel

Counsel for Defendant: Travis Horton                , Ret.

Probation Officer:      Not present

Age of Defendant:      32

Defendant appears in person: ☒ with Counsel;     ☐ Counsel waived;     ☐ w/o Counsel;          Defendant:  ☒ sworn;

☒ Defendant Consents to Magistrate conducting Guilty Plea Hearing

Defendant's name as reflected in the Indictment

    ☒ Verified in open court as the true and correct legal name
    ☐ Corrected by interlineation to _____
       to reflect Defendant's true and correct legal name and all previous filings are amended by interlineation to reflect same.
    ☐ Unable to verify in open court as the true and correct legal name: _____

☒ Defendant acknowledges receipt of Indictment

Defendant waives:   ☐ Indictment; ☒ Jury Trial;   ☐ Speedy Trial;       ☐ 30 Days Preparation; ☐ Separate Representation
                 ☒ Waivers approved by Court;

Defendant advised of: ☒ Charge and ☐ Indictment                    Indictment:      ☐ Read  ☒ Reading waived

☒ Defendant relates facts of charge

☒ Petition to enter plea of Guilty sworn and executed

☒ Defendant withdraws not guilty plea(s) as to those Count(s)  1-4
   of the  Indictment and Defendant enters guilty plea(s) as to those counts

☒ Defendant adjudged guilty as charged as to Count(s)  1-4
   of the Indictment

☒ Petition approved in open court          ☒ Plea Agreement approved in open Court          ☒ PSI ordered

☐ Remaining Count(s) to be dismissed at sentencing: None

☒ Defendant remanded to custody of U.S. Marshal

**Additional Minutes:**  Sentencing to be set by the Court at a later date.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                                                    Plaintiff,

vs.                                                                    Case No.: 21-cr-00361-JFH

Cameron Kelly McAbee,                                   **CONSENT TO PROCEED BEFORE
                                                                       A MAGISTRATE JUDGE FOR A
                                                                       CHANGE OF PLEA IN A FELONY**
                                                    Defendant(s).    **CASE**

A United States Magistrate Judge has explained to me the nature of the offense(s) with which I am charged, including the maximum possible penalties which might be imposed if I am found guilty. A Magistrate Judge has also informed me of my right to the assistance of legal counsel. A Magistrate Judge has further informed me of my right to trial, judgment, and sentencing before a United States District Judge.

**I hereby waive (give up) my right to trial before a United States District Judge, and consent to a change of plea before a United States Magistrate Judge. I understand that I will be sentenced by a United States District Judge.**

Date: 5/5/2022

_____
Cameron Kelly McAbee, Defendant

_____
Attorney for Defendant

_____
Donald D. Bush, Magistrate Judge

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                                              Plaintiff,

vs.                                                          Case No.: 21-cr-00361-JFH

Cameron Kelly McAbee,                                        **WAIVER OF JURY TRIAL**

                                              Defendant.

       COMES NOW the undersigned defendant, and having been fully apprised of my rights, do hereby WAIVE my SIXTH AMENDMENT RIGHTS to a jury IN ALL RESPECTS both as to guilt or innocence and as to sentencing.

       Accordingly, I hereby CONSENT that all matters in the above styled and numbered criminal proceedings be determined by the Court in accordance with Rule 23, Federal Rules of Criminal Procedure.

_____
Cameron Kelly McAbee, Defendant

_____
Attorney for Defendant

CONSENT OF GOVERNMENT:

_____
Assistant United States Attorney

      Signed and approved in open court on 5/5/2022.

_____
Donald D. Bush, Magistrate Judge

Change Plea Magistrate Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                              Plaintiff,

vs.

                                        Case Number:
                                        21-CR-361-JFH

Cameron Kelly McAbee

                         Defendant.

## PETITION TO ENTER PLEA OF GUILTY
## AND ORDER ENTERING PLEA
### (Federal Rules of Criminal Procedure, Rules 10 and 11)

**The defendant represents to the Court:**

My full true name is: Cameron Kelly McAbee. I am 32 years of age. I have gone to school up to and including high school. I request that all proceedings against me be in my true name.
*2 Semesters College*  I am represented by an attorney; his name is: Travis Horton        .

I received a copy of the Indictment/Information **[Circle the appropriate title.]** before being called upon to plead. I read the Indictment/Information **[Circle the appropriate title.]** and have discussed it with my attorney. I fully understand every charge made against me.

I told my attorney all the facts and circumstances known to me about the charges made against me in the Indictment/Information **[Circle the appropriate title.].** I believe that my attorney is fully informed on all such matters.

My attorney has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

## WAIVER OF CONSTITUTIONAL RIGHTS

I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY," I know the Constitution guarantees me:

(a)    the right to a speedy and public trial by a jury;

(b)    at that trial, and at all stages of the proceedings, the right to the assistance of an attorney;

(c)    the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses;

(d)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and

(e)    the right not to be compelled to incriminate myself by taking the witness stand; and, if I do not take the witness stand, no inference of guilt may be drawn from such failure.

In regard to my right to a jury trial, I know that I am the only person that can waive, that is, give up, that right. I also fully understand that if I have trial by a jury, I have the right of the assistance of an attorney; also the right to confront and cross-examine witnesses against me; and the right not to be compelled to incriminate myself. Furthermore, I understand that to convict me, all twelve (12) jury members would have to agree that I am "GUILTY."

I know that, if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury, and further, I realize that the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

I further understand that my waiver of Sixth Amendment rights to a jury is a waiver of trial by jury in all respects, both as to guilt or innocence and as to sentencing, and I consent that all matters in these proceedings be determined by the Court in accordance with Rule 23 of the Federal Rules of Criminal Procedure.

## PLEA OF GUILTY

I know that, if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my attorney, that my answers may later be used against me in a prosecution for perjury or false statement.

I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted.  I represent to the Court that I did the following act(s) in connection with the charge(s) made against me in Count(s): **[NOTE: Defendant must set out in detail what (s)he did.  If more space is needed, add a separate page.]**

I, Cameron Kelly McAbee, admit from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, I knowingly engaged in a child exploitation enterprise, in which I violated 18 U.S. Code Chapter 110 – "Sexual Exploitation And Other Abuse of Children" as part of a series of felony violations constituting more than three separate incidents, involving more than one victim, and in concert with more than three other persons. I was the administrator of Kik messenger group chats where members of the group exchanged numerous images and videos depicting the rape and molestation of children. The groups involved at least twenty-one members and at least eight child victims. As part of gaining access to one of these groups, members were required to show proof of access to a child victim and were expected to share images and videos of the sexual abuse of that child to maintain access to the group, as well as other images and video of child sexual abuse obtained elsewhere. I was partly responsible for confirming a prospective member's access to a child victim and admitting them to the group. As part of engaging in a child exploitation enterprise, from on or about July 1, 2019, to on or about July 26, 2021, I knowingly permitted a minor that I was the parent, legal guardian, and had custody and control over, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct on multiple occasions. These depictions were produced with materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including cell phones, digital cameras, and computers. Further, the depictions themselves were then mailed, transported, and transmitted in and affecting interstate and foreign commerce, by using a means and facility of interstate and foreign commerce, including a computer and cellular phone. Additionally, I used my phone and computer, I knowingly received and distributed image and video files depicting minors engaged in sexually explicit conduct, and that had been shipped and transported in and affecting interstate and foreign commerce. Finally, I knowingly possessed and accessed with intent to view additional image and video files depicting minors engaged in sexually explicit conduct. These image and video files depicted at prepubescent minors and minors under the age of 12 years of age engaged in sexually explicit conduct.

In deciding to enter my plea of guilty, I rely upon the following advice from my attorney. **[NOTE: List any and all advice or recommendations by your attorney upon which you rely in entering your plea of guilty.]**

**The contents of the law enforcement report. The plea agreement, Information and range of punishment. I have fully discussed all evidence in the case with my attorney and accept full responsibility for my actions.**

I also inform the Court that I am not relying, in entering my plea(s) of Guilty, on any representation from my attorney or from the Government or any other source that has not been revealed to the Court and made a part of this record.

By pleading guilty, I understand that I waive, that is, give up, all pretrial motions, and cannot assert any such motions before the Court or on appeal after pleading guilty.

I also understand that a conditional plea pursuant to Rules of Criminal Procedure, Rule 11(a)(2) can only be entered WITH THE APPROVAL OF THE COURT, and the GOVERNMENT reserving IN WRITING the right, on appeal from the judgment, to review of any adverse determination of any pretrial motions. The writing must be presented in open court and made part of the record.

I know that the Court will not permit anyone to plead "GUILTY" who maintains (s)he is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY," respectfully request the Court to accept my plea of "GUILTY," and to have the Clerk enter my plea of "GUILTY," as follows:

**[NOTE: The defendant's plea of "GUILTY" or "NOT GUILTY" to each offense should be entered in the blank space provided below. If the Indictment/Information charges a single offense, a defendant who wishes to plead "GUILTY" should write in the below space "GUILTY as charged in the Indictment/Information." If more than one offense is charged, defendant should write in the space below "GUILTY as charged in Count(s) _____," "NOT GUILTY as charged in Count(s) _____."]**

<u>Guilty as charged in Counts 1-4</u>

## MINIMUM SENTENCE AND MANDATORY MINIMUM SENTENCE

I have been informed and understand that a plea of guilty may subject me to a minimum sentence of prison and/or fine. In addition, my attorney has informed me that Count <u>1 and 4</u> will subject me to a statutory mandatory minimum sentence of <u>20</u> years.

## MAXIMUM SENTENCE REQUIRED UNDER LAW

My attorney informed me that the plea of "GUILTY" could subject me to a maximum punishment, which, as provided by law, is <u>Life</u> imprisonment and/or a fine of <u>$250,000</u>. My attorney has further advised me that if the offense(s) to which I plead "GUILTY" occurred on or after January 1, 1985, the maximum fine is the largest of:

(a) The amount specified in law defining the offense
(b) Double the gross pecuniary gain derived by a defendant from the offense
(c) Double the pecuniary loss caused by the offense to another person
(d)

|  | Individual Defendant | Other Defendant |
|---|---|---|
| Any Felony; Misdemeanor resulting in death | $250,000 | $500,000 |
| Other Misdemeanor punishable by more than six months | $100,000 | $200,000 |

My attorney has also advised me that a Special Monetary Assessment in the amount of <u>$100.00</u> will be assessed per count if the offense(s) occurred on or after November 12, 1984.

Further, my attorney has advised me that if the offense(s) to which I plead "GUILTY" occurred after December 31, 1982, and the offense(s) charge violation(s) of any statute found under Title 18 of the United States Code or certain

subsections of the Federal Aviation Act (Title 49 U.S.C. 1472), that Title 18 U.S.C. et seq. authorizes a court to sentence a defendant to pay restitution in addition to, or in lieu of, any other penalty permitted by law, to any victim(s) of the offense(s).

In addition, I understand that if I am sentenced to prison, a term of supervised release of at least 5 years and up to life may/must be imposed. If the term of supervised release is revoked, an additional term of imprisonment and supervised release may be imposed at each revocation.

## IMMIGRATION CONSEQUENCES OF PLEA

If I am not a citizen of the United States, I understand that my plea of guilty in this case may subject me to deportation and/or removal from the United States. **[NOTE: If applicable, insert "My attorney has specifically advised me of the following immigration consequences of my plea of guilty: If I am imprisoned, I will be deported upon completion of my sentence of imprisonment. If I am not imprisoned, I will be deported immediately."]**
_____None_____

_____

## PLEA AGREEMENT

My plea of "GUILTY" (is) (is not) **[Circle the appropriate response]** the result of a plea agreement entered into between the government attorney, my attorney, and me.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby state that the terms of said agreement are as follows:
I pled guilty to the Indictment alleging Count 1 Child Exploitation Enterprise (18 U.S.C. §§ 2252A(g)(2) and (g)(1)), Count 2 Sexual Exploitation of a Child by a Parent (18 U.S.C. §§ 2251(b) and 2251(e)), Count 3 Receipt and Distribution of Child Pornography (18 U.S.C. 2252(a)(2) and 2252(b)(1)), and Count 4 Possession of Child Pornography in Indian Country (18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2)), the sentencing for all counts will be determined solely by the sentencing Judge

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand that the Court will give me the opportunity to withdraw my plea of "GUILTY."

I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP (S)HE HAS GIVEN ME.

## STATE OF MIND

My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care. The only drugs, medicine or pills that I took within the past seven (7) days are: **[NOTE: If none, so state.]**
_____None_____

I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. **[NOTE: If there are any exceptions to the above statement, explain here.]**
_____None_____

_____

I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment/Information [Circle the appropriate title.] and in this petition, and in the certificate of my attorney which is attached to this petition.

## SENTENCING

I have been advised by counsel that I will be sentenced pursuant to the advisory sentencing guidelines procedure established by Title 18 U.S.C. §3553 et seq. I understand that sentencing is a matter left exclusively in the province of the Court; and I understand that the sentence imposed by the Court may be within the guideline table range provided by law or, for good cause stated, the Court may depart therefrom after all relevant facts and circumstances of my case have been considered by the Court, or the Court may impose a non-guideline sentence.

I further understand that the Court may impose a term of Supervised Release that will run after any term of confinement that might be imposed.

Further, I understand that probation is not available as a sentencing alternative to the Court in most cases under the advisory sentencing guidelines and that, whenever probation is permissible under the advisory sentencing guidelines, it is exclusively within the Court's province to grant or deny probation.

If I am currently on supervised release, probation or parole in this or any other Court, I know that by pleading "GUILTY" here, my probation, supervised release or parole may be revoked, and I may be required to serve time in that case which may be consecutive, that is, in addition to any sentence imposed on me in this case.

I declare that no officer or agent of any branch of government (Federal, State, or local) has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of lenience, if I plead "GUILTY" except as follows:
[NOTE: Insert any promises or concessions made to the defendant or to his/her attorney. If the plea of "GUILTY" is the result of a plea agreement, refer to paragraph _____ of this petition.]

_____

_____

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that (s)he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of "GUILTY."

I have been advised and do understand that, subject to any waiver of my appellate and post-conviction rights contained in my written plea agreement, I have the right of appeal of any sentence imposed by the Court to the Tenth Circuit Court of Appeals. Also, I understand that any appeal must be filed no more than fourteen (14) days from date of the judgment.

I waive the reading of the Indictment/Information [Circle the appropriate title.] in open Court, and I request the Court to enter my plea of "GUILTY" as set forth in this petition.

I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Enter Plea of Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and sworn to by me in open court, in the presence of my attorney, this _5_ day of _May_, 20_22_.

Defendant
Defendant

Subscribed and sworn to before me this __5__ day of __May_____, 20 22.

Deputy Clerk
Deputy Clerk

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant **Cameron Kelly McAbee**, hereby certifies:

(1)     I have read and fully explained to the defendant the allegation(s) contained in the Indictment/Information **[Circle the appropriate title.]** in this case.

(2)     To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

I have further explained to my client the provisions of advisory guideline sentencing as established by Title 18 U.S.C. 3553 et seq. Although I have discussed with my client the maximum sentence imposed for the offense for which (s)he is charged, I have not promised, suggested or predicted a possible sentence. I have specifically advised my client that sentencing is left solely within the province of the Court.

My client fully understands that, for good cause shown, the Court may depart from the advisory guideline range or impose a non-guideline sentence and, further, that probation is not available as a sentencing alternative in most cases under advisory guideline sentencing. Also, my client fully understands that, whenever probation is a permissible sentencing alternative, it is exclusively within the Court's discretion to grant or deny probation.

(3)     The plea of "GUILTY" offered by the defendant accords with my understanding of the facts (s)he related to me and is consistent with my advice to the defendant.

(4)     In my opinion, the defendant's waiver of reading of the Indictment/Information **[Circle the appropriate title.]** in open court as provided in Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted by the Court.

(5)     In my opinion, the plea of "GUILTY" offered by the defendant in the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(6)     I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

_____

_____

_____

_____

(7)     I further represent to the Court that the defendant's plea of "GUILTY" (is)/(is not) **[Circle the appropriate response.]** the result of a plea agreement. The terms of the agreement are set out in the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement, and that if the Court rejects the agreement, the Court will give him/her the opportunity to withdraw his/her plea of "GUILTY."

Signed by me in open court in the presence of the defendant above-named and after full discussion of the contents of this certificate with the defendant, this _5_ day of _May_, 20_22_.

_____
Attorney for the Defendant

**ORDER**

I find that the plea of "GUILTY" was made by the defendant freely, voluntarily, and because (s)he is "GUILTY" as charged, and not out of ignorance, fear, inadvertence, or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime(s) charged, that there is a factual basis for the pleas(s) of "GUILTY," and that the defendant is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea(s) of "GUILTY" is accepted and entered as prayed for in the petition and as recommended in the certificate of his/her attorney.

Done in open court this 5 day of _____May_____, 20 22

_____

UNITED STATES ~~DISTRICT~~ JUDGE

UNITED STATES ~~DISTRICT~~ JUDGE

Magistrate

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CAMERON KELLY MCABEE,

          Defendant.

Case No. 21-CR-00361-JFH

### Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and Christopher J. Nassar,

Assistant United States Attorney, and the defendant, CAMERON KELLY

MCABEE, in person and through counsel, Travis D. Horton, respectfully inform the

Court that they have reached the following plea agreement.

1.    **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

    **COUNT ONE: 18 U.S.C. §§ 2252A (g)(2) and (g)(1) – Child Exploitation Enterprise**
    **COUNT TWO: 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a Child by a Parent**
    **COUNT THREE: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and Distribution of Child Pornography**
    **COUNT FOUR: 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2) – Possession of Child Pornography in Indian Country**

Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

2.  **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.  the defendant has the right to assist in the selection of the jury;

f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.  the defendant has the right to confront and cross-examine witnesses against the defendant;

h.  if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.  if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.  if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

Revised 02-28-20

2

_____
Defendant's Initials

k.   at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

l.   any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

3.   **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.   The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.   The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

Revised 02-28-20

3

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

**CAMERON KELLY MCABEE**

### 4.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.  A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.  Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty; and

Revised 02-28-20

4

Defendant's Initials

c.  Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

**6.**  **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

**7.**  **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under

oath, not later than two weeks after the date of this plea agreement. The defendant

understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate

enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury

Offset Program so that any federal payment or transfer of returned property the

defendant receives may be offset and applied to federal debts but will not affect the

periodic payment schedule.

**8.     Restitution for Offense of Conviction**

The defendant understands that the Court can order the defendant to pay

restitution for the full loss caused by defendant's conduct set forth above. The

defendant agrees to the entry of a Restitution Order for the full amount of the

victims' losses. At this time, the Government is aware that the following victim

estimates suffering the following monetary losses due to moving expenses, removal

of hidden cameras and associated electrical work, and projected future counseling

costs :

        Minor Victim, C/O Courtney McAbee                     $5,000

The Government anticipates additional victims to request restitution as well, but has
not received those requests at this time. When received, those requests will be
forwarded to the US Probation Office.

The defendant understands that restitution is mandatory without regard to the

defendant's ability to pay.

Revised 02-28-20

6

Defendant's Initials

Defendant acknowledges that restitution ordered by the Court under 18 U.S.C.
§ 2259 is mandatory, and the amount of restitution ordered by the Court shall
include defendant's total offense conduct. If convicted of 18 U.S.C. § 2252(a)(4) or §
2252A(a)(5) or any other trafficking in child pornography offense as defined by
§ 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through
(3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony
violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1)
through (5), or 2260(b)), or 2260(b)), the defendant acknowledges that mandatory
restitution under 18 U.S.C. § 2259 is not less than $3,000 per victim.

**9.     Restitution for Other Offenses**

The defendant agrees the Court's consideration of the amount of restitution shall
**NOT** be limited to the amounts alleged in the count(s) to which the defendant is
pleading guilty, and may include all relevant conduct as well as any stipulated
amounts as set forth below pursuant to 18 U.S.C. § 3663.

**10.    Restitution not Dischargeable in Bankruptcy**

The defendant further agrees that any amount ordered by the Court to be paid as
restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

**11.    Forfeiture Agreement**

The defendant agrees to the forfeiture to the United States, pursuant to 18 U.S.C.
§§ 2253(a)(2) and (a)(3), of the following property, used or intended to be used, to
commit or to promote the commission of such offenses:

Revised 02-28-20

7

Defendant's Initials

1.   Nine Assorted cameras and accessories;

2.   Four USB charger cameras;

3.   Outlet camera with 32GB SD;

4.    Black pen with hidden camera;

5.   Two Bluetooth speakers with cameras;

6.   Four black alarm clocks with cameras, assorted SD cards, and accessories;

7.   One white iPad in black case, Model A1566, serial number DMPS882HHGSG;

8.   Cox router serial number 335930041025105994;

9.   One blue Samsung portable SSD T5, serial number S3UJNKOJ706342T;

10.  One silver Apple iPhone IMEI: 356716110181113;

11.  One silver Dell laptop Model P936 serial number DPBQGT2;

12.  White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

13.  One white Motorola baby monitor with cable;

14.  Three LG Blu-ray players with power adapters;

15.  LG Blu-ray player;

16.  Xbox One S;

17.  Xbox Series X;

18.  One Bose speaker;

19.  One computer ram;

20.  One circuit board;

Revised 02-28-20

8

Defendant's Initials

21. Thirteen assorted SD cards;

22. Six assorted USB devices;

23. Five assorted thumb drives;

24. Five assorted hard drives;

25. Miscellaneous electronic cords, adapters, batteries, wires, and accessories;
    a.  Eight power supply
    b.  One adapter
    c.  Nine San Disk Micro SD Adapters
    d.  Nine black cords
    e.  Two blue batteries,
    f.  Two battery packs,
    g.  Three camera wires
    h.  Camera base,
    i.  Battery pack,
    j.  Three cords

26. One black iPhone in pink case with stars IMEI unknown;

27. One black Apple watch; serial number unknown;

28. One Dell black laptop, Model RTL8821CE, serial number
    KANRCVOSU66543D with cord; and

29. One black digital watch face.

Defendant agrees to take all steps as requested by the forfeiting authority to pass

clear title to forfeitable assets, including, but not limited to, the execution of a

consent decree of forfeiture and the completion of any other legal documents

required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by

the United States, and that no defense exists to the seizure and forfeiture of this

property by the United States.  As such, defendant hereby relinquishes all claim, title,

9

Defendant's Initials

and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses.  Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it.  Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.  The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct

Revised 02-28-20

10

Defendant's Initials

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

12. **Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

The defendant hereby agrees to pay, if imposed by the court, a special monetary assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014.

Additionally, the defendant hereby agrees to pay, if imposed by the court, a special monetary assessment pursuant to 18 U.S.C. § 2259A, per count of no more than:

$50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

The parties agree that the United States will request the Court to order the defendant to pay an assessment of $100 per relevant count of conviction pursuant to 18 U.S.C. § 2259A and $0 due to indigency pursuant to 18 U.S.C. § 3014 as

11

Defendant's Initials

determined by the Court at the time of sentencing. Any assessments imposed shall be

paid to the United States District Court Clerk before the time of the sentencing

hearing or as directed by the District Court.

13.   **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 2252A (g)(2) and (g)(1) are as follows:

1.   The Defendant violated Chapter 110 (except for sections 2257 and 2257A), and

2.   The violation was part of a series of three or more separate incidents; and

3.   The series of violations involved more than one victim; and

4. The Defendant committed the violations in concert with at least three other individuals.

With regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea

of guilty and relieves the United States of any further obligation to adduce such

evidence.

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 2251(b) and 2251(e) are as follows:

1. The Defendant was the parent or legal guardian of a minor, or had custody and control of a minor;

2. The Defendant knowingly permitted the minor to engage in, or assist another person to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or transmitting a live visual depiction of such conduct;

Revised 02-28-20

Defendant's Initials

3. The Defendant knew or had reason to know that the visual depiction would be
transported and transmitted using a means or facility of interstate commerce, or in or affecting interstate commerce, or mailed, if that visual depiction was produced or
transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or, if such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) are as follows:

1. The defendant knowingly distributed (and/or received) one or more matters containing a visual depiction within the Northern District of Oklahoma;

2. The visual depiction had either (1) been mailed, shipped, or transported in interstate or foreign commerce, by any means, including a computer, or (2) been produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, by any means, including a computer;

3. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct; and

4. The defendant knew that at least one of the performers in the visual depiction was a minor engaged in sexually explicit conduct.

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2) are as follows:

1. The defendant knowingly possessed one or more matters containing a visual depiction within the Northern District of Oklahoma;

2. The visual depiction was possessed within Indian Country;

3. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct (for the enhanced punishment, must prove the child was under 12 years of age); and

Revised 02-28-20

13

Defendant's Initials

4.  The defendant knew that at least one of the performers in the visual depiction was a minor engaged in sexually explicit conduct.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, CAMERON KELLY MCABEE, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts 1, 2, 3, & 4 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, CAMERON KELLY MCABEE, admit from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, I knowingly engaged in a child exploitation enterprise, in which I violated 18 U.S. Code Chapter 110 – "Sexual Exploitation And Other Abuse Of Children" as part of a series of felony violations constituting more than three separate incidents, involving more than one victim, and in concert with more than three other persons. I was the administrator of Kik messenger group chats where members of the group exchanged numerous images and videos depicting the rape and molestation of children. The groups involved at least twenty-one members and at least eight child victims. As part of gaining access to one of these groups, members were required to show proof of access to a child victim and were expected to share images and videos of the sexual abuse of that child to maintain access to the group, as well as other images and video of child sexual abuse obtained elsewhere. I was partly responsible for confirming a prospective member's access to a child victim and admitting them to the group.

As part of engaging in a child exploitation enterprise, from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, I knowingly permitted a minor that I was the parent, legal guardian, and had custody and control over, to engage in sexually

14

Revised 02-28-20

explicit conduct for the purpose of producing a visual depictions of such conduct on multiple occasions. These depictions were produced with materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including cell phones, digital cameras, and computers. Further, the depictions themselves were then mailed, transported, and transmitted in and affecting interstate and foreign commerce, by using a means and facility of interstate and foreign commerce, including a computer and cellular phone.

Additionally, from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, using my phone and computer, I knowingly received and distributed image and video files depicting minors engaged in sexually explicit conduct, and that had been shipped and transported in and affecting interstate and foreign commerce.

Finally, from on or about July 1, 2019, to on or about July 26, 2021, within Indian Country in the Northern District of Oklahoma, I knowingly possessed and accessed with intent to view additional image and video files depicting minors engaged in sexually explicit conduct. These image and video files depicted at prepubescent minors and minors under the age of 12 years of age engaged in sexually explicit conduct.

_____                    5-5-22
CAMERON KELLY MCABEE                        Date
Defendant

### 14.   Further Prosecution

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

defendant's acceptance of this agreement, arise from its investigation of the

defendant's actions and conduct giving rise to the instant Indictment, save and

Defendant's Initials

except crimes of violence, contact sex offenses, and criminal acts involving violations

investigated by the United States Internal Revenue Service. The defendant

understands, however, that this obligation is subject to all "Limitations" set forth

below, and that the United States Attorney's Office for the Northern District of

Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of

federal criminal laws) not discovered by or revealed to the Government during its

investigation or occurring after the date of this agreement.

### 15.    Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made

and accepts the pleas, then the United States will move, at the appropriate time, to

dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any

time, the United States will be free to prosecute the defendant for all charges of

which it then has knowledge, and any charges that have been dismissed will be

automatically reinstated or may be re-presented to a grand jury with jurisdiction over

the matter. In such event, the defendant hereby waives any objections, motions or

defenses based upon the applicable statute of limitations, the Speedy Trial Act, or

constitutional restrictions as to the time of bringing such charges.

### 16.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the

United States agrees to recommend a two-level reduction in offense level pursuant to

16

Defendant's Initials

U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**17.** <u>**Registration Under the Sex Offender Registration and Notification Act.**</u>

Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am

Revised 02-28-20

17

Defendant's Initials

an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits.

## 18.   Psychosexual Assessment

Either upon motion by the United States, or at the direction of the Court or the United States Probation Office, the defendant agrees to submit to a psychosexual assessment before sentencing in this case, pursuant to 18 U.S.C. § 3552(b). This assessment may include, but shall not be limited to: provider interviews, physiological testing, polygraph, plethysmography, actuarial and diagnostic

Revised 02-28-20

18

Defendant's Initials

assessments, as directed by Probation or the provider. The assessment shall be performed as determined by Probation, or by such other provider selected by Probation, provided that the provider is ATSA-certified or otherwise appropriately qualified, and shall be performed in accordance with the provider's standards and practice. All reports and information from this assessment shall be released to the Probation Department for inclusion in the pre-sentence investigation report. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. Should a psychosexual assessment be requested, the defendant agrees to continue the sentencing date in this case until that assessment is performed and the results of that assessment are provided to the Probation Department.

### 19.  Sentence

#### a. Imprisonment

The defendant acknowledges that under 18 U.S.C. §§ 2252A (g)(2) and (g)(1) the minimum mandatory statutory sentence is 20 years of imprisonment, the maximum statutory sentence is life imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 2251(b) and 2251(e) the minimum mandatory statutory sentence is 15 years of imprisonment, the maximum statutory sentence is 30 years of imprisonment and a fine of not more than $250,000.

19

Revised 02-28-20

Defendant's Initials

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) the minimum mandatory statutory sentence is 5 years of imprisonment, the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 1151, 2252(a)(4)(A) and 2252(b)(2), the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

**b. <u>Supervised Release</u>**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment of at least 5 years, up to life.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose

Revised 02-28-20

20

Defendant's Initials

another term of imprisonment not to exceed the difference between any

imprisonment imposed for a prior revocation of supervised release for the offense of

conviction and the term of imprisonment authorized pursuant to 18 U.S.C.

§ 3583(e)(3). Accordingly, the original term of imprisonment when combined with

any term of imprisonment arising from revocations of supervised release, may result

in a total amount of imprisonment greater than the statutory maximum term for the

offense of conviction.

### c.  Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to

the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28

U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to

apply the Sentencing Guidelines, must consult those Guidelines and take them into

account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further

aware that the sentence has not yet been determined by the Court, that any estimate

of the likely sentence received from any source is a prediction, not a promise, and

that the Court has the final discretion to impose any sentence up to the statutory

maximum. The defendant further understands that all recommendations or requests

by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum

established by statute, the defendant cannot, for that reason alone, withdraw

defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

20.    **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

22

Revised 02-28-20

Defendant's Initials

21.    **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the

United States Attorney for the Northern District of Oklahoma, but in no way limits,

binds or otherwise affects the rights, powers, duties or obligations of any state or

local law enforcement agency, administrative or regulatory authorities, civil or

administrative enforcement, collection, bankruptcy, adversary proceedings or suits

which have been or may be filed by any governmental entity, including without

limitation, the Internal Revenue Service, the Tax Division of the Department of

Justice and the trustee in bankruptcy.

22.    **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations

under this agreement, then the complaining party shall, in its discretion, have the

option of petitioning the Court to be relieved of its obligations herein. Whether or

not a party has completely fulfilled all of its obligations under this agreement shall be

determined by the Court in an appropriate proceeding at which any disclosures and

documents provided by either party shall be admissible and at which the complaining

party shall be required to establish any breach by a preponderance of the evidence.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal

Rules of Criminal Procedure to withdraw from defendant's plea and this agreement,

save and except under circumstances where the Court rejects the plea agreement

Revised 02-28-20

23

Defendant's Initials

under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that CAMERON KELLY MCABEE, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

Revised 02-28-20

24

Defendant's Initials

23.    **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case  (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
United States Attorney

_Nathan E. Michel, AUSA_

**for** CHRISTOPHER J. NASSAR                     Dated 5/5/22
Assistant United States Attorney

TRAVIS D. HORTON                                      Dated 5/5/22
Attorney for Defendant

CAMERON KELLY MCABEE                         Dated 5-5-22
Defendant

Revised 02-28-20

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          5-5-22
CAMERON KELLY MCABEE                       _____
Defendant                                  Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          5/5/22
TRAVIS D. HORTON                           _____
Counsel for the Defendant                  Dated

Revised 02-28-20

26

_____
Defendant's Initials

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-361-JFH** |
| **CAMERON KELLY MCABEE,** | |
| **Defendant.** | |

### Motion of the United States for an Order of Forfeiture

The United States of America, by undersigned counsel, requests the entry of an Order of Forfeiture of certain property for the reasons set forth below.

On May 5, 2022, Defendant Cameron Kelly McAbee pled guilty to Counts One through Four of the Indictment (Dkt. # 15). Dkt. # 33.   As part of his Plea Agreement, and pursuant to 18 U.S.C. §§ 2253(a)(2) and (a)(3), the defendant agreed to forfeiture of the following property:

1.  Nine Assorted cameras and accessories;

2.  Four USB charger cameras;

3.  Outlet camera with 32GB SD;

4.  Black pen with hidden camera;

5.  Two Bluetooth speakers with cameras;

6.  Four black alarm clocks with cameras, assorted SD cards, and accessories;

7.  One white iPad in black case, Model A1566, serial number DMPS882HHG5G[1];

8.  Cox router, serial number 335930041025105994;

9.  One blue Samsung portable SSD T5, serial number S3UJNK0J706342T[2];

10. One silver Apple iPhone, IMEI: 356716110181113;

11. One silver Dell laptop Model P936, serial number DPBQGT2;

12. White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

13. One white Motorola baby monitor with cable;

14. Three LG Blu-ray players with power adapters;

15. LG Blu-ray player;

16. Xbox One S;

17. Xbox Series X;

18. One Bose speaker;

19. One computer ram;

20. One circuit board;

21. Thirteen assorted SD cards;

---

[1] The serial number of the white iPad has been revised herein to include the number "5" rather than the letter "S" as represented in the Bill of Particulars and Plea Agreement.
[2] The serial number of the blue Samsung has been revised herein to include the number "0" rather than the letter "O" as represented in the Bill of Particulars and Plea Agreement.

22. Six assorted USB devices;

23. Five assorted thumb drives;

24. Five assorted hard drives;

25. Miscellaneous accessories, including:
    a.   Eight power supplies;
    b.   One adapter;
    c.   Nine San Disk Micro SD adapters;
    d.   Nine black cords;
    e.   Two blue batteries;
    f.   Two battery packs;
    g.   Three camera wires;
    h.   One camera base;
    i.   One battery pack; and
    j.   Three camera cords;

26. One black iPhone in pink case, IMEI unknown;

27. One black Apple watch, serial number unknown;

28. One ASUS black laptop, Model RTL8821CE, serial number
    KANRCV05U66543D[3] with cord; and

29. One black digital watch face.

(Dkt. # 37, at 7-11).

---

[3] The laptop was incorrectly identified in the Bill of Particulars and Plea Agreement as a
Dell with serial number KANRCVOSU66543D.   The brand name and serial number have
been corrected.

3

The United States respectfully requests that the Court enter an Order of Forfeiture of the property.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

/s/ Reagan V. Reininger
REAGAN V. REININGER, OBA #22326
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma   74119
Telephone:   918.382.2700
Email:   reagan.reininger@usdoj.gov

## Certificate of Service

I hereby certify that on June 14, 2022, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record.

/s/ Mari-Jean Ogle
MARI-JEAN OGLE, Paralegal

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                          Case No. 21-CR-361-JFH

CAMERON KELLY MCABEE,

               Defendant.

### <u>ORDER OF FORFEITURE</u>

Now before the Court is the motion of the United States for an order of forfeiture ("Motion").  Dkt. No. 39.  Based upon Defendant Cameron Kelly McAbee's ("Defendant") guilty plea, plea agreement, and the record, the Court finds that the Motion should be granted.

Pursuant to 18 U.S.C. §§ 2253(a)(2) and (a)(3), an order of forfeiture shall be entered whereby the following property is forfeited to the United States and the forfeiture of such property shall be made part of Defendant's sentence and included in the judgment:

1.       Nine Assorted cameras and accessories;

2.       Four USB charger cameras;

3.       Outlet camera with 32GB SD;

4.       Black pen with hidden camera;

5.       Two Bluetooth speakers with cameras;

6.       Four black alarm clocks with cameras, assorted SD cards, and accessories;

7.       One white iPad in black case, Model A1566, serial number DMPS882HHG5G;

8.       Cox router, serial number 335930041025105994;

9.       One blue Samsung portable SSD T5, serial number S3UJNK0J706342T;

10.     One silver Apple iPhone, IMEI: 356716110181113;

11.     One silver Dell laptop Model P936, serial number DPBQGT2;

12.     White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

13.     One white Motorola baby monitor with cable;

14.     Three LG Blu-ray players with power adapters;

15.     LG Blu-ray player;

16.     Xbox One S;

17.     Xbox Series X;

18.     One Bose speaker;

19.     One computer ram;

20.     One circuit board;

21.     Thirteen assorted SD cards;

22.     Six assorted USB devices;

23.     Five assorted thumb drives;

24.     Five assorted hard drives;

25.     Miscellaneous accessories, including:
         a.     Eight power supplies;
         b.     One adapter;
         c.     Nine San Disk Micro SD adapters;
         d.     Nine black cords;
         e.     Two blue batteries;
         f.     Two battery packs;
         g.     Three camera wires;
         h.     One camera base;
         i.     One battery pack; and
         j.     Three camera cords;

26.     One black iPhone in pink case, IMEI unknown;

27.     One black Apple watch, serial number unknown;

2

28.   One ASUS black laptop, Model RTL8821CE, serial number KANRCV05U66543D with cord; and

29.   One black digital watch face.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. §§ 2253(a)(2) and (a)(3), the Motion of the United States for an order of forfeiture [Dkt. No. 39] is **granted**, and the referenced property is forfeited to the United States.

**IT IS FURTHER ORDERED** that all right, title, and interest to the property are hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law.

**DATED** this 15th day of June 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CAMERON KELLY MCABEE,

        Defendant.

Case No. 21-CR-361-JFH

## Proof of Publication

The attached Declaration of Publication (Exhibit A) and the Notice of Forfeiture action (Exhibit B) reflect publication on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days, beginning on June 17, 2022, through July 16, 2022, as required by Fed. R. Crim. P. 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as evidenced by the advertisement Certification Report (Exhibit C).

Executed on the 17th day of August 2022.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Reagan V. Reininger*
REAGAN V. REININGER, OBA #22326
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma    74119
Telephone:   (918) 382-2700
Email:    reagan.reininger@usdoj.gov

**Certificate of Service**

I hereby certify that on August 17, 2022, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record.

*/s/ Janna Tomah*
JANNA TOMAH, Data Analyst

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
        v.                       )        21-CR-361-JFH
                                 )
Cameron Kelly McAbee             )
                                 )
                    Defendant.   )

DECLARATION OF PUBLICATION

In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules

of Criminal Procedure, notice of the forfeiture was posted on an official government internet

site (www.forfeiture.gov) for at least 30 consecutive days, beginning on June 17, 2022

and ending on July 16, 2022. (See, Attachment 1).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

July 18, 2022 at Tulsa, OK.

/s/ Janna Tomah
 Janna Tomah
 Data Specialist

Exhibit A

99

Attachment 1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA
## COURT CASE NUMBER: 21-CR-361-JFH; NOTICE OF FORFEITURE

Notice is hereby given that on June 15, 2022, in the case of <u>U.S. v. Cameron Kelly McAbee</u>, Court Case Number 21-CR-361-JFH, the United States District Court for the Northern District of Oklahoma entered an Order condemning and forfeiting the following property to the United States of America:

Miscellaneous Electronics Ser No: See List (21-FBI-009651), including the following items: 1 White Apple Ipad, Model A1566, in black case, Ser No: DMPS882HHG5G; 1 Sandisk Extreme, 16 GB, SD card; 1 Black pen with a hidden camera; 2 Black, Camera, Battery Packs which was seized from Cameron Kelly McAbee on November 04, 2021 at 8023 East 63rd Place, Suite 300, located in Tulsa, OK

Miscellaneous Electronics Ser No: See list (21-FBI-010051), including the following items: 1 Micro SD Card, 128 GB; 1 LG Blu-Ray Player; 1 XBOX One S; 2 Bluetooth Speaker with Camera; 1 Bose Speaker; 1 SD Card, ONN Brand, 128GB; 3 LG Blu-Ray Player with Adapter; 1 XBOX Series X; 1 SD Card; 1 USB which was seized from Cameron Kelly McAbee on November 04, 2021 at 2412 West Vicksburg Street, located in Broken Arrow, OK

Miscellaneous Electronics Ser No: See list (21-FBI-010057), including the following items: 1 White Raspberry Pi; 2 USB Devices; 1 Cox Router with power cord, Ser No: 335930041025105994; 1 Black Alarm Clock with Camera and Micro SD Card glued into Clock; 6 Cameras; 1 Outlet Camera; 9 Power Supply; 2 Blue Batteries; 1 Circuit Board; 3 SD Card, 32 GB; 5 SD Card, 128 GB; 1 SD Card, 16 GB; 1 SD Card, 64 GB; 3 Camera Shells; 9 Sandisk Micro SD Adapter; 4 USB Charger Cameras; 1 Camera Base; 3 Black Cameras; 3 Camera Lenses; 3 Battery Packs; 1 Computer RAM; 10 Black Cords; 3 Batteries; 3 Camera Wires; 3 Cords; 1 Power Cord; 2 Cables which was seized from Cameron Kelly McAbee on November 04, 2021 at 2412 West Vicksburg Street, located in Broken Arrow, OK

Miscellaneous Electronics Ser No: See list (22-FBI-001432), including the following items: 5 Blue USB Device; 1 Purple USB Device; 5 Thumb Drives; 4 Hard Drives; 1 Blue Samsung, Model T5, Portable SSD, Ser No: S3UJNK0J706342T; 1 Silver Apple, iPhone, Ser No: IMEI 356716110181113; 1 Black ASUS, Model RTL8821CE; with cord, Ser No: KANRCV05U66543D; 1 Silver Dell, Model P93G, Laptop, Ser No: DPBQGT2; 1 Black Digital Watch Face; 1 White Motorola Baby Monitor with cable; 1 Black Apple, iPhone; in pink case with stars; 1 Black Apple Watch; 1 Black PNY Optima SSD Series Hard Drive; 1 Black Micro SD Card; 1 Red and Gray Sandisk Ultra 128 GB SD Card; 1 Black SD Card; 1 Gray and Red Sandisk Ultra SD Card which was seized from Cameron Kelly McAbee on November 04, 2021 at 2412 West Vicksburg Street, located in Broken Arrow, OK

Exhibit B

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct.  Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (June 17, 2022) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1).  The ancillary petition must be filed with the Clerk of the Court, 333 West Fourth Street, Room 411, Tulsa, OK  74103, and a copy served upon Assistant United States Attorney Reagan Reininger, 110 West Seventh Street, Suite 300, Tulsa, OK  74119.  The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture.  A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition for remission need not be made in any particular form and may be filed online or in writing.  You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online.  If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Reagan Reininger, 110 West Seventh Street, Suite 300, Tulsa, OK  74119.  This website provides answers to frequently asked questions (FAQs) about filing a petition for remission.  You may file both an ancillary petition with the court and a petition for remission or mitigation.



**Advertisement Certification Report**

The Notice of Publication was available on the <u>www.forfeiture.gov</u> web site for at least 18 hours per day between June 17, 2022 and July 16, 2022.  Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Cameron Kelly McAbee

**Court Case No:**       21-CR-361-JFH
**For Asset ID(s):**        See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 06/17/2022 | 23.9 | Verified |
| 2 | 06/18/2022 | 23.9 | Verified |
| 3 | 06/19/2022 | 23.9 | Verified |
| 4 | 06/20/2022 | 23.9 | Verified |
| 5 | 06/21/2022 | 23.9 | Verified |
| 6 | 06/22/2022 | 23.9 | Verified |
| 7 | 06/23/2022 | 23.9 | Verified |
| 8 | 06/24/2022 | 23.9 | Verified |
| 9 | 06/25/2022 | 23.9 | Verified |
| 10 | 06/26/2022 | 23.9 | Verified |
| 11 | 06/27/2022 | 23.9 | Verified |
| 12 | 06/28/2022 | 23.9 | Verified |
| 13 | 06/29/2022 | 23.9 | Verified |
| 14 | 06/30/2022 | 23.8 | Verified |
| 15 | 07/01/2022 | 23.9 | Verified |
| 16 | 07/02/2022 | 23.8 | Verified |
| 17 | 07/03/2022 | 24.0 | Verified |
| 18 | 07/04/2022 | 23.9 | Verified |
| 19 | 07/05/2022 | 23.9 | Verified |
| 20 | 07/06/2022 | 23.8 | Verified |
| 21 | 07/07/2022 | 23.9 | Verified |
| 22 | 07/08/2022 | 23.9 | Verified |
| 23 | 07/09/2022 | 23.9 | Verified |
| 24 | 07/10/2022 | 23.9 | Verified |
| 25 | 07/11/2022 | 23.9 | Verified |
| 26 | 07/12/2022 | 23.8 | Verified |
| 27 | 07/13/2022 | 23.9 | Verified |
| 28 | 07/14/2022 | 23.9 | Verified |
| 29 | 07/15/2022 | 23.9 | Verified |
| 30 | 07/16/2022 | 23.9 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.

Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  **Case No. 21-CR-361-JFH**

CAMERON KELLY MCABEE,

                Defendant.

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

COMES NOW Travis D. Horton, attorney of record for Defendant, Cameron Kelly McAbee, and respectfully requests this Court to enter an Order allowing him to withdraw as attorney of record for the Defendant in this case. In the support of this Motion, counsel states that:

1. Counsel for Defendant has been appointed to serve as a Special Judge in Tulsa County District Court and must immediately move to withdraw from further representation of all clients for which he is the counsel of record.

2. Counsel previously entered his appearance on behalf of Defendant in the above-styled matter (Dkt. #5).

3. On August 25, 2021, the parties filed a Joint Motion to Declare the Case Complex. (Dkt. #19).

4. On May 5, 2022, Defendant entered his plea of guilty before the Court (Dkt. #33).

5. Defendant is presently awaiting rescheduling of his PSR and remains in Federal custody as an inmate at the Cushing Correctional Facility located in Cushing, Oklahoma.

6. Counsel requesting withdrawal has advised Defendant of this Motion to Withdraw as Attorney of Record prior to its filing. Counsel has been informed Defendant will respectfully requests this Honorable Court appoint a Panel Attorney or Public Defender for the remainder of Defendant's case as his financial ability to retain substitute counsel is non-existent.

**WHEREFORE,** Counsel for Defendant respectfully requests an order allowing him to withdraw as the counsel of record.

Respectfully Submitted,


s/*Travis D. Horton*
Travis D. Horton, OBA #19335
Attorney for Defendant
2021 South Lewis Ave., Ste. 520
Tulsa, OK 74104
(918) 640-0902
(918) 743-1002
thorton@swabstall.com


## **CERTIFICATE OF SERVICE**

I certify that on the date of filing, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Christopher Nassar
Assistant United States Attorney
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119


*s/ Travis D. Horton*
Travis D. Horton

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-361-JFH** |
| **CAMERON KELLY MCABEE** | |
| **Defendant.** | |

**ORDER**

Before the Court is a Motion to Withdraw as Attorney of Record ("Motion") filed by Defendant Cameron Kelly McAbee's ("Defendant") current counsel, Travis D. Horton ("Mr. Horton"). Dkt. No. 42. Mr. Horton states that he has been appointed to serve as a Special Judge in Tulsa County District Court and, therefore, must immediately move to withdraw from further representation in this matter. *Id*. at 1. For this reason, the Court finds that the Motion should be granted. The Court will appoint John Dunn from the Court's Criminal Justice Act Panel to represent Defendant.

IT IS THEREFORE ORDERED that the Motion to Withdraw as Attorney of Record [Dkt. No. 42] is GRANTED. Travis D. Horton is hereby withdrawn as counsel and John Dunn ("Mr. Dunn") is appointed to represent Defendant.

IT IS FURTHER ORDERED that the Court Clerk substitute John Dunn on the docket sheet as counsel for Defendant. The Court Clerk is directed to email this Order to Mr. Dunn, who is directed to file his entry of appearance forthwith. Mr. Dunn is reminded to submit a CJA Form 20.

IT IS FURTHER ORDERED that the Court Clerk is directed to email this Order to the Federal Public Defender.

Dated this 13th day of January 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  21-CR-361-JFH |
| | ) |
| **CAMERON KELLY MCABEE,** | ) |
| | ) |
| Defendant. | ) |

---

**DEFENDANT CAMERON MCABEE'S SENTENCING MEMORANDUM**

---

**COMES NOW,** Defendant Cameron McAbee, by and through his attorney of record, John M. Dunn, and respectfully offers this Sentencing Memorandum to the Court for consideration when imposing sentence in the above-styled matter.  In support of which, the Defendant shows the Court as follows:

### I. INDICTMENT

Mr. McAbee was named in a four count indictment on August 17, 2021, alleging - Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.

### II.  PLEA AND COOPERATION

On May 5, 2022, pursuant to a plea agreement, Mr. McAbee entered a plea of "Guilty" to Counts I-IV of the indictment.  The Government made no offers of favorable sentencing, but has permitted the Defendant to seek a variance or downward departure.  Because of the nature of the charge, there was not a good opportunity to cooperate with the Government.  However, it should be noted that the Defendant has not filed Motions or in anyway acted to slow the progress of this prosecution.

## III.  SENTENCING FACTORS

When crafting the appropriate sentence, it is incumbent upon the Court to consider the sentencing factors identified at 18 U.S.C. § 3553.

A.     18 U.S.C. § 3553(a)(1) - the nature and circumstances of the offense, and the history and characteristics of the Defendant

Mr. McAbee was born on January 2, 1990 to Chuck McAbee and Robin Sparker.  Robin died of cancer in 2017.  His parents separated when he was two years old, but remained amicable after that.  Both were involved in Mr. McAbee's raising.  Mr. McAbee reports that he lived in Sand Springs for the bulk of his childhood and had a good childhood, despite the fact that his stepfather and mother were verbally and emotionally abusive to him as the result of him being overweight.  As the result of the emotional abuse, he suffered from bulimia from 2002 to 2018.

Mr. McAbee married Jamie Renoit in 2012, but that marriage ended in divorce with no children.  He then married Courtney McAbee in 2016, but was divorced in October 11, 2022 following the facts giving rise to the instant case being discovered.  They have one child, who is the victim of this offense. Knowing that he was going to be incarcerated for a long time and knowing that his child would need support, he signed over all of his assets and 75% of his retirement to his wife on the day of his arrest.

 When Mr. McAbee was 17 years old, he began working with his uncle (who was a CPA) doing accounting.  Mr. McAbee graduated from high school.  He immediately went to work for QuickTrip.  He was first placed in their accounting department despite the fact he had no college.  He did have two years of accounting in high school and placed in the top 100 in the nation in an accounting competition in high school.  He began attending Tulsa Community College in 2008, but did not want to continue in the accounting area, seeking instead to be moved to the stores.  He then began as a store clerk at the age of 19.   He became a night

2

manager a year later.   Within a year, he was promoted to area assistant manager.   A year after that, he was sent to South Carolina to open stores for QuickTrip.   Soon thereafter, he was promoted to first assistant manager and and put on the list to be promoted to store manager.   He transferred back to Oklahoma to care for his ailing grandmother.   As a part of his responsibilities, he engaged in scheduling, did profit and loss statements, cash audits, and did both weekly and monthly cash analysis.   Additionally, he was responsible for all of the set up and human resources issues in the store.   He was repeatedly recognized for excellence by both management and employees often receiving their top ratings in employee reviews. Mr. McAbee only lost his employment at QuickTrip following his arrest in the instant case.

Mr. McAbee was an avid church-goer and continues to participate in the religion (as evidenced by his many certificates received since he has been incarcerated.

Between 2019 and 2021. Mr. McAbee's life took an unpredictable turn.   He began participating in internet forum sites via Kik Messenger (acting in some instances as an administrator for the site).   Mr. McAbee used hidden cameras within his home to take pictures of his three-year-old daughter in various stages of undress or engaged in various activities.   Mr. McAbee would then trade those images to other members of the forum group.   These images (as well as images belonging to other members) were circulated and traded throughout the group. Additionally, it appears from the evidence that Mr. McAbee also collected known CSAM images that involved known victims not related to these sites.

B.    <u>18 U.S.C. § 3553(2) - the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense: (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the Defendant: and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

(a)    *The seriousness of the offense, the need to promote respect for the law, and to provide just punishment for the offense*.

This is a very serious offense.  Mr. McAbee has victimized his own child - but has taken responsibility for his actions.  While it is true that Mr. McAbee was labeled as a "administrator" many of the other users were similarly situated with similar responsibilities.  This label did not make him an organizer, he was simply a user - like many others.

Each of the crimes charged carry significant minimum sentences - the greatest of which is 20 years.  The maximum sentence is up to life.  Such a range allows the court great discretion when imposing a punishment.  While it is true that every offense must have a punishment in order that the law be respected, it is axiomatic that the punishment be no more than what is necessary for the punishment to be just for the offense.  Functioning in this manner is precisely how the courts will promote respect for the law.  Mr. McAbee is facing a lengthy period of incarceration.  In addition, he is facing a lengthy period of post incarceration supervision and the obligation to register as a sex offender for the rest of his life.

(b)    *The need to afford adequate deterrence to criminal conduct.*

In any penal system, the taking away of the liberty of a defendant is the second greatest penalty to be imposed, second only to the death penalty. Time is the one thing that each of us possesses that can never be recovered. When we prescribe a term of years as punishment, we are essentially requiring the individual to forfeit a percentage of their life.  Regardless of the type of sentence, the threat of incarceration is by definition deterrence to others that might consider this kind of criminal activity.  Mr. Brumfield is 33 years old.  Even the statutory minimum represents

4

two-thirds of the life he has lived.  It will represent 40% of his life at the time of his release.   It
is also enough to provide deterrence to the Defendant.  The statutory minimum for these crimes
is deterrence by itself. The Sentencing Guidelines prepared by the probation office reflects a
guideline sentence of life (subject to the objections filed by the Defendant).  Since there is no
parole in the Federal system. This is the equivalent of the death penalty since it would require
the Defendant to die in custody.

       (c)     *The need to protect the public from further crimes of the defendant.*

Mr. McAbee is not likely to reoffend upon his release from prison.  The Department of
Justice tells us that sex offenders are less likely to reoffend than other criminals.[1]  Further this
lengthy sentence, along with his age at the time of release and treatment received while in
custody should persuade the Court that the public would be protected from any future crimes of
McAbee.  Further, the Court should consider the degree to which Mr. McAbee has already made
use of his time in custody, seeking out programs that will improve and rehabilitate him and keep
him in the confines of a law abiding lifestyle upon release.  (EX A)

       (d)     *The need to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most effective
manner.*

Mr. McAbee has already shown his willingness to self-enroll in and seek out helpful
programs while in custody.  (Again, see Exhibit A) However, it still goes without saying that Mr.
McAbee is in need of sex offender treatment and counseling.

---

[1] https://smart.ojp.gov/somapi/chapter-5-adult-sex-offender-recidivism#:~:text=%22Rese
arch%20indicates%20that%20female%20sex,rates%20than%20male%20sex%20offenders.%22

C.      18 U.S.C. § 3553(a)(3) - the kinds of sentences available pursuant to 18 U.S.C. § 3553(a)(4)(A) - the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Based upon the calculations conducted by Probation, the sentencing guidelines place the Mr. McAbee is in Zone D and is therefore ineligible for probation.  Further, because of the nature of the crime charged, he is ineligible for probation.

D.      18 U.S.C. § 3553 (a) (5) - any pertinent policy statement

Counsel is aware of no pertinent policy statement.

E.      18 U.S.C. § 3553(a)(6) - the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Counsel is not aware of other similarly situated defendants that have been sentenced. Counsel is certain that the Court will recall *United States v. Vanderburg*, 21-CR-410-JFH, in which this Court sentenced the Defendant to a life sentence.  Counsel would point out that while both of these cases involved a Defendant that had not only made pornographic pictures with his own daughter, the Defendant in *Vanderburg* had participated in the abuse by inserting objects into the child's vagina.  That actual victimization is absent here.  In fact, the child was photographed using hidden cameras, therefore the child may have no knowledge that she was being photographed.

F.      18 U.S.C. § 3553(a)(7) - the need to provide restitution to any victims of the offense.

Mr. McAbee has agreed to pay restitution to his daughter in the amount of $5,000.  There are other claims for restitution for this offense, although they are not particularized or ascertainable.  However, pursuant to 18 USC §§ 2259(b)(2)(A) and (B), the Court shall order restitution in the amount of no less than $3,000.00 to the victim in this case.  The exact amount of restitution is not ascertainable.

G.     Ability to pay a fine or assessments.

Mr. McAbee is aware that there is a $100-per-count assessment that is due at the time of sentencing.  However, as a result of the nature of the charge, there are other assessments that *may* be imposed by the Court.  There is a special monetary assessment of $5,000 per count that may be imposed pursuant to 18 USC § 3014.  However, this assessment is only available for non-indigent person pursuant to 18 USC § 3014(a).  In this case, Mr. McAbee has been found to be indigent by the Court before appointing counsel.  The probation office has indicated that the court shall also impose an assessment pursuant to 18 USC 2259A of *not more than* $35,000 resulting from the conviction for "any person convicted of a trafficking in child pornography. However, there are no facts in this case and no crime under which Mr. Brumfield has been convicted that would trigger this assessment.  Finally, when imposing this sentence, the court should consider the 3553(a) factors discussed above and the factors under 18 USC § 3572.

1.     Defendant's income, earning capacity, and financial resources;

Mr. McAbee's earning capacity at this time is non-existent.  Even though he has a job history that commands a comfortable salary, it is unlikely that he would be able to return to similar work upon his release.

2.     The burden the fine will impose on the defendant, any person who is financially dependent on the defendant or any other person (including the government) that would be responsible for the welfare of any person financially dependant on the defendant, relative to the burden that alternative punishments would impose;

There is no person that is financially dependant upon the defendant at this time, although pursuant to the terms of his divorce decree (Tulsa County FD-2019-1163), he is acruing a child support arreatage at the rate of $1,092.24 per month, which shall accrue and collect interest until the child turns 20 or graduates from high school.  The burden placed on the defendant cannot be proven, following what is expected to be a sentence resulting in a period of incarceration.  Any

employment that he might obtain would be expected to be menial as the result of his status of being a convicted felon and a registered sex offender.  That low potential for income combined with what will be a crippling child support arrearage would result in a significant burden to the Defendant and the mother to whom the child support will be owed.

3.      Any pecuniary loss inflicted upon others as a result of the offense;

There has been no quantified economic loss to any person as the result of the offense.

4.      Whether restitution is ordered or made and the amount of said restitution;

It is expected that there will be $5,000 of restitution ordered as a result of the plea agreement.

5.      The need to deprive the defendant of illegally obtained gains from the offense;

The defendant did not profit from this offense.

6.      The expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

It is expected that the government will have a cost of imprisonment of the defendant resulting from his treatment and continued education and skills training during his period of incarceration.

7.      Whether the defendant can pass on to consumers or other persons the expense of the fine; and

The defendant does not have any consumers that the costs could be passed on to.

8.      If the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

The defendant is an individual and therefore there is no organization as contemplated by this factor.

## V.  CONCLUSION

Before the Court is a 33-year-old man who is being sentenced based upon a plea of guilty to Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.   Mr. McAbee would request that this Court consider the characteristics articulated in this memorandum, his willingness to accept treatment, and the programs in which he has already participated in or completed when imposing sentence. Mr. McAbee would request the Court to consider that this conviction is the first in his life and impose a sentence that is only great enough to impose a just punishment and no more.

Respectfully Submitted,

/s/ John M. Dunn
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Email: jmdunn@johndunnlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

/s/ John M. Dunn
John M. Dunn



CROSSROADS

CERTIFICATE OF ACHIEVEMENT

THIS CERTIFIES THAT

Cameron McAbee

HAS SUCCESSFULLY COMPLETED

WHAT IS THE BIBLE?

Joseph Pryor
President & CEO, Crossroads

September 28, 2022
Date

Appellate Case: 23-5637   Document: 010110960146   Date Filed: 11/09/2023   Page: 117



Appellate Case: 23-5067   Document: 010110950146   Date Filed: 11/09/2023   Page: 118



Certificate of Completion

Awarded to

Cameron McAbee

in recognition of completing
the Bible correspondence course

Foundations of Faith

A study of thirty Biblical topics from the Old and New
Testaments which form a basis for Christianity.

memorial road
CHURCH OF CHRIST

November 18, 2022

Prison Ministry Director





Certificate of Completion

Awarded to

Cameron McAbee

in recognition of completing
the Bible correspondence course

Into All the World

A 10-lesson introduction to the New Testament book
of Acts and the history of the church established by Christ.

July 14, 2022

memorial road
CHURCH OF CHRIST

Prison Ministry Director



Certificate of Completion

Awarded to

Cameron McAbee

In recognition of completing
The Bible correspondence course

Studies in the Bible

A 30-lesson study of the Old and New Testaments.

memorial road
CHURCH OF CHRIST

June 8, 2022

Prison Ministry Director

Certificate of

# BAPTISM

*This certifies that*

Cameron McAbee

*was baptized in the name of the Father and of the Son and of the Holy Spirit on*

the  28th  day of  April 2022

at  Pawnee County

of  Pawnee County Jail Prison Ministry

Reverend Johnny Wagner

*Pastor*

KNOW YE NOT, THAT SO MANY OF US AS WERE BAPTIZED INTO JESUS CHRIST WERE BAPTIZED INTO HIS DEATH? THEREFORE WE ARE BURIED WITH HIM BY BAPTISM INTO DEATH: THAT LIKE AS CHRIST WAS RAISED UP FROM THE DEAD BY THE GLORY OF THE FATHER, EVEN SO WE ALSO SHOULD WALK IN NEWNESS OF LIFE. *Romans 6:3-1-1974*

# Certificate of Completion

*Awarded to*

## Cameron McAbee

*in recognition of completing*
*the Bible correspondence course*

### What Does the Bible Teach About?

*A 25-lesson study designed to strengthen understanding of*
*25 different topics of the Bible.*

memorial road
C H U R C H   O F   C H R I S T

*Terry Way*

*May 15, 2023*

*Prison Ministry Director*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  21-CR-361-JFH |
| | ) |
| CAMERON KELLY MCABEE, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

COMES NOW, Cameron Kelly McAbee, by and through his attorney of record, John M. Dunn, and respectfully objects to the Pre-Sentence Report.  Specifically, the Defendant objects to certain enhancements being applied to the Sentencing Guideline Calculation conducted by the United States Probation Office.  In support of this Objection, the Defendant would show the Court as follows:

### STATEMENT OF FACTS

1. In Paragraph 26, Mr. McAbee is given a base level of 32 because he is the parent of the victim in his crime of conviction, specifically, Count 2: Sexual Exploitation of a Child by a Parent.

2. In Paragraph 28, Mr. McAbee receives a four-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head.

3. In Paragraph 30, Mr. McAbee receives a four-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus.

4. In Paragraph 31, Mr. McAbee receives a two-level enhancement because he is the parent of the victim in this case.

## ARGUMENT AND AUTHORITY

The Defendant is objecting to the application of three of the enhancements or in the alternative the probation office beginning the calculation with the application of §2G2.1. Essentially, the Defendant contends that the calculations done by probation should either be reduced by 10 levels, which would result in a final offense level of 37 not 47 (reduced to 43), or the application of different guidelines which would have resulted in final offense level of 35.

A. The Probation Office erred in combining the facts of all of the convictions AND applying §2G2.1.

The probation office has chosen to combine all of the crimes and then apply §2G2.1 and its enhancements to all of the conduct across the board.  Such an application yields an unreasonably high results that contains multiple double enhancements for the same fact – that Mr. McAbee is S.M.'s parent.  Not only does he begin 10 points higher, but he receives an additional enhancement of 2 points based upon the same facts.  (Note that §2G1.2 begins at a base level of 22.)  Making all of the same enhancements that were made by probation in its calculation, the result is a level 35 for a range of 168 – 210 months, which is *below* the statutory minimum of these charges.[1] (See Ex A).

While the Probation Office may have correctly chosen the section to apply, they then go to other crimes in order to apply enhancements.  In other words, the guideline chosen to use the guideline that punishes parents for sexually exploiting their own children (which should be

---

[1] Counsel would note that it is not dispositive or even meaningful to consider that the guidelines are below the statutory minimum. This occurrence is relatively common in other sex crimes, including enticement. and some child pornography offenses.  This anomaly also is known to extend to some drug offenses.

harsher) but then bringing in enhancements that are not relevant to the photographs of Mr. McAbee's child.  As a result, Mr. McAbee receives a total of eight levels of enhancement that do not pertain to his child, followed by a two-level enhancement that one only gets if they are the parent of the victim.

B. <u>The Probation Office applies §2G2.1(b)(4)(B) and §2G2.1(b)(2)(B) without adequate justification.</u>

The Probation Office applies the enhancement under §2G2.1(b)(2)(B) citing evidence that in one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head.  They further applied the enhancement under §2G2.1(b)(4)(B) citing evidence that a "nude toddler's hands were bound by tape".  The Probation Office fails to identify whether those pictures are pictures of S.M.  Based upon the evidence of the case, it is believed that they are not.  The fact that these enhancements, resulting in a total of an eight-level enhancement, are not related to the parent offender / child victim that is contemplated by these guidelines.  This is inappropriate since the Probation Office began its analysis through the crime of conviction of Count II - Sexual Exploitation of a Child by a Parent.  The enhancements to the base level for this offense should be relevant to this offense[2].  Defendant contends that there were actually two offenses or schemes that were being perpetrated.  The first was the manufacturing of child pornography involving his daughter.  The second was the collection and trading of existing child pornography (as evidenced by the named series disclosed in the Presentence Report that were never a part of the "trading" scheme that was occurring in the Kik groups.  Had those schemes been evaluated separately, the proper enhancements could

---

[2] Counsel notes and is aware of the use of "Relevant Conduct" for enhancements.  Counsel is raising this issue for the purposes of testing / clarifying the law on this subject.

3

have been applied to each one and the proper enhancement for non-grouped offenses could have been given, if required.  If this is evaluated from the prospective of two criminal acts, the sentencing guidelines yield a Level 37 with a range of 210-262 months. (Ex B)

C. <u>The Incorrect Guideline Calculation Leads to an Unreasonable Sentence</u>

It has been long said that 'a sentence within the guideline range is presumptively reasonable.  This is so self evident and to not need authority to support it.  However, That statement relies on a correctly calculated guidelines.

> To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, **correctly calculated** the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence.
>
> *United States v. Bernandino-Mejia*, 238 F. App'x 373, 375 (10th Cir. 2007), See also *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114-15 (10th Cir. 2006) (Emphasis Added).

As is shown here, an incorrectly calculated guideline sentence leads to a disproportionately large sentence, which is unreasonable.   Since 3553 requires that a sentence that is imposed be reasonable, an unreasonable sentence would actually also be a sentence that is contrary to law.   If there is no clear authority either way, then as this is a criminal matter, the decision should be made in favor of the accused and in against the government.  Therefore the lesser sentence should be the one imposed.

## **<u>CONCLUSION</u>**

The guidelines chosen by the probation office have artificially inflated the sentence to which Mr. McAbee is exposed.  Defendant contends that the correct application of the guidelines, which recognizes that there were in fact two separate criminal schemes being perpetrated, would result in a Level 37 with a range of 210-262 months.   Mr. McAbee

4

respectfully requests that this Court enter an order adopting the sentencing guideline

calculations attached hereto as Exhibit B.


Respectfully submitted,

 /s/ John Dunn_____
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com
ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.


 /s/ John Dunn_____
John M. Dunn, OBA No. 20975

5

# Sentencing.us

A free U.S. Federal Sentencing
Guidelines calculator

| Months:<br>168-210 | Zone:<br>D | Level:<br>35 | History:<br>I | Fine:<br>$20,000 to $200,000 |
|---|---|---|---|---|

## Count 1: 18 U.S.C. § 2252

| 2G2.2(a)(1) | Base Offense Level | 18 |
|---|---|---|
| 2G2.2(b)(2) | the material involved a prepubescent minor or a minor who had not attained the age of 12 years | +2 |
| 2G2.2(b)(3)(F) | distribution other than distribution described in subdivisions (A) through (E) | +2 |

| | | |
|---|---|---|
| 2G2.2(b)(4) | the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler | +4 |
| 2G2.2(b)(5) | the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor | +5 |
| 2G2.2(b)(6) | the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material | +2 |
| 2G2.2(b)(7)(D) | 1,309 images | +5 |
| | Total offense level for this count | 38 |

## Acceptance of Responsibility (U.S.S.G. § 3E1.1)

| | | |
|---|---|---|
| § 3E1.1(a) | the defendant clearly demonstrates acceptance of responsibility for his offense | -2 |
| § 3E1.1(b) | Government motion | -1 |

# Criminal History (Chapter 4A)

| § 4A1.1 | Criminal history level: I (0 or 1 points) | |
|---|---|---|
| | Total points (Criminal History category I) | |

## Count 1: 18 U.S.C. § 2252

What is the offense of conviction?

18   U.S.C. § 2252   OK   (or, Child pornography ▾ )

Applying § 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic, Possessing Material Involving the Sexual Exploitation of a Minor)

Defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), or § 2252A(a)(5)?

☑ Yes

The material involved a prepubescent minor or a minor who had not attained the age of 12 years?

☑ Yes

The offense involved distribution for pecuniary gain?

☐ Yes

The offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct?

☐ Yes

The offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity?

☐ Yes

The defendant distributed in exchange for any valuable consideration, but not for pecuniary gain?

☐ Yes

Offense involved distribution to a minor?
☐ Yes

Defendant knowingly engaged in distribution?
☑ Yes

The offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler?
☑ Yes

The defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor?
☑ Yes

The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material?
☑ Yes

The number of images involved in the offense?

1309

# Adjustments as appropriate related to victim, role, and obstruction of justice

Which adjustment guidelines might apply to this count?

☐ § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)
☐ § 3A1.2 (Official Victim)
☐ § 3A1.3 (Restraint of Victim)
☐ § 3A1.4 (Terrorism)
☐ § 3A1.5 (Serious Human Rights Offense)
☐ § 3B1.1 (Aggravating Role)
☐ § 3B1.2 (Mitigating Role)
☐ § 3B1.3 (Abuse of Position of Trust or Use of Special Skill)
☐ § 3B1.4 (Using a Minor To Commit a Crime)
☐ § 3B1.5 (Use of Body Armor in Drug Trafficking Crimes and Crimes of Violence)
☐ § 3C1.1 (Obstructing or Impeding the Administration of Justice)
☐ § 3C1.2 (Reckless Endangerment During Flight)
☐ § 3C1.3 (Commission of Offense While on Release)
☐ § 3C1.4 (False Registration of Domain Name)

⌄   Acceptance of Responsibility

# Applying § 3E1.1 (Acceptance of Responsibility)

The defendant clearly demonstrates acceptance of responsibility for his offense?

☑ Yes

Government moves that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently?

☑ Yes

## ⌄ Criminal History

# Applying § 4A1.1 (Criminal History Category)

What is the defendant's Criminal History Category?

I (0 or 1 points) ⌄

## ⌄ Career Offender and Criminal Livelihood

# Chapter 4B: Career Offenders and Criminal Livelihood

Which of the following provisions might apply to this defendant?

☐ § 4B1.1 (Career Offender)

☐ § 4B1.3 (Criminal Livelihood)

☐ § 4B1.4 (Armed Career Criminal)

☐ § 4B1.5 (Repeat and Dangerous Sex Offender Against Minors)

## News and Updates

Based on the Nov. 1, 2018, United States Sentencing Commission Guidelines Manual

By Josh Goldfoot (e-mail: dev@sentencing.us). Accuracy is not guaranteed. Error reports and suggestions are welcome. This is a personal project, not affiliated with any government agency or law firm. Do not ask me to apply the guidelines for you. This site does not provide legal advice. Hire a lawyer for legal advice. Photo credit.

# Sentencing.us

A free U.S. Federal Sentencing Guidelines
calculator

| Months: | Zone: | Level: | History: | Fine: |
|---|---|---|---|---|
| **210-262** | **D** | **37** | **I** | **$20,000 to $200,000** |

## Count 1: 18 U.S.C. § 2251(a),(b)

| | | |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | offense involved a minor who had not attained the age of twelve years | +4 |
| 2G2.1(b)(5) | defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant | +2 |
| | Total offense level for this count | 38 |

## Count 2: 18 U.S.C. § 2252

| | | |
|---|---|---|
| 2G2.2(a)(2) | Base Offense Level | 22 |
| 2G2.2(b)(2) | the material involved a prepubescent minor or a minor who had not attained the age of 12 years | +2 |
| 2G2.2(b)(3)(F) | distribution other than distribution described in subdivisions (A) through (E) | +2 |
| 2G2.2(b)(4) | the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler | +4 |
| 2G2.2(b)(6) | the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material | +2 |
| 2G2.2(b)(7)(A) | 120 images | +2 |
| | Total offense level for this count | 34 |

## Multiple Counts (Chapter 3D)

| | | |
|---|---|---|
| § 3D1.1(a)(1) | Counts grouped as follows: Group 1 is Count 1 (18 U.S.C. § 2251(a),(b)). Group 2 is Count 2 (18 U.S.C. § 2252). | |
| § 3D1.1(a)(2) & 3D1.3 | Offense levels applicable for each group: Group 1: 38; Group 2: 34. Highest offense level: 38 | |

| § 3D1.1(a)(3) | Total units: 2 units, increase of 2. Breakdown: Group 1: 1 unit; Group 2: 1 unit | +40 |

### Acceptance of Responsibility (U.S.S.G. § 3E1.1)

| § 3E1.1(a) | the defendant clearly demonstrates acceptance of responsibility for his offense | -2 |
| § 3E1.1(b) | Government motion | -1 |

### Criminal History (Chapter 4A)

| § 4A1.1 | Criminal history level: I (0 or 1 points) | |
| | Total points (Criminal History category I) | |

---

## Count 1: 18 U.S.C. § 2251(a),(b) ⌄  🗑

**What is the offense of conviction?**

`18` U.S.C. § `2251(b)` `OK` (or, `Child pornography` ⌄ )

**Please be more specific?**

`18 U.S.C. § 2251(a),(b)` ⌄

Applying § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production)

Offense involved a minor who had not attained the age of twelve years?
☑ Yes

Offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b)?
☐ Yes

Offense involved the commission of a sexual act or sexual contact?
☐ Yes

Defendant knowingly engaged in distribution?
☐ Yes

Offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) an infant or toddler?
☐ Yes

Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant?
☑ Yes

For the purpose of producing sexually explicit material, the offense involved (A) the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage sexually explicit conduct; or (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually

explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct?

☐ Yes

The victim was killed in circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States?

☐ Yes

<span style="color:red">Adjustments as appropriate related to victim, role, and obstruction of justice</span>

Which adjustment guidelines might apply to this count?
☐ § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)
☐ § 3A1.2 (Official Victim)
☐ § 3A1.3 (Restraint of Victim)
☐ § 3A1.4 (Terrorism)
☐ § 3A1.5 (Serious Human Rights Offense)
☐ § 3B1.1 (Aggravating Role)
☐ § 3B1.2 (Mitigating Role)
☐ § 3B1.3 (Abuse of Position of Trust or Use of Special Skill)
☐ § 3B1.4 (Using a Minor To Commit a Crime)
☐ § 3B1.5 (Use of Body Armor in Drug Trafficking Crimes and Crimes of Violence)
☐ § 3C1.1 (Obstructing or Impeding the Administration of Justice)
☐ § 3C1.2 (Reckless Endangerment During Flight)
☐ § 3C1.3 (Commission of Offense While on Release)
☐ § 3C1.4 (False Registration of Domain Name)

---

⌄      **Count 2: 18 U.S.C. § 2252**      🗑 ➕

---

What is the offense of conviction?
[ 18 ] U.S.C. § [ 2252 ] [OK] (or, [ Child pornography ⌄ ] )

<span style="color:red">Applying § 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic, Possessing Material Involving the Sexual Exploitation of a Minor)</span>

Defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), or § 2252A(a)(5)?
☐ Yes

The defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and the defendant did not intend to traffic in, or distribute, such material?
☐ Yes

The material involved a prepubescent minor or a minor who had not attained the age of 12 years?
☑ Yes

The offense involved distribution for pecuniary gain?
☐ Yes

The offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct?

☐ Yes

The offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity?
☐ Yes

The defendant distributed in exchange for any valuable consideration, but not for pecuniary gain?
☐ Yes

Offense involved distribution to a minor?
☐ Yes

Defendant knowingly engaged in distribution?
☑ Yes

The offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler?
☑ Yes

The defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor?
☐ Yes

The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material?
☑ Yes

The number of images involved in the offense?
```
1200
```

**Adjustments as appropriate related to victim, role, and obstruction of justice**

Which adjustment guidelines might apply to this count?
☐ § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)
☐ § 3A1.2 (Official Victim)
☐ § 3A1.3 (Restraint of Victim)
☐ § 3A1.4 (Terrorism)
☐ § 3A1.5 (Serious Human Rights Offense)
☐ § 3B1.1 (Aggravating Role)
☐ § 3B1.2 (Mitigating Role)
☐ § 3B1.3 (Abuse of Position of Trust or Use of Special Skill)
☐ § 3B1.4 (Using a Minor To Commit a Crime)
☐ § 3B1.5 (Use of Body Armor in Drug Trafficking Crimes and Crimes of Violence)
☐ § 3C1.1 (Obstructing or Impeding the Administration of Justice)
☐ § 3C1.2 (Reckless Endangerment During Flight)
☐ § 3C1.3 (Commission of Offense While on Release)
☐ § 3C1.4 (False Registration of Domain Name)

ˇ     Multiple Counts

**Applying § 3D1.1 (Procedure for Determining Offense Level on Multiple Counts)**

Group the counts resulting in conviction into distinct Groups of Closely Related Counts. All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve

substantially the same harm within the meaning of this rule:

    a. When counts involve the same victim and the same act or transaction.
    b. When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
    c. When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
    d. When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

## Group 1

Count 1: 18 U.S.C. § 2251(a),(b) [ Group 1 ▾ ]

## Group 2

Count 2: 18 U.S.C. § 2252 [ Group 2 ▾ ]

---

⌄        **Acceptance of Responsibility**

Applying § 3E1.1 (Acceptance of Responsibility)

The defendant clearly demonstrates acceptance of responsibility for his offense?
☑ Yes

Government moves that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently?
☑ Yes

---

⌄        **Criminal History**

Applying § 4A1.1 (Criminal History Category)

What is the defendant's Criminal History Category?
[ I (0 or 1 points)          ▾ ]

---

⌄        **Career Offender and Criminal Livelihood**

Chapter 4B: Career Offenders and Criminal Livelihood

Which of the following provisions might apply to this defendant?
☐ § 4B1.1 (Career Offender)
☐ § 4B1.3 (Criminal Livelihood)
☐ § 4B1.4 (Armed Career Criminal)
☐ § 4B1.5 (Repeat and Dangerous Sex Offender Against Minors)

5/31/23, 2:09 PM                    Sentencing Guidelines Citation US · sentencing.us

Case 4:21-cr-00361-JFH   Document 46-2   Filed 05/31/23   Page 6 of 6
Appellate Case: 23-5097   Document: 010110950146   Date Filed: 11/09/2023   Page: 142

Based on the Nov. 1, 2018, United States Sentencing Commission Guidelines Manual

News and Updates

By Josh Goldfoot (e-mail: dev@sentencing.us). Accuracy is not guaranteed. Error reports and suggestions are welcome. This is a personal project, not affiliated with any government agency or law firm. Do not ask me to apply the guidelines for you. This site does not provide legal advice. Hire a lawyer for legal advice. Photo credit.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  21-CR-361-JFH |
| | ) |
| CAMERON KELLY MCABEE, | ) |
| | ) |
| Defendant. | ) |

_DEFENDANT CAMERON MCABEE'S SENTENCING MEMORANDUM_

**COMES NOW,** Defendant Cameron McAbee, by and through his attorney of record, John M. Dunn, and respectfully offers this Sentencing Memorandum to the Court for consideration when imposing sentence in the above-styled matter.  In support of which, the Defendant shows the Court as follows:

**I. INDICTMENT**

Mr. McAbee was named in a four count indictment on August 17, 2021, alleging - Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.

**II.  PLEA AND COOPERATION**

On May 5, 2022, pursuant to a plea agreement, Mr. McAbee entered a plea of "Guilty" to Counts I-IV of the indictment.  The Government made no offers of favorable sentencing, but has permitted the Defendant to seek a variance or downward departure.  Because of the nature of the charge, there was not a good opportunity to cooperate with the Government.  However, it should be noted that the Defendant has not filed Motions or in anyway acted to slow the progress of this prosecution.

## III.  SENTENCING FACTORS

When crafting the appropriate sentence, it is incumbent upon the Court to consider the sentencing factors identified at 18 U.S.C. § 3553.

A.      18 U.S.C. § 3553(a)(1) - the nature and circumstances of the offense, and the history and characteristics of the Defendant

Mr. McAbee was born on January 2, 1990 to Chuck McAbee and Robin Sparker.  Robin died of cancer in 2017.  His parents separated when he was two years old, but remained amicable after that.  Both were involved in Mr. McAbee's raising.  Mr. McAbee reports that he lived in Sand Springs for the bulk of his childhood and had a good childhood, despite the fact that his stepfather and mother were verbally and emotionally abusive to him as the result of him being overweight.  As the result of the emotional abuse, he suffered from bulimia from 2002 to 2018.

Mr. McAbee married Jamie Benoit in 2012, but that marriage ended in divorce with no children.  He then married Courtney McAbee in 2016, but was divorced in October 11, 2022 following the facts giving rise to the instant case being discovered.  They have one child, who is the victim of this offense. Knowing that he was going to be incarcerated for a long time and knowing that his child would need support, he signed over all of his assets and 75% of his retirement to his wife on the day of his arrest.

When Mr. McAbee was 17 years old, he began working with his uncle (who was a CPA) doing accounting.  Mr. McAbee graduated from high school.  He immediately went to work for QuickTrip.  He was first placed in their accounting department despite the fact he had no college.  He did have two years of accounting in high school and placed in the top 100 in the nation in an accounting competition in high school.  He began attending Tulsa Community College in 2008, but did not want to continue in the accounting area, seeking instead to be moved to the stores.  He then began as a store clerk at the age of 19.   He became a night

2

manager a year later.   Within a year, he was promoted to area assistant manager.   A year after that, he was sent to South Carolina to open stores for QuickTrip.   Soon thereafter, he was promoted to first assistant manager and and put on the list to be promoted to store manager.   He transferred back to Oklahoma to care for his ailing grandmother.   As a part of his responsibilities, he engaged in scheduling, did profit and loss statements, cash audits, and did both weekly and monthly cash analysis.   Additionally, he was responsible for all of the set up and human resources issues in the store.   He was repeatedly recognized for excellence by both management and employees often receiving their top ratings in employee reviews. Mr. McAbee only lost his employment at QuickTrip following his arrest in the instant case.

Mr. McAbee was an avid church-goer and continues to participate in the religion (as evidenced by his many certificates received since he has been incarcerated.

Between 2019 and 2021. Mr. McAbee's life took an unpredictable turn.   He began participating in internet forum sites via Kik Messenger (acting in some instances as an administrator for the site).  Mr. McAbee used hidden cameras within his home to take pictures of his three-year-old daughter in various stages of undress or engaged in various activities.   Mr. McAbee would then trade those images to other members of the forum group.   These images (as well as images belonging to other members) were circulated and traded throughout the group. Additionally, it appears from the evidence that Mr. McAbee also collected known CSAM images that involved known victims not related to these sites.

B.   18 U.S.C. § 3553(2) - the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense: (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the Defendant: and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(a)   *The seriousness of the offense, the need to promote respect for the law, and to provide just punishment for the offense.*

This is a very serious offense.  Mr. McAbee has victimized his own child - but has taken responsibility for his actions.  While it is true that Mr. McAbee was labeled as a "administrator" many of the other users were similarly situated with similar responsibilities.  This label did not make him an organizer, he was simply a user - like many others.

Each of the crimes charged carry significant minimum sentences - the greatest of which is 20 years.  The maximum sentence is up to life.  Such a range allows the court great discretion when imposing a punishment.  While it is true that every offense must have a punishment in order that the law be respected, it is axiomatic that the punishment be no more than what is necessary for the punishment to be just for the offense.  Functioning in this manner is precisely how the courts will promote respect for the law.  Mr. McAbee is facing a lengthy period of incarceration.  In addition, he is facing a lengthy period of post incarceration supervision and the obligation to register as a sex offender for the rest of his life.

(b)   *The need to afford adequate deterrence to criminal conduct.*

In any penal system, the taking away of the liberty of a defendant is the second greatest penalty to be imposed, second only to the death penalty. Time is the one thing that each of us possesses that can never be recovered. When we prescribe a term of years as punishment, we are essentially requiring the individual to forfeit a percentage of their life.  Regardless of the type of sentence, the threat of incarceration is by definition deterrence to others that might consider this kind of criminal activity.  Mr. McAbee is 33 years old.  Even the statutory minimum represents

4

two-thirds of the life he has lived.  It will represent 40% of his life at the time of his release.   It is also enough to provide deterrence to the Defendant.  The statutory minimum for these crimes is deterrence by itself. The Sentencing Guidelines prepared by the probation office reflects a guideline sentence of life (subject to the objections filed by the Defendant).  Since there is no parole in the Federal system. This is the equivalent of the death penalty since it would require the Defendant to die in custody.

(c)    *The need to protect the public from further crimes of the defendant.*

Mr. McAbee is not likely to reoffend upon his release from prison.  The Department of Justice tells us that sex offenders are less likely to reoffend than other criminals.[1]  Further this lengthy sentence, along with his age at the time of release and treatment received while in custody should persuade the Court that the public would be protected from any future crimes of McAbee.  Further, the Court should consider the degree to which Mr. McAbee has already made use of his time in custody, seeking out programs that will improve and rehabilitate him and keep him in the confines of a law abiding lifestyle upon release.  (EX A)

(d)    *The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. McAbee has already shown his willingness to self-enroll in and seek out helpful programs while in custody.  (Again, see Exhibit A) However, it still goes without saying that Mr. McAbee is in need of sex offender treatment and counseling.

---

[1] https://smart.ojp.gov/somapi/chapter-5-adult-sex-offender-recidivism#:~:text=%22Rese
arch%20indicates%20that%20female%20sex,rates%20than%20male%20sex%20offenders.%22

C.    18 U.S.C. § 3553(a)(3) - the kinds of sentences available pursuant to 18 U.S.C. § 3553(a)(4)(A) - the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Based upon the calculations conducted by Probation, the sentencing guidelines place the Mr. McAbee is in Zone D and is therefore ineligible for probation.  Further, because of the nature of the crime charged, he is ineligible for probation.

D.    18 U.S.C. § 3553 (a) (5) - any pertinent policy statement

Counsel is aware of no pertinent policy statement.

E.    18 U.S.C. § 3553(a)(6) - the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Counsel is not aware of other similarly situated defendants that have been sentenced. Counsel is certain that the Court will recall *United States v. Vanderburg*, 21-CR-410-JFH, in which this Court sentenced the Defendant to a life sentence.  Counsel would point out that while both of these cases involved a Defendant that had not only made pornographic pictures with his own daughter, the Defendant in *Vanderburg* had participated in the abuse by inserting objects into the child's vagina.  That actual victimization is absent here.  In fact, the child was photographed using hidden cameras, therefore the child may have no knowledge that she was being photographed.

F.    18 U.S.C. § 3553(a)(7) - the need to provide restitution to any victims of the offense.

Mr. McAbee has agreed to pay restitution to his daughter in the amount of $5,000.  There are other claims for restitution for this offense, although they are not particularized or ascertainable.  However, pursuant to 18 USC §§ 2259(b)(2)(A) and (B), the Court shall order restitution in the amount of no less than $3,000.00 to the victim in this case.  The exact amount of restitution is not ascertainable.

6

G.      Ability to pay a fine or assessments.

Mr. McAbee is aware that there is a $100-per-count assessment that is due at the time of sentencing.  However, as a result of the nature of the charge, there are other assessments that *may* be imposed by the Court.  There is a special monetary assessment of $5,000 per count that may be imposed pursuant to 18 USC § 3014.  However, this assessment is only available for non-indigent person pursuant to 18 USC § 3014(a).  In this case, Mr. McAbee has been found to be indigent by the Court before appointing counsel.  The probation office has indicated that the court shall also impose an assessment pursuant to 18 USC 2259A of *not more than* $35,000 resulting from the conviction for "any person convicted of a trafficking in child pornography. However, there are no facts in this case and no crime under which Mr. McAbee has been convicted that would trigger this assessment.  Finally, when imposing this sentence, the court should consider the 3553(a) factors discussed above and the factors under 18 USC § 3572.

1.      Defendant's income, earning capacity, and financial resources;

Mr. McAbee's earning capacity at this time is non-existent.  Even though he has a job history that commands a comfortable salary, it is unlikely that he would be able to return to similar work upon his release.

2.      The burden the fine will impose on the defendant, any person who is financially dependent on the defendant or any other person (including the government) that would be responsible for the welfare of any person financially dependant on the defendant, relative to the burden that alternative punishments would impose;

There is no person that is financially dependant upon the defendant at this time, although pursuant to the terms of his divorce decree (Tulsa County FD-2019-1163), he is acruing a child support arreatage at the rate of $1,092.24 per month, which shall accrue and collect interest until the child turns 20 or graduates from high school.  The burden placed on the defendant cannot be proven, following what is expected to be a sentence resulting in a period of incarceration.  Any

7

employment that he might obtain would be expected to be menial as the result of his status of being a convicted felon and a registered sex offender. That low potential for income combined with what will be a crippling child support arrearage would result in a significant burden to the Defendant and the mother to whom the child support will be owed.

3.      Any pecuniary loss inflicted upon others as a result of the offense;

There has been no quantified economic loss to any person as the result of the offense.

4.      Whether restitution is ordered or made and the amount of said restitution;

It is expected that there will be $5,000 of restitution ordered as a result of the plea agreement.

5.      The need to deprive the defendant of illegally obtained gains from the offense;

The defendant did not profit from this offense.

6.      The expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

It is expected that the government will have a cost of imprisonment of the defendant resulting from his treatment and continued education and skills training during his period of incarceration.

7.      Whether the defendant can pass on to consumers or other persons the expense of the fine; and

The defendant does not have any consumers that the costs could be passed on to.

8.      If the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

The defendant is an individual and therefore there is no organization as contemplated by this factor.

8

## V.  CONCLUSION

Before the Court is a 33-year-old man who is being sentenced based upon a plea of guilty to Count One: Child Exploitation Enterprise, Count Two: Sexual Exploitation of a Child by a Parent, Count Three: Receipt and Distribution of Child Pornography, and Count Four: Possession of Child Pornography in Indian Country.   Mr. McAbee would request that this Court consider the characteristics articulated in this memorandum, his willingness to accept treatment, and the programs in which he has already participated in or completed when imposing sentence. Mr. McAbee would request the Court to consider that this conviction is the first in his life and impose a sentence that is only great enough to impose a just punishment and no more.

Respectfully Submitted,

 /s/ John M. Dunn
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Email: jmdunn@johndunnlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

/s/ John M. Dunn
John M. Dunn

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  21-CR-361-JFH |
| | ) |
| CAMERON KELLY MCABEE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT DATED JUNE 14, 2023**

COMES NOW, Cameron Kelly McAbee, by and through his attorney of record, John M. Dunn, and respectfully objects to the Revised Pre-Sentence Report prepared on June 14, 2023. Specifically, the Defendant objects to certain enhancements being applied to the Sentencing Guideline Calculation conducted by the United States Probation Office. In support of this Objection, the Defendant would show the Court as follows:

**STATEMENT OF FACTS**

1. In Paragraph 25, Mr. McAbee is given a base level of 35 because he is convicted of an offense involving a sexual exploitation enterprise.

2. In Paragraph 26, Mr. McAbee receives a four-level enhancement because his daughter is under the age of 12.

3. In Paragraph 27, Mr. McAbee receives an additional two-level enhancement because he was the parent of the minor involved in the offense.

4. In Paragraph 28, Mr. McAbee receives a two-level enhancement because In one video, a nude female toddler's hands are bound by tape while an adult female inserts a finger into the toddler's anus. In one picture, a nude minor female has straps on her wrists and ankles while an adult male's penis is inside her mouth and his hand is on the back of her head.

5.  In Paragraph 29, Mr. McAbee receives a two-level enhancement because a computer was used in the offense.

6.  In Paragraph 34, Mr. McAbee receives a five-level enhancement because the offenses are covered sex crimes and he engaged in a pattern of activity involving coercion and enticement of a minor.  Specifically, Mr. McAbee produced hours of child pornography video of his toddler child over several years.

## ARGUMENT AND AUTHORITY

Mr. McAbee re-iterates and re-avers his position in his original objection that the correct calculation would be to begin with §2G1.2 , which was fully argued at Dkt# 46.  The Defendant is objecting to the application of the enhancement in Paragraph 34, which is a five-level enhancement that is applied pursuant to §4B1.5(b)(1) and comment or in the alternative the probation office beginning the calculation with the application of §2G2.6.  Essentially, the Defendant contends that the calculations done by probation should either be reduced by 5 levels, which would result in a final offense level of 45 not 50 (reduced to 42 through acceptance of responsibility), or the application of different guidelines which would have resulted in final offense level of 35.  When this enhancement is omitted, the correct finding is that Mr. McAbee is Level 42 and Category I, which would result in a guideline range of 360 months to life.

A.  The Probation Office erred applying §4B1.5.

The probation office has chosen to apply the five-level enhancement available under §4B1.5 asserting that "the offenses are covered sex crimes and he engaged in a pattern of activity involving coercion and enticement of a minor.  Specifically, Mr. McAbee produced hours of child pornography video of his toddler child over several years."   The conditions that must be present before the is enhancement may be applies are 1. A covered sex crime (Counts

2

1 and 2 are listed under 18 USC Chapter 110) **and "**the defendant engaged in a pattern of

activity involving coercion and enticement of a minor." Such is not the case here. On its face,

the Probation Office contends that the "defendant produced hours of child pornography of his

toddler child over several years." The facts of the case are that these recordings were made

using hidden cameras and the child was unaware that she was being recorded.

Under Federal Law, "coercion and enticement of a minor" is a specific crime under 18

USC 2251(a), which reads in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any
> minor to engage in, or who has a minor assist any other person to engage in, or
> who transports any minor in or affecting interstate or foreign commerce, or in
> any Territory or Possession of the United States, with the intent that such minor
> engage in, any sexually explicit conduct for the purpose of producing any visual
> depiction of such conduct or for the purpose of transmitting a live visual
> depiction of such conduct, shall be punished as provided under subsection (e),
> if such person knows or has reason to know that such visual depiction will be
> transported or transmitted using any means or facility of interstate or foreign
> commerce or in or affecting interstate or foreign commerce or mailed, if that
> visual depiction was produced or transmitted using materials that have been
> mailed, shipped, or transported in or affecting interstate or foreign commerce
> by any means, including by computer, or if such visual depiction has actually
> been transported or transmitted using any means or facility of interstate or
> foreign commerce or in or affecting interstate or foreign commerce or mailed.

A plain reading of the statute requires that the person being prosecuted be actively taking steps

to employ, use, persuade, induces, entice, or coerce. Hiding a camera and taking photographs

and movies of the undirected activities that a child may naturally do is not the same as taking

an affirmative act to get the child to engage in activities that they may not otherwise do. Black's

Law Dictionary defines "entice" as "[t]o solicit, persuade, or procure. *Nash v. Douglass*, 12

Abb. Prac. N. S. (N.Y.) 190; *People v. Carrier*, 46 Mich. 442, 9 N. W. 487; *Gould v. State*. 71

Neb. 651, 99[1] The same source defines "coercion" as "compulsion; force; duress. It may be

---

[1] https://thelawdictionary.org/?s=entice

either actual, (direct or positive.) where physical force Is put upon a man to compel him to do an act against his will, or implied."[2]  Whether the criminal statute is referenced or the individual words are defined, it is clear that, in order for the enhancement to apply, there **must** have been an affirmative act on the part of the defendant that results in the child engaging in the conduct that was filmed.  Such is simply not the case here.  While the surreptitious recording of his daughter in order to produce child pornography may be reprehensible, it is **not** the same as coercion or enticement.  Therefore, the enhancement is not appropriate.

    B.  The Incorrect Guideline Calculation Leads to an Unreasonable Sentence

It has been long said that 'a sentence within the guideline range is presumptively reasonable.  This is so self evident and to not need authority to support it.  However, That statement relies on a correctly calculated guidelines.

> To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, **correctly calculated** the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence.
>
> *United States v. Bernandino-Mejia*, 238 F. App'x 373, 375 (10th Cir. 2007), See also *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114-15 (10th Cir. 2006) (Emphasis Added).

As is shown here, an incorrectly calculated guideline sentence leads to a disproportionately large sentence, which is unreasonable.   Since 3553 requires that a sentence that is imposed be reasonable, an unreasonable sentence would actually also be a sentence that is contrary to law.   If there is no clear authority either way, then as this is a criminal matter, the decision should be made in favor of the accused and in against the government.  Therefore, the five-point enhancement pursuant to §4B1.5 should not be applied.

---

[2] https://thelawdictionary.org/?s=coercion

## CONCLUSION

The guidelines chosen by the probation office have artificially inflated the sentence to which Mr. McAbee is exposed by applying an enhancement that is not appropriate. While the Defendant contends that the correct guidelines are the ones that he proposed as a part of his Objection to Pre-Sentence Report at Dkt#46, if the Court were to adopt the guidelines calculated in the Pre-Sentence Report dated June 14, 2023, the Court should disallow the five-level enhancement at Paragraph 34 and find that the resulting guideline sentence is from a offense level 42 and criminal history category I which would result in a sentencing range of 360 months to life. Under those conditions, and for the reasons articulated in the Defendant's Amended Sentencing Memorandum at Dkt# 48.

Respectfully submitted,

 /s/ John Dunn_____
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar via ECF.

 /s/ John Dunn_____
John M. Dunn, OBA No. 20975

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                                          Case No. 21-CR-00361-JFH

CAMERON KELLY MCABEE,

               Defendant.

### Motion for One-Level Reduction
### for Acceptance of Responsibility

The government moves to reduce the defendant's total offense level by one additional level for early acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(b).  In support of its motion, the Government states that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

Accordingly, the Government asks this Court to decrease defendant's offense level by one additional level, as provided for in United States Sentencing Guideline § 3E1.1(b).

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


/s/ Christopher J. Nassar
Christopher J. Nassar, OBA No. 31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700


## Certificate of Service

I hereby certify that on the 14th day of July, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

John Dunn
*Defense Counsel*


/s/ Christopher J. Nassar
Christopher J. Nassar
Assistant United States Attorney

2

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CAMERON KELLY MCABEE,

       Defendant.

Case No. 21-CR-361-JFH

### Government's Sentencing Memorandum

A jury convicted Cameron McAbee of sexually exploiting his three-year-old daughter and possessing, receiving, and distributing child pornography. His egregious crimes earned McAbee an off-the-scale offense level of 50, and after a reduction to the maximum of 43, he faces a guidelines sentence of life imprisonment. Applying the § 3553(a) factors, this Court should impose that life term, as well as lifetime supervised release, and order payment of restitution to S.M. and all other requesting victims.

**Both the guidelines and the § 3553(a) factors warrant a life sentence.**

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. U.S.*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. In calculating the appropriate advisory guideline range, the district court should consider all relevant conduct proven by a

1

preponderance of the evidence. Relevant conduct under the Guidelines thus "

'comprises more, often much more, than the offense of conviction itself, and may

include uncharged and even acquitted conduct.' " *United States v. Altamirano-Quintero*,

511 F.3d 1087, 1095 (10th Cir.2007) (quoting *United States v. Allen*, 488 F.3d 1244,

1254-55 (10th Cir.2007)).  After determining the applicable advisory Guideline

range, the district court must then consider the sentencing factors pursuant to 18

U.S.C. § 3553(a) to shape an appropriate sentence.

Here, a guideline sentence of life imprisonment provides for a sentence that is

proportional to the heinous and egregious nature of the offenses, satisfies the factors

of 18 U.S.C. § 3553(a), and is not unmoored from the recommendations of the

Sentencing Guidelines. The nature of McAbee's conduct in this case is too heinous,

and his future risk to the community too great, to warrant a sentence less than life

imprisonment.

### a.  Nature and Circumstances of the Offense

McAbee exploited his daughter, who was three years old when he was arrested,

as well as facilitating and trading on the sexual exploitation of dozens of other

children around the world. Starting around July 1, 2019, McAbee began logging into

various internet chat forums dedicated to sharing sexual images and videos of the

members' young daughters engaged in sexually explicit conduct. McAbee was not

merely a member and active participant, but he also served as an administrator,

controlling the requirements for membership. As an administrator, McAbee enforced

admission rules, including a requirement that all prospective participants show that

they had access to a child. To remain members, they were required to periodically share images of the sexual abuse of that child. Another of McAbee's admission rules was that members who just joined the group were required to post a picture of themselves with their child, or a live image of their child, within three minutes of joining the group. This specific admission requirement was a direct effort to circumvent law enforcement investigations.

Investigators have apprehended at least 20 individuals connected to the chat forum administered by the defendant, not only in the United States, but also Australia, Canada, and Norway. At least 20 child victims, whose abuse was documented and traded on the forum run by the defendant, were able to be identified and rescued after investigators dismantled the forum.

Apart from administering these sites, McAbee took part in the sexual exploitation of his own daughter. McAbee took multiple graphic up close photos of his daughter's genitalia, often forcing her to pose in a suggestive manner, such as with a lollipop in her mouth. These photos were recovered from an encrypted storage application found on his iPhone, where they were kept in a folder separate from other files of child pornography entitled "S". Presumably for his daughter's first name. He then shared these exploitative images on the forum he administrated, distributing his daughter's abuse to other pedophiles around the world. In addition to sexually exploiting his daughter up close, McAbee also did so from a distance. McAbee installed throughout his house at least 10 hidden cameras, which he used to take explicit still and video images of his three-year-old daughter and other children and

adults that visited the house. McAbee had over one hundred images taken with these hidden cameras on his cell phone. Many of these images met the federal definition of child pornography and were also found to have been distributed to the forum administrated by McAbee. Investigators discovered messages from McAbee to other members of the group, where he discussed excitement over installing a pool so that his hidden camera system could capture other neighborhood children naked as they changed into swimsuits at his house. In addition to sending images of his daughter's sexual abuse to other members, McAbee repeatedly told them about abusing his own daughter, including holding the toddler down as she tried to escape the abuse.

On the McAbee's electronic devices, law enforcement found a total of 1,309 visual depictions of child sexual abuse. These visual depictions contained images of 18 different prepubescent minor females, many of which appear to images and videos created by other members of the forum as they sexually abused their own children. Several of these files depict children as young as toddlers being bound by either the wrists, ankles, or both, while being orally, vaginally, and anally raped by adult men and objects.

### b.  History and characteristics of the defendant

McAbee's most relevant characteristic is the level of exploitation he inflicted on his daughter and his decision to enable and encourage other adults to exploit their children as well.  Additionally, the level of his organization, as administrator, and his devious attempts to circumvent law enforcement shows the depth of his depravity and how far he was willing to go in order to exploit young children.

4

    **c. The need for the sentence to reflect seriousness of the offense, respect for the law, provide just punishment, deter future criminal conduct by defendant and others, and to protect the public from further crimes of the defendant**

    *1. A life sentence would reflect the seriousness of McAbee's offenses.*

"Retribution is a valid penological goal." *Glossip v. Gross*, 135 S. Ct. 2726, 2769 (2015) (Scalia, J. concurring). The "length of the sentence reflects the gravity of the crime." *United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008). Punishment is the way in which society expresses denunciation of wrongdoing, and it is thus essential that this Court promote and maintain respect for the law by pronouncing sentences that fully reflect society's revulsion. *See Gregg v. Georgia*, 428 U.S. 153, 184 n. 30 (1976) (citing Royal Commission on Capital Punishment, Minutes of Evidence, Dec. 1, 1949, p. 207 (1950)). In the same vein, Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98 225, at 75 76, 1984 U.S.C.C.A.N. 3258 59.

Here, the seriousness of McAbee's crimes, taken with the need for just punishment and the goal of promoting respect for the law, weigh heavily in favor of a life sentence.

    *2. A life sentence would promote respect for the law.*

This Court's sentence must consider the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child

5

pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act, and its later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

McAbee's actions violated federal law, but they also transgressed every conceivable normative principle undergirding our laws and the sense of trust and morality associated with being a parent. By installing hidden cameras in their family home, McAbee turned a space that should have been considered safe, into an intrusive environment. McAbee's sexual abuse and exploitation of against his own daughter and his encouragement of others to take advantage of children is repugnant and corrosive to our society. Nothing less than the guideline sentence of life in prison expresses an appropriate level of social condemnation of his crimes.

### 3.   *A life sentence would account for the impact on McAbee's crimes on victims*

Sexually exploited children struggle to develop healthy affectionate relationships, they suffer from sexual dysfunctions, and they tend to become sexual abusers themselves. *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted).

6

One thing is certain—just as his daughter reached the age of three, McAbee destroyed any possibility of her life ever being normal. Even if she never fully learns what her father did to her and can move on psychologically from his crimes, she will grow up in a world where images of her sexual abuse at the hands of her own father live on in perpetuity on the internet. Every image that McAbee shared in online chat rooms will likely remain in circulation forever.

In addition to McAbee's abuse and exploitation of his own daughter, his large and graphic child pornography collection revictimized other children. He consumed massive amounts of media depicting child sex abuse with no regard to the broken lives depicted in the images and videos that he willingly shared and helped create. As the Supreme Court has recognized, "[t]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children .... [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation..." *Ferber*, 458 U.S. at 758–59 nn. 9–10 (citations omitted).

A guideline sentence of life in prison is necessary to recognize the victims harmed by McAbee's conduct and to vindicate our laws protecting children.

### 4. *A life sentence would provide adequate deterrence and protect the public.*

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *Id*.

7

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). McAbee fits well within that class. His pattern of remorseless sexual exploitation evidences a high probability of recidivism if this Court allows him the chance to reenter society. A strong need thus exists to protect his own child and other children in the community from McAbee—now and well into the future.

This Court should also impose a life sentence to send a strong warning to other individuals currently involved in or considering similar conduct—especially those in the chat rooms where McAbee was an administrator, who may have been inspired by his conduct (including his attempts to circumvent law enforcement). *See United States v. Irey*, 612 F.3d at 1208 (11th Cir. 2010) ("There is another aspect of the compounding harm that the production and distribution of child pornography inflicts. It may incite or encourage others to sexually abuse children."). A life sentence signals to adults inclined to sexually abuse vulnerable children that such behavior is abhorrent and will be punished harshly.

### d.  McAbee's conduct warrants a life sentence.

The seriousness and duration of McAbee's offenses demonstrate the need for a guidelines' sentence of life in prison. McAbee did not suffer from a solitary lapse in judgment. His conduct was calculated and premeditated. For years he deliberately and consistently elected to sexually exploit his own young daughter—and then broadcast and brag about his abuse on the internet. His abuse and exploitation of his

8

own daughter would alone warrant a life sentence; but McAbee went much further. He acted as an administrator to a group of other depraved individuals, actively encouraging them to exploit and sexually abuse young children and facilitating their sharing of images of that abuse.

The Tenth Circuit has affirmed life and natural-life sentences for conduct reaching lesser levels of depravity. In *United States v. Franklin*, the Tenth Circuit upheld as reasonable a 100-year guideline sentence for a defendant that advertised, received, distributed, and possessed, but did not produce child pornography. *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015). Similarly, in *Grigsby,* the Tenth Circuit upheld as reasonable a 260-year sentence for production of child pornography involving a single nine-year-old victim, citing that "the emotional damage Defendant caused his victim, the antisocial behavior Defendant had engaged in over the course of his life, and the public's need for protection from Defendant" justified such a life sentence. *United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014).

Likewise, other Courts of Appeals have upheld sentences of life and longer for comparable conduct. The Eleventh Circuit upheld as reasonable a 140–year sentence where a defendant with a category I criminal history, abused and photographed three boys between the ages of 8 and 16. *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006). The Eighth Circuit upheld as reasonable a 750-year sentence for a first-time offender, offense-level 52, who had taken pornographic pictures of five 8 to 11-year-old girls, including two of his granddaughters. *United States v. Betcher*, 534 F.3d

9

820, 827-28 (8th Cir. 2008); *see also United States v. Brown*, 843 F.3d 74, 75 (2d Cir.

2016) (upholding 60-year sentence for defendant who produced child pornography of

at least five children, including an infant).

Although this Court must consider factors beyond McAbee's offense conduct, this

Court should nonetheless give significant weight to his offense conduct in crafting his

sentence here. *See, e.g.*, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)

("The weight given to any specific § 3553(a) factor is committed to the sound

discretion of the district court."). By exploiting his own toddler, McAbee has

wreaked upon her a lifetime of emotional damage. By distributing her images on the

internet, he has exposed her to a lifetime of humiliation. By possessing and

distributing images of other abused children, McAbee has victimized them all over

again. McAbee's callous disregard in sexually exploiting his own daughter and

encouraging others to do the same to their children warrants the most serious

sentence available – life in prison.

## Conclusion

This Court should sentence Cameron McAbee to life imprisonment. Nothing in

the offense conduct or McAbee's history and characteristics warrant a downward

departure or variance. A Guidelines sentence of life imprisonment is the only

reasonable sentence because it is the only sentence that reflects the seriousness of

McAbee's crimes, provides just punishment for those crimes, fully protects his own

victimized child and children in the community, and promotes respect for the law.

10

Respectfully submitted,

CLINT JOHNSON
UNITED STATES ATTORNEY

*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA #31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK  74119
Telephone:  918.382.2700
Facsimile:  918.560.7939

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

John M. Dunn
*Counsel for Defendant*

<u>/s/ Christopher J. Nassar</u>
Christopher J. Nassar
Assistant United States Attorney

12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | Case No.:     21-CR-361-JFH |
| vs. | | Date:          8/25/2023 |
| | | Court Time:  11:05-11:35 to 11:40-11:50 |
| Cameron Kelly McAbee, | | |
| | Defendant(s). | **MINUTE SHEET - SENTENCING** |

John F. Heil III, Chief U.S. District Judge       P. Lynn, Deputy Clerk       Laura Griffin, Reporter
Counsel for Plaintiff:     Chris Nassar, Ashley Robert     Counsel for Defendant: John Dunn
Probation Officer:         Tony Marsh

☒ Defendant appears in person with counsel
☒ Plaintiff & Defendant reviewed PSI:       ☒ Objs by:   ☐ Pltf  ☒ Deft;   ☐ No Objs;   ☒ Court adopts/accepts
☒ 18:3553 Findings re: PSI/Sentence made;   ☒ Findings re: Plea Agreement Accepted
☒ Court affirms finding of guilt and accepts guilty plea before U.S. Magistrate Judge
☒ Sentence re: Guideline; ☒ Findings made;   ☐ Departure: ☒ Variance:   ☐ Upward   ☐ Downward
☒ Victim present and heard – Courtney McAbee
☒ Defendant and counsel asked if they care to say anything before sentence is pronounced, and no cause to the contrary being shown
☒ Motion [Dkt. 51      ]:   ☒ Granted   ☐ Denied   ☐ Granted/Denied in part   ☐ Moot

**SENTENCE: As to Count(s)**  1-4                                      of the  **Indictment**
☒ Bureau of Prison for a term of    Ct 1 - Life, Ct 2 - 360, Ct 3,4 - 240 months, concurrent
☒ Supervised Release for term of    Life – each count        ☐ Concurrent   ☐ Consecutive   ☐ Not Imposed
☒ Restitution:                          $ 26,610              ☐ With Interest   ☐ Interest Waived   ☐ Not Applicable
☒ Special Monetary Assessment     $ 100 each count      ☒ Due Immediately   ☐ As Directed
☒ Order of Forfeiture [Dkt.  40        ]:  is hereby incorporated into the Judgment by reference

**STANDARD CONDITIONS as previously adopted by this court including the following additional conditions:**
☒ Firearm, Ammunition, et al Restriction      ☐ Gambling;   ☐ to include treatment
☒ DNA Sample                                  ☐ Home Detention Condition -  _____ months*
☒ Controlled Substances Restriction           ☐ Immigration
☒ Drug Testing      ☐ Drug Testing Suspended   ☐ Mental health   ☐ to include treatment
☒ No contact with Victim
☒ Sex Offender - Paragraphs      1-9

☒ Defendant advised of right to appeal          Court recommends to BOP:
                                                  ☒ Mental/Medical Evaluation
                                                  ☒ Most comprehensive sex offender treatment
☒ Defendant remanded to custody of U.S. Marshal

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Oklahoma

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| | ) |
| CAMERON KELLY MCABEE | ) Case Number:    4:21CR00361–1 |
| | ) |
| | ) USM Number:    57353-509 |
| | ) |
| | ) John Mikel Dunn |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)  <u>One through Four of the Indictment</u>

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(g)(2) and (g)(1) | Child Exploitation Enterprise | 7/26/21 | 1 |
| 18 U.S.C. §§ 2251(b) and 2251(e) | Sexual Exploitation of a Child by a Parent | 7/26/21 | 2 |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt and Distribution of Child Pornography | 7/26/21 | 3 |
| 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) | Possession of Child Pornography in Indian Country | 7/26/21 | 4 |

   The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

August 25, 2023
Date of Imposition of Judgment

_____
Signature of Judge

John F. Heil, III, Chief United States District Judge
Name and Title of Judge

August 28, 2023
Date

AO 245B    (Rev. 10/17) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    Life.  Said sentence shall consist of life as to Count One, 360 months as to Count Two, and 240 months as to each of
Counts Three and Four.  All counts shall run concurrently, each with the other.

☒   The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Bureau of Prisons evaluate and determine whether you are a suitable candidate for the most
comprehensive mental health and sex offender treatment program available to you during your term of incarceration.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____   ☐  a.m.   ☐  p.m.  on   _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on   _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____   to   _____

at _____ , with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:          Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:     Life, as to each of Counts One through Four.  Said
                                                                          terms shall run concurrently, each with the other.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from
      imprisonment and at least two periodic drug tests thereafter, as determined by the court.
             ☐   The above drug testing condition is suspended, based on the court's determination that you
                  pose a low risk of future substance abuse. *(check if applicable)*
4.    ☒   You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of
             restitution. *(check if applicable)*
5.    ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
             directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
             reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐   You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
            Sheet 3B — Supervised Release

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the "Special Sex Offender Conditions" previously adopted by the Court, as follows:

1.  The defendant shall register pursuant to the provisions of the Sex Offender Registration Notification Act (SORNA) (Public Law 109-248) and any applicable state registration law.

2.  The defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment and physiological testing, at a program or by a therapist and on a schedule approved by the probation officer. The defendant shall abide by the rules, requirements, conditions, policies and procedures of the program to include specific directions to undergo periodic polygraph examinations or other types of testing as a means to ensure that the defendant is in compliance with the requirements of his/her supervision or treatment program. The defendant shall waive any right of confidentiality in any treatment or assessment records to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation office, based on the defendant's ability to pay.

3.  Except for immediate family members,[1] the defendant shall have no contact with persons under the age of 18 unless approved by the probation officer. The defendant will immediately report any unauthorized contact with persons under the age of 18 to the probation officer. The defendant will not enter or loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by persons under the age of 18.

4.  The defendant shall not possess or view books or any form of writings, images or videos depicting or describing sexually explicit conduct or child pornography, as defined in 18 U.S.C. §§ 2256(2) and 2256(8).

5.  The defendant shall submit his/her person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the Computer and Internet Restriction Condition (Paragraph 7(b)), if imposed). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

6.  The defendant shall abide by the following financial conditions:
    a.  The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office will share financial information with the United States Attorney's Office.
    b.  The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

7.  The defendant shall abide by the following computer restrictions and monitoring conditions:
    a.  The defendant shall disclose all electronic communications devices, data storage devices, e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his/her email accounts, connections, devices, or passwords.
    b.  The defendant shall allow the probation officer to install computer monitoring software on any computer, as defined by 18 U.S.C. § 1030(e)(1), that the defendant owns, utilizes or has the ability to access. The cost of remote monitoring software shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct periodic, unannounced searches of any computer subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation.  Additionally, the defendant shall warn other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
            Sheet 3B — Supervised Release

---

[1] "Immediate family member" is defined as siblings, children, grandchildren, persons to whom the offender stands in *loco parentis*, and persons living in the offender's household and related by blood or marriage.

DEFENDANT:         Cameron Kelly McAbee
CASE NUMBER:       4:21CR00361-1

## SPECIAL CONDITIONS OF SUPERVISION

    c.    The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.

    d.    The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images.

    e.    The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

8.    The defendant shall not lease, maintain, or share a post office box, mail drop, or any other repository for mail or package delivery, without prior written permission of the probation officer.

9.    The defendant shall not engage in any occupation, business, or profession (whether paid or not) whose primary purpose involves contact with or access to persons under the age of 18, without prior written permission of the probation officer.

2.    The defendant is prohibited from attempting or having any contact whatsoever with the victim, S.M., directly or indirectly, in person, through others, or by telephone, mail, electronic means, or any other manner, at any time or place unless specifically authorized by the Court.  The defendant shall remain 100 yards away from her, her place of residence, and her place of employment or school at all times.

### U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

DEFENDANT:     Cameron Kelly McAbee
CASE NUMBER:    4:21CR00361-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $400 | $26,610 | N/A | Not Assessed | Not Assessed |

☐    The determination of restitution is deferred until

      An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| S.M. | | $14,610 | 1st |
| Pia | | $3,000 | 2nd |
| Tara | | $3,000 | 2nd |
| Mother Full 2012 DJMW | | $3,000 | 2nd |
| April | | $3,000 | 2nd |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS** | | $ _____ | | $    26,610.00 _____ | |

☐    Restitution amount ordered pursuant to Plea Agreement   $ _____

☒    The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

      ☐   the interest requirement is waived for the   ☐  fine   ☐  restitution.

      ☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
　　　　Sheet 6 — Schedule of Payments

DEFENDANT:     Cameron Kelly McAbee
CASE NUMBER:     4:21CR00361-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒   Lump sum payment of $ __400__   due immediately, balance due

     ☐   not later than _____ , or

     ☒   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 90 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   Special instructions regarding the payment of criminal monetary penalties:

     Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
     Electronics and accessories are forfeited as directed in the Oder of Forfeiture, Dkt. No. 40.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-361-JFH |
| CAMERON KELLY MCABEE, | |
| Defendant. | |

### Notice of Final Order of Forfeiture

The United States of America, by undersigned counsel, respectfully advises the Court of the United States' compliance with the notice and publication requirements of 21 U.S.C. § 853(n)(1), as adopted by 28 U.S.C. § 2461(c), Rule 32.2(b)(6)(C), and the provisions of the Preliminary Order of Forfeiture.

On June 15, 2022, the Court entered a Preliminary Order (Doc. 40).   The order provided that the United States publish notice of the order and its intent to dispose of the property and provide direct notice to interested parties.

The United States published notice of the forfeiture on www.forfeiture.gov, beginning on June 17, 2022, through July 16, 2022 (Doc. 41).   The time period for filing a petition in the ancillary proceeding has expired and no ancillary petitions were filed.   Pursuant to Fed. R. Crim. P. 32.2(c)(2) on August 16, 2022, the Preliminary Order of Forfeiture became the Final Order of Forfeiture as to the following property:

**ELECTONICS**

1.      Nine Assorted cameras and accessories;

2.      Four USB charger cameras;

3.      Outlet camera with 32GB SD;

4.      Black pen with hidden camera;

5.      Two Bluetooth speakers with cameras;

6.      Four black alarm clocks with cameras, assorted SD cards, and accessories;

7.      One white iPad in black case, Model A1566, serial number DMPS882HHG5G;

8.      Cox router, serial number 335930041025105994;

9.      One blue Samsung portable SSD T5, serial number S3UJNK0J706342T;

10.     One silver Apple iPhone, IMEI: 356716110181113;

11.     One silver Dell laptop Model P936, serial number DPBQGT2;

12.     White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

13.     One white Motorola baby monitor with cable;

14.     Three LG Blu-ray players with power adapters;

15.     LG Blu-ray player;

16.     Xbox One S;

17.     Xbox Series X;

2

18.   One Bose speaker;

19.   One computer ram;

20.   One circuit board;

21.   Thirteen assorted SD cards;

22.   Six assorted USB devices;

23.   Five assorted thumb drives;

24.   Five assorted hard drives;

25.   Miscellaneous accessories, including:
   a.   Eight power supplies;
   b.   One adapter;
   c.   Nine San Disk Micro SD adapters;
   d.   Nine black cords;
   e.   Two blue batteries;
   f.   Two battery packs;
   g.   Three camera wires;
   h.   One camera base;
   i.   One battery pack; and
   j.   Three camera cords;

26.   One black iPhone in pink case, IMEI unknown;

27.   One black Apple watch, serial number unknown;

28.   One ASUS black laptop, Model RTL8821CE, serial number
      KANRCV05U66543D with cord; and

3

29.    One black digital watch face.


                              Respectfully submitted,

                              CLINTON J. JOHNSON
                              UNITED STATES ATTORNEY


                              */s/ Reagan V. Reininger*
                              REAGAN V. REININGER, OBA # 22326
                              Assistant United States Attorney
                              110 West Seventh Street, Suite 300
                              Tulsa, OK 74119
                              Telephone: (918) 382-2700
                              Email: reagan.reininger@usdoj.gov




                       **Certificate of Service**

     I hereby certify that on August 28, 2023, the foregoing document was

electronically transmitted to the Clerk of Court using the ECF System for filing and

transmittal of a Notice of Electronic Filing to counsel of record.


                              */s/ Janna Tomah*
                              JANNA TOMAH, Data Analyst




                                   4

## UNITED STATES DISTRICT COURT
### Northern District of Oklahoma

| | |
|---|---|
| **United States of America**<br>    Plaintiff-Appellee,<br><br>v.<br><br>**Cameron Kelly McAbee**<br>    Defendant-Appellant. | District Court No. 21-CR-361<br><br><br>Court of Appeals No.<br><br>_____<br>(if known) |

### NOTICE OF APPEAL

Notice is hereby given that the Defendant, Cameron Kelly McAbee, will appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment In a Criminal Case filed and entered on the docket August 28, 2023 (Doc. 55).

        /s/ John M. Dunn
John M. Dunn,  OBA# 20975
616 South Main, Suite 206
Tulsa, OK 74103
(918) 526-8000
(918) 359-5050 Facsimile
jmdunn@johndunnlaw.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar, (christopher.nassar@usdoj.gov).

        /s/ John M. Dunn
John M. Dunn

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

**TRANSMITTAL SHEET**
(Notice of Appellate Action)

Date Notice filed: 8/28/2023

Style of Case: USA v. McAbee

Appellant: Cameron Kelly McAbee

District Court No: 21-cr-00361-JFH-1

Tenth Circuit Case No: .

☐ Amended NOA                          ☐ Cross Appeal

☐ Interlocutory Appeal                  ☐ Successive Petition (2254 or 2255) (no fee)

Notice of appeal is enclosed to all parties (except to appellant in civil cases); Notice of Appeal, docket entries and district court order are enclosed to 10th Circuit Court of Appeals:

John F. Heil III, Chief U.S. District Judge:

### APPEAL FILED BY PRO SE

| | |
|---|---|
| Appeal Fee Paid | ☐ |
| IFP Granted | ☐ |
| Motion for IFP on Appeal Form Mailed/Given | ☐ |
| Motion for IFP on Appeal Filed | ☐ |

### APPEAL FILED BY COUNSEL

| | |
|---|---|
| Appeal Fee Paid | ☐ |
| IFP Granted | ☐ |
| Motion for IFP on Appeal Form Made Available | ☐ |
| Motion for IFP on Appeal Filed | ☐ |
| Court Appointed Counsel (CJA/FPD) | ☒ |
| USA | ☐ |

By: Lynn Tiefenthaler, Case Administrator          August 29, 2023          Phone: (918) 699-4700

Notice of Appellate Action                                                        AP-01 (6/2022)

APPEAL,COMPLEX,LC−1

# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CRIMINAL DOCKET FOR CASE #: <u>4:21−cr−00361−JFH</u>−1

Case title: USA v. McAbee

Magistrate judge case number:  4:21−mj−00529−CDL

Date Filed: 08/17/2021

Date Terminated: 08/28/2023

Assigned to: Chief Judge John F
Heil, III

### Defendant (1)

**Cameron Kelly McAbee**
*TERMINATED: 08/28/2023*

represented by **John Mikel Dunn**
John M Dunn Law Office PLLC
616 S MAIN STE 206
TULSA, OK 74119
918−526−8000
Fax: 918−359−5050
Email: jmdunn@johndunnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA or Other Appointment*

**Travis Don Horton**
Swab & Stall PA
2021 S LEWIS AVE STE 520
TULSA, OK 74104
918−587−2700
Fax: 918−743−1002
Email: thorton@swabstall.com
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*Designation: Retained*

### Pending Counts

18 USC 2252A(g)(2) and (g)(1):
Child Exploitation Enterprise;
Forfeiture Allegation: 18 USC
2253: Child Exploitation
Forfeiture
(1)

### Disposition

BOP Life; SR Life; Restitution $26,610; SMA $100

| | |
|---|---|
| 18 USC 2251(b) and 2251(e): Sexual Exploitation of a Child by a Parent; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture (2) | BOP 360 concurrent to Ct 1,3,4; SR Life; SMA $100 |
| 18 USC 2252(a)(2) and 2252(b)(1): Receipt and Distribution of Child Pornography; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture (3) | BOP 240 concurrent to Ct 1,2,4; SR Life; SMA $100 |
| 18 USC 2252(a)(4) and 2252(b)(2): Possession of Child Pornography in Indian Country; Forfeiture Allegation: 18 USC 2253: Child Exploitation Forfeiture (4) | BOP 240 concurrent to Ct 1,2,3; SR Life; SMA $100 |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                 **Disposition**

18:2251(b) Sexual Exploitation of a Child by a Parent

---

**Plaintiff**

USA                          represented by  **Ashley Robert**
                                             DOJ–USAO
                                             USAO–Northern District of Oklahoma
                                             110 West 7th Street
                                             Ste 300
                                             Tulsa, OK 74119
                                             918–703–7912
                                             Email: ashley.robert@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

**Christopher Jordon Nassar**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119−1013
918−382−2702
Fax: 918−560−7938
Email: christopher.nassar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

**George Jiang**
DOJ−USAO
110 W 7th Street
Suite 300
Tulsa, OK 74119
918−382−2764
Email: george.jiang@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

**Reagan Vincent Reininger**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119−1013
918−382−2704
Fax: 918−560−7938
Email: reagan.reininger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*
*(local,state,federal)*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/27/2021 | 1 | | COMPLAINT approved by Magistrate Judge Christine D Little by USA as to Cameron Kelly McAbee (1) (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/27/2021) |
| 07/27/2021 | 2 | | WARRANT Issued by Magistrate Judge Christine D Little as to Cameron Kelly McAbee (tjc, Dpty Clk) [4:21−mj−00529−CDL] (Entered: 07/27/2021) Contains One or More Restricted PDFs |
| 07/28/2021 | 3 | | MOTION for Detention by USA as to Cameron Kelly McAbee (Nassar, Christopher) [4:21−mj−00529−CDL] (Entered: 07/28/2021) |

| 07/28/2021 | 4 | | MOTION for Hearing (Re: 3 MOTION for Detention ) by USA as to Cameron Kelly McAbee (Nassar, Christopher) [4:21–mj–00529–CDL] (Entered: 07/28/2021) |
|---|---|---|---|
| 07/28/2021 | 5 | | MINUTES of Proceedings – held before Magistrate Judge Susan E Huntsman: Initial Appearance held on 7/28/2021 , ruling on motion(s)/document(s): #4 granted, adding attorney Travis Don Horton for Cameron Kelly McAbee, setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/2/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne, Preliminary Hearing set for 8/2/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne), ordering defendant be detained as to Cameron Kelly McAbee (Re: 4 MOTION for Hearing ) (Court Reporter: C1) (sdc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 6 | | ORDER by Magistrate Judge Jodi F Jayne *setting Preliminary and Detention Hearings*, ordering defendant be detained as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 07/28/2021) |
| 07/28/2021 | 7 | | ORDER by Magistrate Judge Susan E Huntsman as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 07/28/2021) |
| 07/29/2021 | 8 | | WARRANT Returned Executed as to Cameron Kelly McAbee (tjc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 07/29/2021) |
| 08/02/2021 | 9 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Detention Hearing held on 8/2/2021 , Preliminary Examination held on 8/2/2021 , setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/6/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne), ordering defendant be detained as to Cameron Kelly McAbee (Court Reporter: C1) (tjc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 08/02/2021) |
| 08/02/2021 | 10 | | WAIVER of Preliminary Examination or Hearing by Cameron Kelly McAbee (tjc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 08/02/2021) |
| 08/09/2021 | 11 | | MINUTE ORDER by Magistrate Judge Jodi F Jayne *resetting Detention Hearing*, setting/resetting deadline(s)/hearing(s): ( Detention Hearing set for 8/16/2021 at 02:00 PM before Magistrate Judge Jodi F Jayne) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 08/09/2021) |
| 08/16/2021 | 12 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Detention Hearing held on 8/16/2021 , ordering defendant be detained, ruling on motion(s)/document(s): #3 granted, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Re: 3 MOTION for Detention ) (Court Reporter: C1) (tjc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 08/16/2021) |
| 08/17/2021 | 13 | | ORDER by Magistrate Judge Jodi F Jayne , ordering defendant be detained as to Cameron Kelly McAbee (sdc, Dpty Clk) [4:21–mj–00529–CDL] (Entered: 08/17/2021) |
| 08/17/2021 | 14 | | DEFENDANT INFORMATION SHEET(S) by USA as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More Restricted PDFs |
| 08/17/2021 | 15 | | |

| | | | INDICTMENT by USA as to Cameron Kelly McAbee (1) count(s) 1, 2, 3, 4 (pll, Dpty Clk) (Entered: 08/18/2021) |
|---|---|---|---|
| 08/17/2021 | 16 | | SEALED UNREDACTED VERSION of Dkt # 15 per FRCrP 49.1(f) (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More Restricted PDFs |
| 08/18/2021 | 17 | | SUMMONS Issued by Court Clerk as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) Contains One or More Restricted PDFs |
| 08/18/2021 | 18 | | SCHEDULING ORDER by Chief Judge John F Heil, III *(initial)*, setting/resetting scheduling order date(s): ( Motions due by 9/7/2021, Pretrial Conference set for 9/28/2021 at 10:00 AM before Chief Judge John F Heil III, Jury Instructions, Voir Dire & Trial Briefs due by 10/8/2021, Jury Trial set for 10/18/2021 at 09:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/18/2021) |
| 08/26/2021 | 19 | | MOTION for Protective Order by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 08/26/2021) |
| 08/26/2021 | 20 | | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Arraignment held on 8/26/2021 , ordering defendant be detained, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Court Reporter: C1) (tjc, Dpty Clk) (Entered: 08/26/2021) |
| 08/26/2021 | 21 | | Joint MOTION to Declare Case Complex by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 08/26/2021) |
| 08/27/2021 | 22 | | ORDER by Chief Judge John F Heil, III , ruling on motion(s)/document(s): #21 granted (Re: 21 Joint MOTION to Declare Case Complex ) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 23 | | SCHEDULING ORDER by Chief Judge John F Heil, III *(amended)*, setting/resetting scheduling order date(s): ( Motions due by 3/29/2022, Pretrial Conference set for 4/26/2022 at 10:00 AM before Chief Judge John F Heil III, Jury Instructions, Voir Dire & Trial Briefs due by 5/6/2022, Jury Trial set for 5/16/2022 at 09:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 24 | | MINUTE ORDER by Chief Judge John F Heil, III , referring motion(s) to Magistrate Jayne (Re: 19 MOTION for Protective Order ) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 08/27/2021) |
| 08/27/2021 | 25 | | ATTORNEY APPEARANCE *to Prosecute the Forfeiture Matter* by Reagan Vincent Reininger on behalf of USA [Note: Attorney Reagan Vincent Reininger added to party USA(pty:pla).] (Reininger, Reagan) (Entered: 08/27/2021) |
| 08/30/2021 | 26 | | ORDER by Magistrate Judge Christine D Little *(Protective Order)*, ruling on motion(s)/document(s): #19 granted (Re: 19 MOTION for Protective Order ) as to Cameron Kelly McAbee (sdc, Dpty Clk) (Entered: 08/30/2021) |
| 10/28/2021 | 27 | | NOTICE of Lis Pendens by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 10/28/2021) |
| 11/04/2021 | 28 | | |

|  |  |  | BILL OF PARTICULARS by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 11/04/2021) |
|---|---|---|---|
| 12/01/2021 | 29 |  | NOTICE Regarding Forfeiture by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 12/01/2021) |
| 03/15/2022 | 30 |  | NOTICE Joint Report Regarding Status of Discovery by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 03/15/2022) |
| 03/29/2022 | 31 |  | MINUTE ORDER by Chief Judge John F Heil, III : *Due to the Court's schedule*, setting/resetting scheduling order date(s): ( Pretrial Conference set for 4/28/2022 at 09:30 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 03/29/2022) |
| 04/22/2022 | 32 |  | MINUTE ORDER by Chief Judge John F Heil, III *upon advice from counsel, defendant wishes to change his plea. A Change of Plea hearing is set for 5/5/2022 at 10:00 a.m. before Magistrate Judge Donald D. Bush in Courtroom 5. The pretrial set for 4/28/2022 before Judge Heil is hereby stricken*, setting/resetting change of plea hearing: ( Change of Plea Hearing set for 5/5/2022 at 10:00 AM before Magistrate Judge Donald D Bush) as to Cameron Kelly McAbee  (This entry is the Official Order of the Court. No document is attached.) (alg, Dpty Clk) (Entered: 04/22/2022) |
| 05/05/2022 | 33 |  | MINUTES of Proceedings – held before Magistrate Judge Donald D Bush: Change of Plea Hearing held on 5/5/2022 , guilty plea entered, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Court Reporter: C5) (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 34 |  | CONSENT by Defendant to Proceed before a Magistrate Judge for Change of Plea (in Felony case) approved by Magistrate Judge Donald D Bush as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 35 |  | WAIVER of Right to Trial by Jury approved by Magistrate Judge Donald D Bush by Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 36 |  | PETITION to Enter Plea of Guilty and ORDER Accepting Plea by Magistrate Judge Donald D Bush as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 37 |  | PLEA AGREEMENT as to Cameron Kelly McAbee (alg, Dpty Clk) (Entered: 05/06/2022) |
| 05/05/2022 | 38 |  | SEALED PLEA SUPPLEMENT (alg, Dpty Clk) (Entered: 05/06/2022) Contains One or More Restricted PDFs |
| 06/14/2022 | 39 |  | MOTION for Forfeiture *Order* by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 06/14/2022) |
| 06/15/2022 | 40 |  | ORDER by Chief Judge John F Heil, III (OF FORFEITURE) , ruling on motion(s)/document(s): #39 granted, directing forfeiture of property/money (Re: 39 MOTION for Forfeiture *Order* ) as to Cameron Kelly McAbee (crp, Dpty Clk) Modified on 6/15/2022 to text in title of order (crp, Dpty Clk). (Entered: 06/15/2022) |
| 08/17/2022 | 41 |  |  |

| | | | |
|---|---|---|---|
| | | | AFFIDAVIT/CERTIFICATE/PROOF of Publication by USA as to Cameron Kelly McAbee (With attachments) (Reininger, Reagan) (Entered: 08/17/2022) |
| 01/12/2023 | 42 | | MOTION to Withdraw Attorney(s) *Travis D. Horton* by Cameron Kelly McAbee (Horton, Travis) (Entered: 01/12/2023) |
| 01/13/2023 | 43 | | ORDER by Chief Judge John F Heil, III *: granting defendant's motion*, ruling on motion(s)/document(s): #42 granted, adding attorney John Mikel Dunn for Cameron Kelly McAbee terminating attorney Travis Don Horton (Re: 42 MOTION to Withdraw Attorney(s) *Travis D. Horton* ) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 01/13/2023) |
| 04/19/2023 | 44 | | MINUTE ORDER by Chief Judge John F Heil, III *: Following disclosure of the presentence report*, setting/resetting sentencing: ( Sentencing set for 8/25/2023 at 10:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (This entry is the Official Order of the Court. No document is attached.) (pll, Dpty Clk) (Entered: 04/19/2023) |
| 05/31/2023 | 45 | | SENTENCING MEMORANDUM as to Cameron Kelly McAbee (With attachments) (Dunn, John) (Entered: 05/31/2023) |
| 05/31/2023 | 46 | | OBJECTION to Presentence Investigation Report by Cameron Kelly McAbee (With attachments) (Dunn, John) (Entered: 05/31/2023) |
| 06/09/2023 | 47 | | ATTORNEY APPEARANCE by George Jiang on behalf of USA [Note: Attorney George Jiang added to party USA(pty:pla).] (Jiang, George) (Entered: 06/09/2023) |
| 06/13/2023 | 48 | | Amended SENTENCING MEMORANDUM as to Cameron Kelly McAbee (Dunn, John) (Entered: 06/13/2023) |
| 06/22/2023 | 49 | | ORDER by Chief Judge John F Heil, III *: setting sentencing deadlines*, setting/resetting sentencing: ( Sentencing set for 8/25/2023 at 10:00 AM before Chief Judge John F Heil III) as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 06/22/2023) |
| 06/26/2023 | 50 | | OBJECTION to Presentence Investigation Report *daed June 14, 2023* by Cameron Kelly McAbee (Dunn, John) (Entered: 06/26/2023) |
| 07/14/2023 | 51 | | MOTION for Point/Level Reduction by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 07/14/2023) |
| 07/28/2023 | 52 | | SENTENCING MEMORANDUM by USA as to Cameron Kelly McAbee (Nassar, Christopher) (Entered: 07/28/2023) |
| 08/25/2023 | 53 | | ATTORNEY APPEARANCE by Ashley Robert on behalf of USA [Note: Attorney Ashley Robert added to party USA(pty:pla).] (Robert, Ashley) (Entered: 08/25/2023) |
| 08/25/2023 | 54 | | MINUTES of Proceedings – held before Chief Judge John F Heil, III: Sentencing held on 8/25/2023 , ruling on motion(s)/document(s): #51 granted, striking/terminating deadline(s)/hearing(s) as to Cameron Kelly McAbee (Re: 51 MOTION for Point/Level Reduction ) (Court Reporter: Laura Griffin) (pll, Dpty Clk) (Entered: 08/25/2023) |
| 08/28/2023 | 55 | | JUDGMENT AND COMMITMENT by Chief Judge John F Heil, III , entering judgment as to Cameron Kelly McAbee (pll, Dpty Clk) (Entered: 08/28/2023) |

| 08/28/2023 | 56 | | NOTICE *of Final Order of Forfeiture* by USA as to Cameron Kelly McAbee (Reininger, Reagan) (Entered: 08/28/2023) |
|---|---|---|---|
| 08/28/2023 | 57 | | NOTICE OF APPEAL to Circuit Court (Re: 55 Judgment and Commitment, Entering Judgment ) as to Cameron Kelly McAbee (Dunn, John) (Entered: 08/28/2023) |

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Oklahoma

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| CAMERON KELLY MCABEE | ) | Case Number:    4:21CR00361–1 |
| | ) | |
| | ) | USM Number:    57353-509 |
| | ) | |
| | | John Mikel Dunn |
| | | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)  <u>One through Four of the Indictment</u>

☐ pleaded nolo contendere to count(s)
    which was accepted by the Court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(g)(2) and (g)(1) | Child Exploitation Enterprise | 7/26/21 | 1 |
| 18 U.S.C. §§ 2251(b) and 2251(e) | Sexual Exploitation of a Child by a Parent | 7/26/21 | 2 |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt and Distribution of Child Pornography | 7/26/21 | 3 |
| 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) | Possession of Child Pornography in Indian Country | 7/26/21 | 4 |

    The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

<u>August 25, 2023</u>
Date of Imposition of Judgment

Signature of Judge

<u>John F. Heil, III, Chief United States District Judge</u>
Name and Title of Judge

<u>August 28, 2023</u>
Date

AO 245B    (Rev. 10/17) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:   Life.  Said sentence shall consist of life as to Count One, 360 months as to Count Two, and 240 months as to each of
                 Counts Three and Four.  All counts shall run concurrently, each with the other.

☒    The Court makes the following recommendations to the Bureau of Prisons:

     The Court recommends the Bureau of Prisons evaluate and determine whether you are a suitable candidate for the most
     comprehensive mental health and sex offender treatment program available to you during your term of incarceration.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____  ☐  a.m.  ☐  p.m.  on  _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on  _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this Judgment.

_____
                                                            UNITED STATES MARSHAL

                                    By  _____
                                                            DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:    Cameron Kelly McAbee
CASE NUMBER:    4:21CR00361-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:    Life, as to each of Counts One through Four.  Said terms shall run concurrently, each with the other.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
         ☐    The above drug testing condition is suspended, based on the court's determination that you
                  pose a low risk of future substance abuse. *(check if applicable)*
4.    ☒    You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of
               restitution. *(check if applicable)*
5.    ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☒    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
               directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
               reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐    You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

DEFENDANT:          Cameron Kelly McAbee
CASE NUMBER:        4:21CR00361-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by the probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3B — Supervised Release

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the "Special Sex Offender Conditions" previously adopted by the Court, as follows:

1.  The defendant shall register pursuant to the provisions of the Sex Offender Registration Notification Act (SORNA) (Public Law 109-248) and any applicable state registration law.

2.  The defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment and physiological testing, at a program or by a therapist and on a schedule approved by the probation officer. The defendant shall abide by the rules, requirements, conditions, policies and procedures of the program to include specific directions to undergo periodic polygraph examinations or other types of testing as a means to ensure that the defendant is in compliance with the requirements of his/her supervision or treatment program. The defendant shall waive any right of confidentiality in any treatment or assessment records to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation office, based on the defendant's ability to pay.

3.  Except for immediate family members,[1] the defendant shall have no contact with persons under the age of 18 unless approved by the probation officer. The defendant will immediately report any unauthorized contact with persons under the age of 18 to the probation officer. The defendant will not enter or loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by persons under the age of 18.

4.  The defendant shall not possess or view books or any form of writings, images or videos depicting or describing sexually explicit conduct or child pornography, as defined in 18 U.S.C. §§ 2256(2) and 2256(8).

5.  The defendant shall submit his/her person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the Computer and Internet Restriction Condition (Paragraph 7(b)), if imposed). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

6.  The defendant shall abide by the following financial conditions:
    a.  The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office will share financial information with the United States Attorney's Office.
    b.  The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

7.  The defendant shall abide by the following computer restrictions and monitoring conditions:
    a.  The defendant shall disclose all electronic communications devices, data storage devices, e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his/her email accounts, connections, devices, or passwords.
    b.  The defendant shall allow the probation officer to install computer monitoring software on any computer, as defined by 18 U.S.C. § 1030(e)(1), that the defendant owns, utilizes or has the ability to access. The cost of remote monitoring software shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct periodic, unannounced searches of any computer subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Additionally, the defendant shall warn other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3B — Supervised Release

[1] "Immediate family member" is defined as siblings, children, grandchildren, persons to whom the offender stands in *loco parentis,* and persons living in the offender's household and related by blood or marriage.

DEFENDANT:      Cameron Kelly McAbee
CASE NUMBER:    4:21CR00361-1

# SPECIAL CONDITIONS OF SUPERVISION

      c.      The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.

      d.      The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images.

      e.      The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

8.    The defendant shall not lease, maintain, or share a post office box, mail drop, or any other repository for mail or package delivery, without prior written permission of the probation officer.

9.    The defendant shall not engage in any occupation, business, or profession (whether paid or not) whose primary purpose involves contact with or access to persons under the age of 18, without prior written permission of the probation officer.

2.    The defendant is prohibited from attempting or having any contact whatsoever with the victim, S.M., directly or indirectly, in person, through others, or by telephone, mail, electronic means, or any other manner, at any time or place unless specifically authorized by the Court. The defendant shall remain 100 yards away from her, her place of residence, and her place of employment or school at all times.

## U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT:          Cameron Kelly McAbee
CASE NUMBER:        4:21CR00361-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $400 | $26,610 | N/A | Not Assessed | Not Assessed |

☐ The determination of restitution is deferred until
   An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| S.M. | | $14,610 | 1st |
| Pia | | $3,000 | 2nd |
| Tara | | $3,000 | 2nd |
| Mother Full 2012 DJMW | | $3,000 | 2nd |
| April | | $3,000 | 2nd |

| **TOTALS** | $ _____ | $    26,610.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to Plea Agreement  $ _____

☒ The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine  ☐ restitution.

   ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

---

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒   Lump sum payment of $ ___400___ due immediately, balance due

       ☐   not later than _____ , or

       ☒   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 90 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   Special instructions regarding the payment of criminal monetary penalties:

       Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision
of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this
program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to
a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater,
over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains.
Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon
property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
Electronics and accessories are forfeited as directed in the Oder of Forfeiture, Dkt. No. 40.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

## UNITED STATES DISTRICT COURT
### Northern District of Oklahoma

| | |
|---|---|
| **United States of America**<br>Plaintiff-Appellee,<br>v.<br><br>**Cameron Kelly McAbee**<br>Defendant-Appellant. | District Court No. 21-CR-361<br><br><br>Court of Appeals No.<br><br>_____<br>(if known) |

### NOTICE OF APPEAL

Notice is hereby given that the Defendant, Cameron Kelly McAbee, will appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment In a Criminal Case filed and entered on the docket August 28, 2023 (Doc. 55).

        /s/ John M. Dunn
John M. Dunn,  OBA# 20975
616 South Main, Suite 206
Tulsa, OK 74103
(918) 526-8000
(918) 359-5050 Facsimile
jmdunn@johndunnlaw.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2023, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Christopher Nassar, (christopher.nassar@usdoj.gov).

        /s/ John M. Dunn
John M. Dunn

## Brenda Conley

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **Sent:** | Tuesday, August 29, 2023 1:59 PM |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 23-5097 United States v. McAbee "Criminal case docketed" (4:21-CR-00361-JFH-1) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Tenth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was entered on 08/29/2023 at 12:56:25 PM Mountain Daylight Time and filed on 08/29/2023

| | |
|---|---|
| **Case Name:** | United States v. McAbee |
| **Case Number:** | 23-5097 |
| **Document(s):** | Document(s) |

**Docket Text:**
[11024451] Criminal case docketed. Preliminary record filed. DATE RECEIVED: 08/29/2023. Notice of appearance, transcript order form, designation of record, docketing statement, and appointment motion due 09/12/2023 by Cameron Kelly McAbee. Notice of appearance and disclosure statement due on 09/12/2023 for United States of America. [23-5097]

**Notice will be electronically mailed to:**

Mr. John Mikel Dunn: jmdunn@johndunnlaw.com
George Jiang: george.jiang@usdoj.gov, william.foreman@usdoj.gov
Christopher Nassar: christopher.nassar@usdoj.gov, bailey.stripling@usdoj.gov, caseview.ecf@usdoj.gov, kortni.barton@usdoj.gov, william.foreman@usdoj.gov
Reagan Vincent Reininger: reagan.reininger@usdoj.gov, pam.kuch@usdoj.gov, caseview.ecf@usdoj.gov
Ashley Robert: ashley.robert@usdoj.gov, william.foreman@usdoj.gov, clara.ard@usdoj.gov

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** mcabeeappeal.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=08/29/2023] [FileNumber=11024451-0]
[7ee1a1c2f1ec534db4ea2fce0d4dc72ef4e55ba7f8dda0ad272dceb093c9e726faabd6b9b950af2ae172c4a25526557576cf
eebc490615bd2e5aec371e84ac54]]

**Document Description:** General Docket Letter - With Counsel

**Original Filename:** /opt/ACECF/live/forms/StacySteinbrecher_235097_11024451_98.pdf

**Electronic Document Stamp:**

[STAMP acecfStamp_ID=1104938855 [Date=08/29/2023] [FileNumber=11024451-1]
[85b46d5d0b7c2696a4c3fe687e5d5d8eee40d6d28a17790c36e5c7daa4cd48f4ec84a135883fb179e0d8623481779f6b6c
e6244b4c04fe56da86068a0e9c0889]]

**Recipients:**

- [Mr. John Mikel Dunn](#)
- [George Jiang](#)
- [Christopher Nassar](#)
- [Reagan Vincent Reininger](#)
- [Ashley Robert](#)

## Brenda Conley

**From:** ca10_cmecf_notify@ca10.uscourts.gov
**Sent:** Tuesday, August 29, 2023 1:59 PM
**To:** CM-ECF Intake OKND
**Subject:** 23-5097 United States v. McAbee "Criminal case docketed" (4:21-CR-00361-JFH-1)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Tenth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was entered on 08/29/2023 at 12:56:25 PM Mountain Daylight Time and filed on 08/29/2023

**Case Name:** United States v. McAbee
**Case Number:** 23-5097
**Document(s):** Document(s)

**Docket Text:**
[11024451] Criminal case docketed. Preliminary record filed. DATE RECEIVED: 08/29/2023. Notice of appearance, transcript order form, designation of record, docketing statement, and appointment motion due 09/12/2023 by Cameron Kelly McAbee. Notice of appearance and disclosure statement due on 09/12/2023 for United States of America. [23-5097]

**Notice will be electronically mailed to:**

Mr. John Mikel Dunn: jmdunn@johndunnlaw.com
George Jiang: george.jiang@usdoj.gov, william.foreman@usdoj.gov
Christopher Nassar: christopher.nassar@usdoj.gov, bailey.stripling@usdoj.gov, caseview.ecf@usdoj.gov, kortni.barton@usdoj.gov, william.foreman@usdoj.gov
Reagan Vincent Reininger: reagan.reininger@usdoj.gov, pam.kuch@usdoj.gov, caseview.ecf@usdoj.gov
Ashley Robert: ashley.robert@usdoj.gov, william.foreman@usdoj.gov, clara.ard@usdoj.gov

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** mcabeeappeal.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=08/29/2023] [FileNumber=11024451-0]
[7ee1a1c2f1ec534db4ea2fce0d4dc72ef4e55ba7f8dda0ad272dceb093c9e726faabd6b9b950af2ae172c4a25526557576cf
eebc490615bd2e5aec371e84ac54]]

**Document Description:** General Docket Letter - With Counsel

1

**Original Filename:** /opt/ACECF/live/forms/StacySteinbrecher_235097_11024451_98.pdf

**Electronic Document Stamp:**

[STAMP acecfStamp_ID=1104938855 [Date=08/29/2023] [FileNumber=11024451-1]
[85b46d5d0b7c2696a4c3fe687e5d5d8eee40d6d28a17790c36e5c7daa4cd48f4ec84a135883fb179e0d8623481779f6b6c
e6244b4c04fe56da86068a0e9c0889]]

**Recipients:**

- [Mr. John Mikel Dunn](#)
- [George Jiang](#)
- [Christopher Nassar](#)
- [Reagan Vincent Reininger](#)
- [Ashley Robert](#)

**CERTIFICATE OF CLERK**


UNITED STATES OF AMERICA       )
                                            )  SS
NORTHERN DISTRICT OF OKLAHOMA   )


I, Mark C. McCartt, Clerk of Court of the United States District Court, in and for the Northern District of Oklahoma, do hereby certify that the annexed and foregoing is a true and correct copy of the original pleadings and proceedings in 10th Circuit No. 23-5097: USA v. Cameron Kelly McAbee  (21-cr-00361-JFH-1) as the same appears from the records of said Court in my office.

IN TESTIMONY WHEREOF, I have hereto subscribed my name and affixed the Seal of the aforesaid Court at Tulsa, Oklahoma, this November 9, 2023  .


                                              Mark C. McCartt, Clerk of Court


                                              s/ L. Tiefenthaler


                                              By: Lynn Tiefenthaler, Case Administrator