CASE NO. 23-5097
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

CAMERON KELLY MCABEE,

Defendant-Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

THE HONORABLE JOHN F. HEIL, III, D.C. No. 4:21-cr-361

_____

APPELLANT'S OPENING BRIEF
_____



RYAN THOMAS TRUSKOSKI, ESQ.
RYAN THOMAS TRUSKOSKI, P.A.
1300-G El Paseo Rd. – Ste. 122
Las Cruces, NM 88001
Telephone (575) 404-3080
Email: Rtrusk1@aol.com


Oral argument is not requested

**November 18, 2023**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

STATEMENT OF RELATED CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT:

THE DISTRICT COURT'S SENTENCE IS NOT PROCEDURALLY
REASONABLE BECAUSE THE DEFENDANT'S CONDUCT WAS
IMPROPERLY GROUPED AS A WHOLE AND THEREFORE THE
GUIDELINE RANGE WAS ARTIFICIALLY INFLATED. . . . . . . . . . . . .7

    A.  Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.  Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    C.  Merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF DIGITAL SUBMISSION. . . . . . . . . . . . . . . . . . . . . . . . . . .14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

ATTACHMENT:  Judgment, R. Vol. I at 195. . . . . . . . . . . . . . . . . . . . . . . . . . . .A

## TABLE OF AUTHORITIES

CASES

Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). . . . . . .7

United States v. Akhigbe, 642 F.3d 1078 (D.C. Cir. 2011). . . . . . . . . . . . . . . . . .7

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). . . 6

United States v. Cavera, 550 F.3d 180 (2d Cir. 2008). . . . . . . . . . . . . . . . . . . . . .7

United States v. Crawford, 407 F.3d 1175 (11th Cir. 2005). . . . . . . . . . . . . . . . . .6

United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . .6

United States v. Draper, 24 F.3d 83 (10th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 6

United States v. Feldman, 647 F.3d 450 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . .6

United States v. Felton, 309 F.3d 825 (3d Cir. 2002). . . . . . . . . . . . . . . . . . . . . . 6

United States v. Garcia, 635 F.3d 472 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . 5

United States v. Johnson, 567 F.3d 40 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . 6

United States v. Plotts, 347 F.3d 873 (10th Cir. 2003). . . . . . . . . . . . . . . . . . . . . 7

United States v. Salim, 690 F.3d 115 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . 7

United States v. Roederer, 11 F.3d 973 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . 7

United States v. Snelling, 768 F.3d 509 (6th Cir. 2014). . . . . . . . . . . . . . . . . . . . 7

United States v. Willie, 253 F.3d 1215 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . .5

## OTHER AUTHORITIES

U.S.S.G. § 2G2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 921(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 922(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 922(j). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 924(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

18 U.S.C. § 3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,7

18 U.S.C. § 3742(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

**<u>STATEMENT OF RELATED CASES</u>:**

Mr. McAbee  has not previously appeared before this Court.

## <u>STATEMENT OF JURISDICTION</u>

This is a direct appeal in a criminal case. The district court had jurisdiction over this federal prosecution under 18 U.S.C. § 3231, and it entered the judgment on August 28, 2023. R. Vol. I at 195. Mr. McAbee timely filed his notice of appeal on August 28, 2023. R. Vol. I at 203. This Court's appellate jurisdiction arises from 18 U.S.C. § 1291. <u>See</u> <u>also</u> 18 U.S.C. § 3742(a).

## <u>STATEMENT OF THE ISSUES</u>

<u>ISSUE</u>:   Whether the government met its burden to prove that all of the

defendant's conduct should have been grouped together ?

## STATEMENT OF THE CASE AND FACTS

The defendant pled guilty and was convicted of child exploitation enterprise in violation of 18 U.S.C. §§ 2252A(g)(2) and (g)(1) (count one);  sexual exploitation of a child by a parent in violation of 18 U.S.C. §§ 2251(b) and 2251(e) (count two);  receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (count three);  and possession of child pornography in Indian Country in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) (count four). R. Vol. I at 195.

The defendant was sentenced to life imprisonment. R. Vol. I at 196. This appeal concerns the propriety of the defendant's sentencing and the accuracy of the calculation of his guidelines range.

The defendant was sentenced on August 25, 2023. Doc. 69. The defense previously filed objections to the Pre-Sentence Investigation Report (PSR). R. Vol. I at 124 (doc. 46) & 152 (doc. 50). The district court acknowledged these two documents at sentencing and noted that two objections were still outstanding. Doc. 69 at 3.

The defendant's attorney stated that the objections are outlined sufficiently in the pleadings and "would simply contend that the broad overview is there are actually two things taking place here and they should be considered separately for

1

purposes of sentencing and that would result in lower guidelines." Doc. 69 at 3-4.

The defense relayed in its written objection that the Probation Office erred in combining the facts of all of the convictions and applying U.S.S.G. § 2G2.1. R. Vol. II at 125. "The probation office has chosen to combine all of the crimes and then apply 2G2.1 and its enhancements to all of the conduct across the board. Such an application yields unreasonably high results that contain double enhancements for the same fact – that Mr. McAbee is S.M.'s parent." R. Vol. II at 125.

The defense continued that: "While the Probation Office may have correctly chose the section to apply, they then go to other crimes in order to apply enhancements. In other words, the guideline chosen to use the guideline that punishes parents for sexually exploiting their own children (which should be harsher) but then bringing in enhancements that are not relevant to the photographs of Mr. McAbee's child. As a result, Mr. McAbee receives a total of eight levels of enhancement that do not pertain to his child, followed by a two-level enhancement that one only gets if they are the parent of the victim." R. Vol. II at 125-126.

The defense stated that the "[d]efendant contends that there were actually two offenses or schemes that were being perpetrated. The first was the manufacturing of child pornography involving his daughter. The second was the collection and trading of existing child pornography . . . Had those schemes been

evaluated separately, the proper enhancements could have been applied to each one and the proper enhancement for non-grouped offenses could have been given, if required." R. Vol. II at 126-127.

The addendum to the PSR also relayed the defendant's objection on this issue: "The defendant objects to paragraphs (sic) 26 and the utilization of USSG § 2.6 as the applicable guideline range for calculation purposes. The defendant contends that the offenses should be split into two groups which do not group and utilize USSG §§ 2.1 and 2.2, respectively." (footnote omitted). R. Vol. II at 32.

At sentencing, the district court stated that the "defendant contends that the offenses should be split into two groups rather than a single group and utilize U.S. sentencing Guidelines Section 2.1 and 2.2 respectively. Defendant contends that such multi-count adjustment results in a total offense level of 37 after an adjustment for acceptance of responsibility." Doc. 69 at 4. The district court went on to hold that:

> The court notes that Count 1, child exploitation enterprise, in violation of 18
> U.S.C. Section 2252A(g) is specifically listed in the statutory provision of
> the commentary of the U.S. Sentencing Guideline 2G2.6. Therefore, this
> court believes the guideline is applicable here. Count 1 as listed in the

3

indictment references Counts 2 through 4 as three separate incidents involving more than one victim as part of a series of felony violations contemplated under Count 1 as they constitute conduct that is treated as specific offense characteristics within the guideline applicable to Count 1.

Within the enterprise several victims, including the defendant's own daughter, had not attained the age of 12 years old at the time of the offense conduct and therefore the offense level is increased by four levels pursuant to U.S. Sentencing Guideline Section 2G2.6(b)(1)(A). Next, defendant was the parent of one of the minors involved in the offense and therefore the offense level is increased by two levels pursuant to U.S. Sentencing Guidelines Section 2G2.6(b)(2).

The enterprise offense also involved conduct described in Title 18 U.S.C. Section 2241(a) or (b), including the use of bondage and restraints, and, therefore, the offense level is increased two levels pursuant to U.S. Sentencing Guidelines Section 2G2.6(b)(3).

Finally, a computer or interactive services was used in furtherance of the offense and therefore the offense level is increased two levels pursuant to

4

U.S. Sentencing Guideline Section 2G2.6(b)(4). Accordingly, defendant's

first objection is overruled.

Doc. 69 at 4-6.

The district court determined the defendant's advisory sentencing range to be

total offense level 43, criminal history category I, with a range of imprisonment of

life imprisonment. Doc. 69 at 7.

The district court said it considered the section 3553(a) factors and sentenced

the defendant to life imprisonment. Doc. 69 at 25. Thereafter, the defendant timely

filed his notice of appeal and his opening brief follows.

## SUMMARY OF THE ARGUMENT

The defendant's conduct in this case was improperly grouped into one big offense. There were actually two different sets of offenses in this case and they should have been considered separately for sentencing. The first was the manufacturing of child pornography involving the defendant's daughter. The second was the collection and trading of existing child pornography.

Grouping these together allowed the government to obtain double enhancements for the same conduct, namely that the defendant's own child was a victim. The guideline range was artificially inflated so therefore the sentence is not procedurally reasonable.

**ARGUMENT:  THE DISTRICT COURT'S SENTENCE IS NOT PROCEDURALLY REASONABLE BECAUSE THE DEFENDANT'S CONDUCT WAS IMPROPERLY GROUPED AS A WHOLE AND THEREFORE THE GUIDELINE RANGE WAS ARTIFICIALLY INFLATED**

A.  STANDARD OF REVIEW

The argument presented in this appeal was made in the district court and thus preserved for this Court's review. There is no plain error inquiry in this case.

"At sentencing, the government must prove facts supporting a sentencing enhancement by a preponderance of the evidence." United States v. Garcia, 635 F.3d 472, 478 (10th Cir. 2011).

This Court must "examine the court's interpretation and application of the sentencing guidelines *de novo*" and "uphold [its] factual findings unless they are clearly erroneous." United States v. Willie, 253 F.3d 1215, 1218 (10th Cir. 2001).

"We review the evidence underlying a district court's sentence, and inferences drawn therefrom, in the light most favorable to the district court's determination." Id. (Internal quotation marks and brackets omitted).

B.   INTRODUCTION

"Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).

The defendant's sentence is not procedurally reasonable because his sentencing guideline range was not properly calculated. The defendant's base offense level should have been 37, not 43.

In light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005), district courts engage in a three-step sentencing procedure. The very first step for this Court is to review the district court's guidelines calculations to ensure that the district court calculated the guidelines range correctly. United States v. Crawford, 407 F.3d 1175, 1178 (11th Cir. 2005);  United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005).

In the case at bar, the district court did not accurately calculate the guideline range. The correct guideline range is the starting point and initial benchmark for federal sentences. United States v. Feldman, 647 F.3d 450, 459-60 (2d Cir. 2011) (citation omitted).  "An accurately calculated Guidelines range is necessary for a

8

procedurally reasonable sentence – any error in calculating the Guidelines range cannot survive review." <u>United States v. Snelling</u>, 768 F.3d 509, 515 (6th Cir. 2014).

**A district court commits procedural error when it fails to calculate (or improperly calculates) the Guidelines range**, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. <u>Gall v. United States</u>, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); <u>United States v. Salim</u>, 690 F.3d 115, 125-26 (2d Cir. 2012) (emphasis added).

"Given the broad substantive discretion afforded to district courts in sentencing, there are concomitant procedural requirements they must follow." <u>United States v. Akhigbe</u>, 642 F.3d 1078, 1084 (D.C. Cir. 2011).

In <u>United States v. Cavera</u>, 550 F.3d 180, 189-90 (2d Cir. 2008) (*en banc*), the Court held that it will defer to a district court's substantive determination only if it is satisfied that the district court complied with the Sentencing Reform Act's procedural requirements, which requires the appeals court to be confident that the sentence resulted from the district court's considered judgment.

C.   MERITS

There were two different sets of offenses in this case and they should have been considered separately for sentencing. The first was the manufacturing of child pornography involving the defendant's daughter. The second was the collection and trading of existing child pornography.

Had those schemes been evaluated separately, the proper enhancements could have been applied to each one and the proper enhancement for non-grouped offenses could have been given. The district court erred in combining all of the crimes and then applying U.S.S.G. § 2G2.1, and its enhancements across the board. Double enhancements were given for the same fact, namely that the defendant's own child was a victim. The guideline range was artificially inflated.

The government cannot meet its burden to prove that all of this conduct should have been grouped together. If this case was properly viewed from the prospective of two criminal acts/schemes, the defendant's base offense level would have been 37 with a range of 210-262 months (not level 43 with a range of life imprisonment).

The guideline range must be properly calculated in the first instance. The failure to do so results in a procedurally unreasonable sentence. The incorrect

10

guideline range in this case led to an unreasonable sentence. The government

certainly cannot meet its burden to prove that the error is harmless.


## <u>CONCLUSION</u>

For all the foregoing arguments and authorities set forth herein, the

Appellant, Cameron Kelly McAbee, respectfully requests this Honorable Court to

reverse the judgment in this case and remand for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is <u>not</u> requested. The facts and legal arguments are adequately presented in the briefs and record, and the decision-making process would not be significantly aided by oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

RESPECTFULLY SUBMITTED BY:     */s/ Ryan Thomas Truskoski*
_____

RYAN THOMAS TRUSKOSKI, ESQ.
RYAN THOMAS TRUSKOSKI, P.A.
Appellate Counsel for Defendant
1300-G El Paseo Rd. – Ste. 122
Las Cruces, NM 88001
Telephone:  (575) 404-3080
Email:  Rtrusk1@aol.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   I certify that this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because it contains no more than 2,533 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.   I certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been proportionally spaced using Corel Word Perfect Office X5 in 14-point Times New Roman font.

BY:    */s/ Ryan Thomas Truskoski*
_____

RYAN THOMAS TRUSKOSKI, ESQ.
Appellate Counsel for Defendant

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

I certify that the electronic version of the foregoing Opening Brief for the

Defendant-Appellant, prepared for submission via ECF, complies with all privacy

redactions per Tenth Circuit Rule 25.5, is an exact copy of the paper copies

submitted to the Tenth Circuit Court of Appeals, has been scanned with the latest

version of Microsoft Windows Defender, and is virus-free.


BY:    */s/ Ryan Thomas Truskoski*
_____

RYAN THOMAS TRUSKOSKI, ESQ.
Appellate Counsel for Defendant

14

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2023, I electronically filed the foregoing Opening Brief for the Defendant-Appellant, with the Clerk of Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

In addition, I certify that I will cause seven paper copies of the same to be sent via U.S. Priority Mail to this Court, and a single copy to Cameron Kelly McAbee.

BY:    */s/ Ryan Thomas Truskoski*
_____
RYAN THOMAS TRUSKOSKI, ESQ.
Appellate Counsel for Defendant

# ATTACHMENT

A

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Oklahoma

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| CAMERON KELLY MCABEE | ) | Case Number:  4:21CR00361–1 |
| | ) | USM Number:  57353-509 |
| | ) | |
| | ) | John Mikel Dunn |
| | | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) <u>One through Four of the Indictment</u>

☐ pleaded nolo contendere to count(s)
   which was accepted by the Court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(g)(2) and (g)(1) | Child Exploitation Enterprise | 7/26/21 | 1 |
| 18 U.S.C. §§ 2251(b) and 2251(e) | Sexual Exploitation of a Child by a Parent | 7/26/21 | 2 |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt and Distribution of Child Pornography | 7/26/21 | 3 |
| 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2) | Possession of Child Pornography in Indian Country | 7/26/21 | 4 |

The defendant is sentenced as provided in this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

August 25, 2023
Date of Imposition of Judgment

Signature of Judge

John F. Heil, III, Chief United States District Judge
Name and Title of Judge

August 28, 2023
Date

AO 245B     (Rev. 10/17) Judgment in Criminal Case
            Sheet 2 — Imprisonment

DEFENDANT:            Cameron Kelly McAbee
CASE NUMBER:          4:21CR00361-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:     Life.  Said sentence shall consist of life as to Count One, 360 months as to Count Two, and 240 months as to each of
Counts Three and Four.  All counts shall run concurrently, each with the other.

☒  The Court makes the following recommendations to the Bureau of Prisons:

   The Court recommends the Bureau of Prisons evaluate and determine whether you are a suitable candidate for the most
   comprehensive mental health and sex offender treatment program available to you during your term of incarceration.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____  ☐  a.m.  ☐  p.m.  on  _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on  _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By  _____
                        DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:        Life, as to each of Counts One through Four. Said terms shall run concurrently, each with the other.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐   The above drug testing condition is suspended, based on the court's determination that you
              pose a low risk of future substance abuse. *(check if applicable)*
4.    ☒   You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT:       Cameron Kelly McAbee
CASE NUMBER:     4:21CR00361-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by the probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3B — Supervised Release

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:    4:21CR00361-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the "Special Sex Offender Conditions" previously adopted by the Court, as follows:

    1.  The defendant shall register pursuant to the provisions of the Sex Offender Registration Notification Act (SORNA) (Public Law 109-248) and any applicable state registration law.

    2.  The defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment and physiological testing, at a program or by a therapist and on a schedule approved by the probation officer. The defendant shall abide by the rules, requirements, conditions, policies and procedures of the program to include specific directions to undergo periodic polygraph examinations or other types of testing as a means to ensure that the defendant is in compliance with the requirements of his/her supervision or treatment program. The defendant shall waive any right of confidentiality in any treatment or assessment records to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation office, based on the defendant's ability to pay.

    3.  Except for immediate family members,[1] the defendant shall have no contact with persons under the age of 18 unless approved by the probation officer. The defendant will immediately report any unauthorized contact with persons under the age of 18 to the probation officer. The defendant will not enter or loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by persons under the age of 18.

    4.  The defendant shall not possess or view books or any form of writings, images or videos depicting or describing sexually explicit conduct or child pornography, as defined in 18 U.S.C. §§ 2256(2) and 2256(8).

    5.  The defendant shall submit his/her person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the Computer and Internet Restriction Condition (Paragraph 7(b)), if imposed). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

    6.  The defendant shall abide by the following financial conditions:

        a.  The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office will share financial information with the United States Attorney's Office.

        b.  The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

    7.  The defendant shall abide by the following computer restrictions and monitoring conditions:

        a.  The defendant shall disclose all electronic communications devices, data storage devices, e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his/her email accounts, connections, devices, or passwords.

        b.  The defendant shall allow the probation officer to install computer monitoring software on any computer, as defined by 18 U.S.C. § 1030(e)(1), that the defendant owns, utilizes or has the ability to access. The cost of remote monitoring software shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct periodic, unannounced searches of any computer subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Additionally, the defendant shall warn other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
Sheet 3B — Supervised Release

---

[1] "Immediate family member" is defined as siblings, children, grandchildren, persons to whom the offender stands in *loco parentis,* and persons living in the offender's household and related by blood or marriage.

DEFENDANT:      Cameron Kelly McAbee
CASE NUMBER:   4:21CR00361-1

# SPECIAL CONDITIONS OF SUPERVISION

     c.    The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.

     d.    The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images.

     e.    The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

8.   The defendant shall not lease, maintain, or share a post office box, mail drop, or any other repository for mail or package delivery, without prior written permission of the probation officer.

9.   The defendant shall not engage in any occupation, business, or profession (whether paid or not) whose primary purpose involves contact with or access to persons under the age of 18, without prior written permission of the probation officer.

2.   The defendant is prohibited from attempting or having any contact whatsoever with the victim, S.M., directly or indirectly, in person, through others, or by telephone, mail, electronic means, or any other manner, at any time or place unless specifically authorized by the Court. The defendant shall remain 100 yards away from her, her place of residence, and her place of employment or school at all times.

## U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT:            Cameron Kelly McAbee
CASE NUMBER:          4:21CR00361-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $400 | $26,610 | N/A | Not Assessed | Not Assessed |

☐  The determination of restitution is deferred until

An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| S.M. | | $14,610 | 1st |
| Pia | | $3,000 | 2nd |
| Tara | | $3,000 | 2nd |
| Mother Full 2012 DJMW | | $3,000 | 2nd |
| April | | $3,000 | 2nd |

| **TOTALS** | $ _____ | $    26,610.00 |
|---|---|---|

☐  Restitution amount ordered pursuant to Plea Agreement  $ _____

☒  The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the  ☐  fine  ☐  restitution.

☐  the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

---

DEFENDANT:        Cameron Kelly McAbee
CASE NUMBER:      4:21CR00361-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒  Lump sum payment of $ __400__ due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B** ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this Judgment; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 90 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒  Special instructions regarding the payment of criminal monetary penalties:

Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision
of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this
program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to
a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater,
over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains.
Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon
property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Electronics and accessories are forfeited as directed in the Oder of Forfeiture, Dkt. No. 40.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.