# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff/Appellee, v. **CAMERON KELLY MCABEE,** Defendant/Appellant. | No. 23–5097 There are four pdf attachments to this motion |

### Appellee's Motion to Enforce Appellate Waiver

The United States requests that this Court enforce the appellate waiver in Cameron Kelly McAbee's plea agreement and dismiss this appeal.

### Fed. R. App. P. 26.1(b) Disclosure Statement

There are no identifiable organizational victims of Mr. McAbee's crimes.

### Statement of Jurisdiction

The district court had subject matter jurisdiction because the U.S. Attorney's Office for the Northern District of Oklahoma charged Mr. McAbee with Child Exploitation Enterprise, 18 U.S.C. §§ 2252A (g)(2) and (g)(1); Sexual Exploitation of a Child by a Parent, 18 U.S.C. §§ 2251(b) and 2251(e);

Receipt and Distribution of Child Pornography, 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and Possession of Child Pornography in Indian Country, 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2). The district court entered its judgement on August 25, 2023, and Mr. McAbee filed a timely notice of appeal. This Court has jurisdiction under 28 U.S.C. § 1291, because Mr. McAbee appeals a final judgment of the district court.

## Statement of the Case

Starting around July 1, 2019, Mr. McAbee began logging into various internet chat forums dedicated to sharing sexual images and videos of the chat members' young daughters engaged in sexually explicit conduct. Mr. McAbee became not only a member and active participant in these forums, but also served as an administrator of one such forum. As an administrator, he controlled the requirements for membership and enforced admission rules, including a requirement that all prospective participants show that they had access to a child and to periodically share images of the sexual abuse they inflicted on that child. Mr. McAbee also required members who just joined, within the first three minutes of joining, to post of picture of themselves with their child or a live image of their child. This was a direct effort by Mr. McAbee to circumvent law enforcement investigations. Apart from

administering, Mr. McAbee also sexually exploited his daughter by taking graphic close-up photos of her genitalia and forcing her to pose in a suggestive manner, such as with a lollipop in her mouth. Mr. McAbee hid at least ten cameras in his house, which he used to take still and video images of his daughter and other children that visited the home. Mr. McAbee had 1,309 visual depictions of child sexual abuse on his electronic devices. Mr. McAbee pled guilty to all counts, pursuant to a plea agreement with the government. (R. Vol. I at 64–89; Plea Agreement, Attachment 1; Change of Plea Transcript, Attachment 3).

In the plea agreement, Mr. McAbee acknowledged that he faced a mandatory minimum of 20 years imprisonment and maximum statutory sentence of life imprisonment as to Count One of the Indictment; a mandatory minimum of 15 years imprisonment and maximum statutory sentence of 30 years imprisonment as to Count Two; a mandatory minimum of 5 years imprisonment and a maximum statutory sentence of 20 years imprisonment for Count 3; and a maximum statutory sentence of 20 years imprisonment for Count 4 (R. Vol. I at 82–83; Attachment 1 at 19–20).

As a part of his plea agreement with the government, Mr. McAbee specifically agreed to waive his right to appeal his conviction and sentence, unless his sentence exceeded the statutory maximum:

    k. at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

    l. any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

3. **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

    a. The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

    b. The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

    c. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

Revised 02-28-20            3            _____
                                                                                 Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

                                                   _____
                                                   **CAMERON KELLY MCABEE**

(R. Vol. I at 66–67; Attachment 1 at 3–4). In addition to signing his name immediately following the appellate and post-conviction waiver, Mr. McAbee initialed each page of the agreement and then acknowledged that he had read and voluntarily agreed to every part of the plea agreement. (R. Vol. I at 89; Attachment 1 at 26).

During the change-of-plea hearing, the court asked if there were any waivers of departure, appeal, or variance rights. (Plea Tr., Attachment 3 at 11). The prosecutor stated that the plea agreement did not contain a departure or variance waiver but did contain "a waiver of appellate rights as well as a trial waiver" (Attachment 3 at 11). The court specifically inquired with Mr. McAbee regarding the plea agreement, and he confirmed that he had read the plea agreement and that it represented the entirety of his agreement with the government. (Attachment 3 at 3–5).

The court performed a thorough Rule 11 colloquy with Mr. McAbee to make sure he understood the rights that he was waiving by going forward with the plea agreement. (Attachment 3 at 2–24). Relevant to Mr. McAbee's right to appeal, the court stated, "I do want to remind you, and it's in your plea agreement here, that you waive right to appeal directly any conviction or sentence except your right to reserve the right to appeal from a sentence that exceeds the statutory maximum. In your case that's life so I don't know how

that can be beyond under the guidelines. You agree that…you waive any right to collaterally attack the conviction and the sentence…" (Attachment 3 at 11).

Additionally, in his Petition to Enter Guilty Plea Mr. McAbee avers "I have been advised, *subject to any waiver of my appellate and post-conviction rights contained in my written plea agreement*, I have the right of appeal of any sentence imposed by the Court to the Tenth Circuit Court of Appeals." (R. Vol. I at 60; Petition to Enter Guilty Plea, Attachment 2 at 5) (emphasis added).

After the Rule 11 colloquy, Mr. McAbee entered guilty pleas to all four counts of the indictment. (Attachment 3 at 22–23). The court found that Mr. McAbee was aware of the nature of the charges, the consequences of his guilty pleas, and that he had made a knowing and voluntary decision to plead guilty; and, therefore, the court accepted his guilty pleas. (Attachment 3 at 23–24).

At sentencing, the district court made a finding that Mr. McAbee's guilty pleas were voluntary and supported by the factual record. (Sentencing Tr., Attachment 4 at 2–3). The district court accepted the plea agreement and held that the sentencing range was reasonable and did not undermine the statutory purposes of sentencing. (Attachment 4 at 8). The district court sentenced Mr. McAbee to life imprisonment as to Count 1, 360 months imprisonment for Count 2, and 240 months imprisonment as to each of Counts 3 and 4, all to

run concurrently with each other. (Attachment 4 at 25). Mr. McAbee filed a notice of intent to appeal his sentence (R. Vol. I at 203).

## Argument

In evaluating the enforceability of an appellate waiver, this Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice" *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)).

### 1. *Mr. McAbee's appeal falls within the scope of his appellate waiver.*

As Mr. McAbee acknowledged before pleading guilty, that he faced the possibility of life imprisonment. (R. Vol. I at 82; Attachment 1 at 19). In his plea agreement, he waived the right to appeal any sentence that did not exceed the statutory maximum. (R. Vol. I at 66–67; Attachment 1 at 3–4). Mr. McAbee received a life sentence, which did not exceed the statutory maximum, and he was aware that a life sentence was a possibility. Therefore, his appeal falls within the scope of his appellate waiver, satisfying the first prong of *Hahn*.

### *2. Mr. McAbee knowingly and voluntarily waived his appellate rights.*

Two factors are particularly significant to determining whether a waiver is knowing and voluntary: (1) the language of the plea agreement; and (2) the Rule 11 plea colloquy. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (citing *Hahn* at 1325). A defendant bears the burden of showing that his waiver was not knowing and voluntary. *Id.* Here, Mr. McAbee's plea agreement unequivocally stated that he "expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waivers those rights as set forth above." (R. Vol. I at 67; Attachment 1 at 4).

During the Rule 11 colloquy, the court ascertained that Mr. McAbee read and understood the terms of the plea agreement and both the prosecutor and the court re-affirmed that the plea agreement included a waiver of Mr. McAbee's right to appeal. The court explicitly found that Mr. McAbee understood the consequences of his guilty plea and that his plea was knowing and voluntary. Therefore, both the plea agreement and Mr. McAbee's colloquy with the court demonstrate that he knowingly and voluntarily waived his right to appeal.

### 3. *No miscarriage of justice would arise from holding Mr. McAbee to his bargain.*

Enforcement of the appellate waiver will not result in a miscarriage of justice. A miscarriage of justice occurs "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceed the statutory maximum, or (4) where the waiver is otherwise unlawful." *Shockey*, 538 F.3d at 1357 (citations omitted), This inquiry requires this Court to consider "whether 'the waiver is otherwise unlawful,' not whether another aspect of the proceeding may have involved legal error." *Id*.

Here, the record contains no suggestion that the district court relied on an impermissible factor or that the waiver was "otherwise unlawful." Nor did Mr. McAbee receive a sentence above the statutory maximum. Mr. McAbee cannot demonstrate that his counsel rendered ineffective assistance in negotiating the appellate waiver. Therefore, Mr. McAbee cannot establish that the enforcement of his appellate waiver will result in a miscarriage of justice.

## Conclusion

For the reasons set forth above, this Court should enforce Mr. McAbee's waiver of appellate rights and dismiss this appeal.

Respectfully submitted,

CLINTON JOHNSON
UNITED STATES ATTORNEY

/s/    Ashley Robert
Ashley Robert, TX Bar No. 24086955
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700
ashley.robert@usdoj.gov

10th Circuit Rule 27.3(A)(2)(b) Attachments:

1. Doc. 37; Plea Agreement, filed May 5, 2022
2. Doc. 36; Petition to Enter Plea of Guilty and Order Entering Plea, filed on May 5, 2022
3. Change-of-plea transcript of May 5, 2022
4. Sentencing transcript of August 25, 2023

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements and Type Style Requirements**

    This document complies with the type-volume limit of Fed. R. App. P. 27(d) and 32(a) because, this motion contains 1,643 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Word 2016 in 14-point Calisto MT.

                          */s/ Ashley Robert*
                          Ashley Robert
                          Assistant United States Attorney

**Certificate of Service**

    I certify that on November 27, 2023, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF recipients for this matter.

                          */s/ Ashley Robert*
                          Ashley Robert
                          Assistant United States Attorney