## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                            Case No. 21-CR-00361-JFH

CAMERON KELLY MCABEE,

      Defendant.

### Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and Christopher J. Nassar,

Assistant United States Attorney, and the defendant, CAMERON KELLY

MCABEE, in person and through counsel, Travis D. Horton, respectfully inform the

Court that they have reached the following plea agreement.

1.    **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

    **COUNT ONE: 18 U.S.C. §§ 2252A (g)(2) and (g)(1) – Child Exploitation
Enterprise**
    **COUNT TWO: 18 U.S.C. §§ 2251(b) and 2251(e) – Sexual Exploitation of a
Child by a Parent**
    **COUNT THREE: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and
Distribution of Child Pornography**
    **COUNT FOUR: 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2) – Possession of
Child Pornography in Indian Country**

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

### 2.   <u>**Waiver of Constitutional Rights**</u>

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

    a.  the right to be indicted if proceeding by Information;

    b.  the right to plead not guilty;

    c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

    d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

    e.  the defendant has the right to assist in the selection of the jury;

    f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

    g.  the defendant has the right to confront and cross-examine witnesses against the defendant;

    h.  if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

    i.  if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

    j.  if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

Revised 02-28-20

2

_____
Defendant's Initials

k.  at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

l.  any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

3.    **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.   The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.   The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

Revised 02-28-20

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

**CAMERON KELLY MCABEE**

### 4.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.  A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.  Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty; and

c. Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

**6.** **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

**7.** **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under

5

Defendant's Initials

oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

### 8.    Restitution for Offense of Conviction

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. At this time, the Government is aware that the following victim estimates suffering the following monetary losses due to moving expenses, removal of hidden cameras and associated electrical work, and projected future counseling costs :

      Minor Victim, C/O Courtney McAbee           $5,000

The Government anticipates additional victims to request restitution as well, but has not received those requests at this time. When received, those requests will be forwarded to the US Probation Office.

The defendant understands that restitution is mandatory without regard to the defendant's ability to pay.

6

Revised 02-28-20

Defendant's Initials

Defendant acknowledges that restitution ordered by the Court under 18 U.S.C. § 2259 is mandatory, and the amount of restitution ordered by the Court shall include defendant's total offense conduct. If convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5) or any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b)), the defendant acknowledges that mandatory restitution under 18 U.S.C. § 2259 is not less than $3,000 per victim.

### 9.  Restitution for Other Offenses

The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the count(s) to which the defendant is pleading guilty, and may include all relevant conduct as well as any stipulated amounts as set forth below pursuant to 18 U.S.C. § 3663.

### 10.  Restitution not Dischargeable in Bankruptcy

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

### 11.  Forfeiture Agreement

The defendant agrees to the forfeiture to the United States, pursuant to 18 U.S.C. §§ 2253(a)(2) and (a)(3), of the following property, used or intended to be used, to commit or to promote the commission of such offenses:

7

Revised 02-28-20

_____
Defendant's Initials

1.  Nine Assorted cameras and accessories;

2.  Four USB charger cameras;

3.  Outlet camera with 32GB SD;

4.   Black pen with hidden camera;

5.  Two Bluetooth speakers with cameras;

6.  Four black alarm clocks with cameras, assorted SD cards, and accessories;

7.  One white iPad in black case, Model A1566, serial number DMPS882HHGSG;

8.  Cox router serial number 335930041025105994;

9.  One blue Samsung portable SSD T5, serial number S3UJNKOJ706342T;

10. One silver Apple iPhone IMEI: 356716110181113;

11. One silver Dell laptop Model P936 serial number DPBQGT2;

12. White Raspberry Pi with a 64GB SD card, 16GB SD card, two USB devices, and power supply;

13. One white Motorola baby monitor with cable;

14. Three LG Blu-ray players with power adapters;

15. LG Blu-ray player;

16. Xbox One S;

17. Xbox Series X;

18. One Bose speaker;

19. One computer ram;

20. One circuit board;

8

Revised 02-28-20

_U_

Defendant's Initials

21. Thirteen assorted SD cards;

22. Six assorted USB devices;

23. Five assorted thumb drives;

24. Five assorted hard drives;

25. Miscellaneous electronic cords, adapters, batteries, wires, and accessories;
    a.  Eight power supply
    b.  One adapter
    c.  Nine San Disk Micro SD Adapters
    d.  Nine black cords
    e.  Two blue batteries,
    f.  Two battery packs,
    g.  Three camera wires
    h.  Camera base,
    i.  Battery pack,
    j.  Three cords

26. One black iPhone in pink case with stars IMEI unknown;

27. One black Apple watch; serial number unknown;

28. One Dell black laptop, Model RTL8821CE, serial number
    KANRCVOSU66543D with cord; and

29. One black digital watch face.

Defendant agrees to take all steps as requested by the forfeiting authority to pass

clear title to forfeitable assets, including, but not limited to, the execution of a

consent decree of forfeiture and the completion of any other legal documents

required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by

the United States, and that no defense exists to the seizure and forfeiture of this

property by the United States.  As such, defendant hereby relinquishes all claim, title,

9

Revised 02-28-20

Defendant's Initials

and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses.  Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it.  Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.  The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct

Revised 02-28-20

10

Defendant's Initials

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

12.  **Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

The defendant hereby agrees to pay, if imposed by the court, a special monetary assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014.

Additionally, the defendant hereby agrees to pay, if imposed by the court, a special monetary assessment pursuant to 18 U.S.C. § 2259A, per count of no more than:

$50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

The parties agree that the United States will request the Court to order the defendant to pay an assessment of $100 per relevant count of conviction pursuant to 18 U.S.C. § 2259A and $0 due to indigency pursuant to 18 U.S.C. § 3014 as

11

Defendant's Initials

determined by the Court at the time of sentencing. Any assessments imposed shall be paid to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**13.    Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 2252A (g)(2) and (g)(1) are as follows:

1. The Defendant violated Chapter 110 (except for sections 2257 and 2257A), and

2. The violation was part of a series of three or more separate incidents; and

3. The series of violations involved more than one victim; and

4. The Defendant committed the violations in concert with at least three other individuals.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 2251(b) and 2251(e) are as follows:

1. The Defendant was the parent or legal guardian of a minor, or had custody and control of a minor;

2. The Defendant knowingly permitted the minor to engage in, or assist another person to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or transmitting a live visual depiction of such conduct;

12

Revised 02-28-20

_____
Defendant's Initials

3. The Defendant knew or had reason to know that the visual depiction would be

transported and transmitted using a means or facility of interstate commerce, or in or affecting interstate commerce, or mailed, if that visual depiction was produced or

transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or, if such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) are as follows:

1. The defendant knowingly distributed (and/or received) one or more matters containing a visual depiction within the Northern District of Oklahoma;

2. The visual depiction had either (1) been mailed, shipped, or transported in interstate or foreign commerce, by any means, including a computer, or (2) been produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, by any means, including a computer;

3. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct; and

4. The defendant knew that at least one of the performers in the visual depiction was a minor engaged in sexually explicit conduct.

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2) are as follows:

1. The defendant knowingly possessed one or more matters containing a visual depiction within the Northern District of Oklahoma;

2. The visual depiction was possessed within Indian Country;

3. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct (for the enhanced punishment, must prove the child was under 12 years of age); and

Revised 02-28-20

Defendant's Initials

4. The defendant knew that at least one of the performers in the visual depiction was a minor engaged in sexually explicit conduct.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, CAMERON KELLY MCABEE, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts 1, 2, 3, & 4 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, CAMERON KELLY MCABEE, admit from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, I knowingly engaged in a child exploitation enterprise, in which I violated 18 U.S. Code Chapter 110 – "Sexual Exploitation And Other Abuse Of Children" as part of a series of felony violations constituting more than three separate incidents, involving more than one victim, and in concert with more than three other persons. I was the administrator of Kik messenger group chats where members of the group exchanged numerous images and videos depicting the rape and molestation of children. The groups involved at least twenty-one members and at least eight child victims. As part of gaining access to one of these groups, members were required to show proof of access to a child victim and were expected to share images and videos of the sexual abuse of that child to maintain access to the group, as well as other images and video of child sexual abuse obtained elsewhere. I was partly responsible for confirming a prospective member's access to a child victim and admitting them to the group.

As part of engaging in a child exploitation enterprise, from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, I knowingly permitted a minor that I was the parent, legal guardian, and had custody and control over, to engage in sexually

14

Revised 02-28-20

_____
Defendant's Initials

explicit conduct for the purpose of producing a visual depictions of such conduct on multiple occasions. These depictions were produced with materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including cell phones, digital cameras, and computers. Further, the depictions themselves were then mailed, transported, and transmitted in and affecting interstate and foreign commerce, by using a means and facility of interstate and foreign commerce, including a computer and cellular phone.

Additionally, from on or about July 1, 2019, to on or about July 26, 2021, in the Northern District of Oklahoma, using my phone and computer, I knowingly received and distributed image and video files depicting minors engaged in sexually explicit conduct, and that had been shipped and transported in and affecting interstate and foreign commerce.

Finally, from on or about July 1, 2019, to on or about July 26, 2021, within Indian Country in the Northern District of Oklahoma, I knowingly possessed and accessed with intent to view additional image and video files depicting minors engaged in sexually explicit conduct. These image and video files depicted at prepubescent minors and minors under the age of 12 years of age engaged in sexually explicit conduct.

_____          5-5-22
CAMERON KELLY MCABEE              Date
Defendant

## 14.  **Further Prosecution**

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

defendant's acceptance of this agreement, arise from its investigation of the

defendant's actions and conduct giving rise to the instant Indictment, save and

except crimes of violence, contact sex offenses, and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

### 15.    Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 16.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to

Revised 02-28-20

Defendant's Initials

U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

17.  **Registration Under the Sex Offender Registration and Notification Act.**

Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am

Revised 02-28-20

Defendant's Initials

an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits.

18. **Psychosexual Assessment**

Either upon motion by the United States, or at the direction of the Court or the United States Probation Office, the defendant agrees to submit to a psychosexual assessment before sentencing in this case, pursuant to 18 U.S.C. § 3552(b). This assessment may include, but shall not be limited to: provider interviews, physiological testing, polygraph, plethysmography, actuarial and diagnostic

18

Revised 02-28-20

Defendant's Initials

assessments, as directed by Probation or the provider. The assessment shall be performed as determined by Probation, or by such other provider selected by Probation, provided that the provider is ATSA-certified or otherwise appropriately qualified, and shall be performed in accordance with the provider's standards and practice. All reports and information from this assessment shall be released to the Probation Department for inclusion in the pre-sentence investigation report. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. Should a psychosexual assessment be requested, the defendant agrees to continue the sentencing date in this case until that assessment is performed and the results of that assessment are provided to the Probation Department.

19. **Sentence**

a. **Imprisonment**

The defendant acknowledges that under 18 U.S.C. §§ 2252A (g)(2) and (g)(1) the minimum mandatory statutory sentence is 20 years of imprisonment, the maximum statutory sentence is life imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 2251(b) and 2251(e) the minimum mandatory statutory sentence is 15 years of imprisonment, the maximum statutory sentence is 30 years of imprisonment and a fine of not more than $250,000.

19

Revised 02-28-20

Defendant's Initials

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) the minimum mandatory statutory sentence is 5 years of imprisonment, the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 1151, 2252(a)(4)(A) and 2252(b)(2), the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

**b. <u>Supervised Release</u>**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment of at least 5 years, up to life.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose

Revised 02-28-20

20

Defendant's Initials

another term of imprisonment not to exceed the difference between any

imprisonment imposed for a prior revocation of supervised release for the offense of

conviction and the term of imprisonment authorized pursuant to 18 U.S.C.

§ 3583(e)(3). Accordingly, the original term of imprisonment when combined with

any term of imprisonment arising from revocations of supervised release, may result

in a total amount of imprisonment greater than the statutory maximum term for the

offense of conviction.

### c. Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to

the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28

U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to

apply the Sentencing Guidelines, must consult those Guidelines and take them into

account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further

aware that the sentence has not yet been determined by the Court, that any estimate

of the likely sentence received from any source is a prediction, not a promise, and

that the Court has the final discretion to impose any sentence up to the statutory

maximum. The defendant further understands that all recommendations or requests

by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum

established by statute, the defendant cannot, for that reason alone, withdraw

Revised 02-28-20

Defendant's Initials

defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

20.   **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

22

Revised 02-28-20

Defendant's Initials

21.   **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the

United States Attorney for the Northern District of Oklahoma, but in no way limits,

binds or otherwise affects the rights, powers, duties or obligations of any state or

local law enforcement agency, administrative or regulatory authorities, civil or

administrative enforcement, collection, bankruptcy, adversary proceedings or suits

which have been or may be filed by any governmental entity, including without

limitation, the Internal Revenue Service, the Tax Division of the Department of

Justice and the trustee in bankruptcy.

22.   **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations

under this agreement, then the complaining party shall, in its discretion, have the

option of petitioning the Court to be relieved of its obligations herein. Whether or

not a party has completely fulfilled all of its obligations under this agreement shall be

determined by the Court in an appropriate proceeding at which any disclosures and

documents provided by either party shall be admissible and at which the complaining

party shall be required to establish any breach by a preponderance of the evidence.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal

Rules of Criminal Procedure to withdraw from defendant's plea and this agreement,

save and except under circumstances where the Court rejects the plea agreement

Revised 02-28-20

Defendant's Initials

under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that CAMERON KELLY MCABEE, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

Revised 02-28-20

24

Defendant's Initials

23.   **Conclusion**

No agreements, representations or understandings have been made between the

parties in this case, other than those which are explicitly set forth in this plea

agreement and the Plea Agreement Supplement that the United States will file in this

case  (as is routinely done in every case, even though there may or may not be any

additional terms) and none will be entered into unless executed in writing and signed

by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
United States Attorney

_Nathan E. Michel, AUSA_

**for**   CHRISTOPHER J. NASSAR                    5/5/22
Assistant United States Attorney        Dated

TRAVIS D. HORTON                              5/5/22
Attorney for Defendant                  Dated

CAMERON KELLY MCABEE                           5-5-22
Defendant                               Dated

Revised 02-28-20

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        5-5-22
CAMERON KELLY MCABEE                          Dated
Defendant


I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____        5/5/22
TRAVIS D. HORTON                              Dated
Counsel for the Defendant


26

Revised 02-28-20

Defendant's Initials