1              UNITED STATES DISTRICT COURT FOR THE
                   NORTHERN DISTRICT OF OKLAHOMA
2

3

UNITED STATES OF AMERICA,          )
4                                  )
              PLAINTIFF,           )
5                                  )
vs.                                )   Case No. 21-CR-361-JFH
6                                  )
                                   )
7  CAMERON KELLY McABEE,           )
                                   )
8              DEFENDANT.          )

9

10

11

12                    TRANSCRIPT OF
                  CHANGE OF PLEA HEARING
13           BEFORE THE HONORABLE DONALD D. BUSH
              UNITED STATES MAGISTRATE JUDGE
                       MAY 5, 2022
14

15

16

17              A P P E A R A N C E S

18

FOR THE PLAINTIFF:                 NATHAN MICHEL
19                                 U.S. Attorney's Office
                                   110 W. 7th St., Ste 300
20                                 Tulsa, OK  74119

21

FOR THE DEFENDANT:                 TRAVIS HORTON
22                                 Attorney at Law
                                   2021 S. Lewis Ave., Ste 520
23                                 Tulsa, OK 74104

24

25  Transcribed by:  Laura Griffin, RMR-CRR, Laura_Griffin@oknd.uscourts.gov

1   PROCEEDINGS:

2       ******************************************************

3           DEPUTY COURT CLERK:   This is United States of

4   America versus Cameron Kelly McAbee, case number

5   21-CR-361-JFH.

6       Counsel, please enter your appearances.

7           MR. MICHEL:   Nathan Michel for the United States.

8           MR. HORTON:   Travis Horton for the defendant.

9           THE COURT:   All right.   Let me have the defendant

10  sworn in.

11      (DEFENDANT SWORN.)

12          THE COURT:   All right.   Let me have the defendant

13  and his counsel approach the podium here.

14      All right, Mr. McAbee, I need your full name, please.

15          THE DEFENDANT:   Cameron Kelly McAbee.

16          THE COURT:   All right.   Now, you've been placed

17  under oath.   It's important to tell the truth.   If you make a

18  false statement in these proceedings, the government could

19  prosecute you for perjury.   Do you understand that?

20          THE DEFENDANT:   Yes, Your Honor.

21          THE COURT:   Have you received a copy of the -- is

22  this an indictment or information?

23          MR. HORTON:   Indictment, Your Honor.

24          THE COURT:   Indictment.   Have you received a copy of

25  the indictment in this matter?   Do you understand what you are

1  charged with?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And has the government fulfilled its

4  duty to notify any victim of the offense of their rights under

5  the Crime Victims' Rights Act.

6          MR. MICHEL:  Yes, Your Honor, we have.

7          THE COURT:  All right.  I assume you are a U.S.

8  citizen; is that correct?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All right.  Any problem with reading,

11  writing, understanding the English language?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  Have you ever been treated for any kind

14  of mental illness or drug addiction, anything of that nature?

15          THE DEFENDANT:  No, Your Honor.

16          THE COURT:  Are you under any medication at this

17  time that might interfere with your ability to give a plea

18  here today?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  Mr. Horton, do you believe that your

21  client fully understands these proceedings and can go forward

22  at this time?

23          MR. HORTON:  I do, Your Honor.

24          THE COURT:  Okay.  Now, I understand there is a plea

25  agreement, is that correct, in this case?

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 4 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 4

4

1             MR. HORTON:  Yes, Your Honor.

2             THE COURT:  Have you gone over that plea agreement

3    and discussed it with your counsel?

4             THE DEFENDANT:  Yes, Your Honor.

5             THE COURT:  Do you understand the terms of the

6    agreement?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  And does the plea agreement represent

9    your entire understanding with the government?

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  Has anyone made any promises,

12   representations or guarantees that are not in the plea

13   agreement?

14            THE DEFENDANT:  No, Your Honor.

15            THE COURT:  Has anyone threatened you or anyone

16   close to you in order to get you to plead here today?

17            THE DEFENDANT:  No, Your Honor.

18            THE COURT:  Are you pleading guilty freely and

19   voluntarily because you are in fact guilty?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  And do you understand the court has not

22   participated in any way with any plea discussions in this

23   case?

24            THE DEFENDANT:  Yes.

25            THE COURT:  It's just between you, your counsel and

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 5 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 5

5

1   the government.

2            THE DEFENDANT:  Okay.  Yes, Your Honor.

3            THE COURT:  Okay.  So what counts is he pleading

4   to here today?

5            MR. HORTON:  Counts 1 through 4, Your Honor.

6            THE COURT:  Counts 1 through 4?

7            MR. HORTON:  Yes, Your Honor.  It's in small typed

8   print below.

9            THE COURT:  Okay.  Very well.  Again do you

10  understand the nature of the charges against you?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  And will you waive the formal reading of

13  the indictment?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  All right.  Now, do you understand that

16  the district judge in this case may sentence you to a term of

17  imprisonment or monetary fine or both imprisonment and fine;

18  do you understand that?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  And what are the mandatory minimum, if

21  any, and maximum penalties in this case?

22           MR. MICHEL:  Your Honor, for the four counts, for

23  Count 1, which is the violation of 18 U.S.C. 2252A(g)(2) and

24  (g)1, for child exploitation enterprise, the minimum mandatory

25  statutory sentence is 20 years of imprisonment and the maximum

1   is life.

2       For Count 2, which is 18 U.S.C. 2251(b) and 2251(e),

3   sexual exploitation of a child by a parent, the minimum

4   mandatory statutory sentence is 15 years and the maximum

5   statutory sentence is 30 years imprisonment.

6       For Count 3, which is 18 U.S.C. 2252(a)(2) and

7   2252(b)(1), receipt and distribution of child pornography, the

8   mandatory minimum is 5 years imprisonment and the maximum is

9   20 years imprisonment.

10      And, finally, for Count 4, which is 18 U.S.C.

11  2252(a)(4)(B) and 2252(b)(2), possession of child pornography

12  in Indian Country, there is no minimum and the maximum

13  statutory sentence is 20 years of imprisonment.

14      All those are listed on pages 19 and 20 of the plea

15  agreement.

16          THE COURT:  All right.  Now, in this matter do you

17  understand that, Mr. McAbee, of what the minimum and maximum

18  penalties are?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  All right.  And also the court can --

21  any other special assessments that might be involved here?  I

22  think there's not more than $50,000 on conviction of a child

23  pornography and production; is that correct?

24          MR. MICHEL:  Yes, Your Honor.  There is a special

25  assessment provision and that's paragraph 12 on page 11 of the

1    agreement.

2          THE COURT:  All right.  And the court can also

3    impose a special monetary assessment of $100 for each count

4    you're pleading to.  Do you understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Okay.  And the court can also impose a

7    fine in this case.  And what's the offense fine amounts?

8          MR. MICHEL:  I believe it's $250,000, Your Honor,

9    for all four counts.

10          THE COURT:  All right.  Each count?

11          MR. MICHEL:  Yes, Your Honor, I'm sorry.

12          THE COURT:  All right.  Very well.  Are there any

13   other aggravating factors that could trigger an application of

14   a greater minimum sentence or statutory maximum than what

15   you've gone over at this time?

16          MR. MICHEL:  No, Your Honor, I don't believe so.

17          THE COURT:  All right.  Now, if you're sentenced to

18   prison, the court can also impose a term of supervised

19   release, and I believe --

20      What is the supervised release for these counts?

21          MR. MICHEL:  Your Honor, in this case I believe it

22   is a minimum of 5 years supervised release and potentially up

23   to life.

24          THE COURT:  Okay.  So do you understand that

25   whatever time you may serve in prison, when you're released

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 8 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 8

8

1  from prison, you could be on a supervised release for up to

2  life.  Do you understand that?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  If you violate the terms of supervised

5  release, do you understand that you could be brought back in

6  court and resentenced for an additional term of time in

7  prison?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Okay.  And also I believe probably

10 because of the offense to which you're pleading, and maybe in

11 your plea agreement, I haven't looked at it yet, you'll be

12 required to register as a sex offender.  Do you understand

13 that?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  Yes?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Okay.  Very well.  And I believe there's

18 also forfeiture matters in this case, are there not?

19           MR. HORTON:  There are, Your Honor, and those are

20 listed.

21           THE COURT:  And the plea agreement sets forth a

22 number of items that you're forfeiting.  Have you gone over

23 that?  Do you understand that you're forfeiting those items

24 noted in page 8 and page 9 of your plea agreement?

25           THE DEFENDANT:  Yes, Your Honor.

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 9 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 9

9

1          THE COURT:  Okay.  And any restitution in this

2    matter?

3          MR. MICHEL:  Yes, Your Honor, there are restitution

4    provisions.

5          THE COURT:  And what is that?

6          MR. MICHEL:  Your Honor, restitution is captured on

7    paragraph 9 and 10 of page 7 and -- oh, excuse me, 8, 9 and 10

8    of page 6 and 7.  So far the government is aware of one minor

9    victim who has suffered a loss of $5,000.  We anticipate there

10   will be additional victims who will make additional

11   restitution requests as we get closer to sentencing.

12          THE COURT:  All right.  Did you understand that,

13   sir?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  And you are an American citizen; is that

16   correct?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Now, the charges against you here are

19   felony offenses.  If your plea of guilty is accepted, you'll

20   be found guilty and a felony conviction could deprive you of

21   certain civil rights.  Have you pled guilty before to any kind

22   of a crime?

23          THE DEFENDANT:  No, Your Honor.

24          THE COURT:  All right.  So you may be giving up the

25   right to vote, sit on a jury, hold public office in some

Case 4:21-cr-00361-JFH  Document 68  Filed 10/26/23  Page 10 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 10

10

 1  states I guess.  Also to serve -- as I said, serve on a jury,

 2  right to vote, and possess a firearm.  Do you understand that?

 3            THE DEFENDANT:  Yes, Your Honor.

 4            THE COURT:  Okay.  So do you think you understand

 5  all of the possible consequences by you pleading guilty here

 6  today?

 7            THE DEFENDANT:  Yes, Your Honor.

 8            THE COURT:  Now, the United States Sentencing

 9  Commission has issued advisory guidelines for judges to

10  consider in determining a sentence in a criminal case.  Have

11  you and Mr. Horton gone over those guidelines and how they

12  might apply to your case?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  Are there any stipulations as to

15  appropriate disposition of this case?

16            MR. MICHEL:  No, Your Honor.

17            THE COURT:  All right.  Now, do you understand

18  whatever stipulations may be in this plea agreement the court

19  is not bound by that until it accepts the agreement after

20  a complete -- until it accepts the agreement after completion

21  of a presentence report?  Do you understand that?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  And if the court chooses not to follow

24  the terms of the plea agreement, would he have an opportunity

25  to withdraw his plea?

1          MR. MICHEL:  Yes, Your Honor, that's my

2   understanding.

3          THE COURT:  Okay.  Very well.  I do want to remind

4   you again parole has been abolished.  If you're sentenced to

5   imprisonment, you'll not be released on parole, it's

6   supervised release.

7       Any waiver of departure, appeal and variance rights in

8   this case?

9          MR. MICHEL:  Your Honor, there is not a departure

10  and variance waiver in the plea agreement it's my

11  understanding.

12         THE COURT:  Only as to appeal?

13         MR. MICHEL:  There is a waiver of appellate rights

14  as well as a trial waiver, Your Honor, just there's no

15  departure and variance waiver.

16         THE COURT:  Okay.  I do want to remind you, and it's

17  in your plea agreement here, that you waive right to appeal

18  directly any conviction or sentence except your right to

19  reserve the right to appeal from a sentence that exceeds the

20  statutory maximum.  In your case that's life so I don't know

21  how that can be beyond that under the guidelines.

22      You agree that the United States reserves all rights to

23  appeal the sentence and you waive any right to collaterally

24  attack the conviction and sentence including any assessment,

25  forfeiture, restitution order, length of term of supervised

1  release and any condition of supervised release except for the

2  claims of ineffective assistance of your counsel.

3       Now, in that regard are you satisfied with the work done

4  on your behalf by your lawyer?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Okay.  Now, as you stand here, before

7  you enter a plea of guilty, you have the right to continue to

8  maintain your plea of not guilty and demand a jury trial.  On

9  the other hand if you decide to plead guilty and it's accepted

10  by the court, you'll be waiving or giving up any of the

11  important constitutional rights that I'll cover with you very

12  briefly here.

13       You'll be giving up the right to a trial by jury.  You're

14  presumed to be innocent.  The government has to prove its case

15  against you beyond a reasonable doubt.  To convict you at

16  trial all 12 jurors must unanimously agree that you're guilty

17  beyond a reasonable doubt.

18       You have the right to assistance of your lawyer for your

19  defense in this case throughout trial and any related

20  proceedings.  You have the right to see and hear all witnesses

21  and have them questioned by your counsel.

22       You have the right to be protected from compelled

23  self-incrimination.  That means the government cannot call and

24  make you -- call you and put you on the witness stand but you

25  would have the right to decline to testify of course but you

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 13 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 13

13

1   would also have the right to testify in your own behalf.

2        You would have the right to present evidence and compel

3   the attendance of witnesses at trial.  If you were determined

4   not to testify or put on any evidence, those facts cannot be

5   used against you.

6        You also have the right to have the jury determine beyond

7   a reasonable doubt any facts that may have the effect of

8   increasing your mandatory minimum or maximum sentence.

9        Now, has your counsel gone over and advised you of those

10  rights?

11              THE DEFENDANT:  Yes, Your Honor

12              THE COURT:  Now, do you understand that if you plead

13  guilty, that there will be no trial of any kind either to a

14  jury or to the court?

15              THE DEFENDANT:  Yes, Your Honor.

16              THE COURT:  And by pleading guilty you'll be

17  consenting to the court's fact finding in all respects both as

18  to guilt and innocence.  Do you understand that?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  Now, if you plead guilty, the district

21  judge can impose the same punishment as if you have pled not

22  guilty and been convicted by a jury.

23        In that case did I get the consent form in this matter

24  entered, Ms. Gifford?

25              DEPUTY COURT CLERK:  Yes.

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 14 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 14

14

1          THE COURT:  Have we already done it?  Did I go over

2    that?  I'm not sure I went over that.

3        Once again, in case I missed that, which could happen, do

4    you understand that you have the right to have your plea taken

5    by the district judge, but by letting me do it today you're

6    consenting for the magistrate judge to do it.  Do you

7    understand that?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.  And I will play no part in your

10   sentencing.  Do you understand that?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  I'm just up here taking your plea.

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  All right.  Then I'll have the consent

15   form entered in if I've not done that already and I apologize.

16       All right.  Now, do you have any questions whatsoever

17   about your right to a trial by jury?

18         THE DEFENDANT:  No, Your Honor.

19         THE COURT:  Understanding those rights is it your

20   wish to waive or give up your rights to a jury trial?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Now, I have your waiver of jury trial in

23   front of me here.  Did you go over this before you signed it?

24   Did you understand what you were signing?

25         THE DEFENDANT:  Yes, Your Honor.

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 15 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 15

15

1          THE COURT:  All right.  Then I'll have it entered
2    into the record in this matter.
3       Mr. Horton, are you satisfied that your client's waiver
4    is knowingly, voluntarily and intelligently made?
5          MR. HORTON:  I am, Your Honor.
6          THE COURT:  Then your waiver of jury trial is hereby
7    approved.
8       Now I'm going to have the government go over the elements
9    of the offense as well as the factual basis they would expect
10   to prove in this case.
11         MR. MICHEL:  Yes, Your Honor.  So the elements of
12   the offenses -- for Count 1 the elements of the offense are
13   that the defendant violated either Section 1591, Section 1201
14   if the victim is a minor, Chapter 109A if the victim is a
15   minor, or Chapter 10 of the U.S. Code and that the violation
16   was a part of a series of three or more separate incidents and
17   that the series of violations involved more than one victim
18   and that the defendant committed the violations in concert
19   with at least three other individuals.
20      The elements for Count 2, that the defendant was a parent
21   or legal guardian of a minor or had custody and control of a
22   minor, that the defendant knowingly permitted the minor to
23   engage in or assist another person to engage in sexually
24   explicit conduct for the purpose of producing a visual
25   depiction of such conduct or transmitting a live visual

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 16 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 16

16

1  depiction of such conduct.

2       That the defendant knew or reasonably -- had reason --

3  excuse me.  That the defendant knew or had reason to know that

4  the visual depiction would be transported and transmitted

5  using a means or facility of interstate commerce or in or

6  affecting interstate commerce or mailed, or if the visual

7  depiction was produced or transmitted using materials that

8  have been mailed, shipped, or transported in or affecting

9  interstate commerce or foreign commerce by any means,

10  including by computer, or if such visual depiction was

11  actually transported or transmitted using any means or

12  facility or interstate or foreign commerce or in or affecting

13  interstate or foreign commerce.

14       For Count 3 the elements are that the defendant knowingly

15  distributed or received one or more matters containing a

16  visual depiction within the Northern District of Oklahoma.

17  That the visual depiction had either been mailed, shipped or

18  transported in interstate or foreign commerce or by any means

19  including a computer, or had been produced using materials

20  that had been mailed, shipped or transported in interstate or

21  foreign commerce by any means, including a computer, and that

22  the production of such visual depiction involved the use of a

23  minor engaging in sexually explicit conduct and visual

24  depiction of such conduct and the defendant knew that at least

25  one of the performers in that visual depiction was a minor

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 17 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 17

17

1 engaged in sexually explicit conduct.

2     Finally the elements for Count 4, that the defendant

3 knowingly possessed one or more matters containing a visual

4 depiction within the Northern District of Oklahoma, that the

5 visual depiction was possessed within Indian Country, that the

6 production of such visual depiction involved the use of a

7 minor engaging in sexually explicit conduct, and the visual

8 depiction is of such conduct involving a child under 12 years

9 of age and that the defendant knew that at least one of the

10 performers in that visual depiction was a minor engaged in

11 sexually explicit conduct.

12     Your Honor, those are the elements for the purposes of

13 the factual basis that the government would be prepared to

14 prove at trial.

15     The government would be prepared to prove at trial

16 through the testimony of several federal agents as well as

17 forensic evidence along with other witnesses and evidence that

18 an FBI online covert employee on July 24, 2021, accessed a Kik

19 group on the website Kik.  On that group the FBI employee

20 observed a user identified by the display name "Tim B" and the

21 user name "Bowzer 2020" post what appeared to be images of

22 child sexual abuse material.

23     Based on further investigation the FBI was able to

24 identify that that user associated with the names "Tim B" and

25 "Bowzer 2020" was associated to an IP address that traced back

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 18 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 18

18

1   to an address in Broken Arrow, Oklahoma, specifically 2412

2   West Vicksburg Street in Broken Arrow, Oklahoma, which is in

3   the Northern District of Oklahoma and within Indian Country.

4   Further investigations showed that that is actually the home

5   of the defendant.

6       On July 26, 2021, the FBI executed a federal search

7   warrant at that home and seized a number of devices.  On that

8   day the defendant was also interviewed and post *Miranda* made

9   admissions regarding being a participant and administrator on

10  that Kik website.  That that Kik group involved the -- at

11  least over three individuals and I believe 21 individuals as

12  well as at least eight known victims and that the purpose of

13  that group was to post and distribute and share child sexual

14  abuse material.

15      Specifically the defendant also admitted to posting

16  photographs of his then three-year-old daughter.  Further

17  forensic analysis of the devices from that search warrant as

18  well as additional forensic -- additional federal warrants and

19  additional forensic analysis of the defendant's devices

20  revealed that there was numerous child pornography images on a

21  number of devices including his phone and computer.  And that

22  his receipt, distribution and possession of those images was

23  all done at that location in Vicksburg within the Northern

24  District of Oklahoma and within Indian Country.

25      That's all I have, Your Honor, pending any questions

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 19 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 19

19

```
 1              THE COURT:  All right.  Thank you.

 2         Mr. McAbee, do you understand the elements to the

 3    offenses to the counts?

 4              THE DEFENDANT:  Yes, Your Honor.

 5              THE COURT:  And do you understand the factual basis

 6    the government has gone over and do you agree with that?

 7              THE DEFENDANT:  Yes, Your Honor.

 8              THE COURT:  All right.  Then in our own words tell

 9    me why you're pleading guilty here today.

10              THE DEFENDANT:  Because I am guilty of the charges

11    that have been listed.

12              THE COURT:  I'm sorry?

13              THE DEFENDANT:  Because I'm guilty of the charges

14    that have been listed.

15              THE COURT:  Okay.  And the charges that were gone

16    over with you by the government?

17              THE DEFENDANT:  Yes, Your Honor.

18              THE COURT:  And that these occurred in the Northern

19    District of Oklahoma?

20              THE DEFENDANT:  Yes, Your Honor.

21              THE COURT:  And they involved the receipt and

22    production of child pornography?

23              THE DEFENDANT:  Yes, Your Honor.

24              THE COURT:  Okay.  Does the government need anything

25    else?
```

1          MR. MICHEL:  Your Honor, just given how brief that

2   was from the defendant I would just ask for the court to

3   clarify that the factual summary on page 14 and 15 of the plea

4   agreement is in fact accurate and that the defendant did sign

5   his name under that.

6          THE COURT:  Of the plea agreement?

7          MR. MICHEL:  Yes, Your Honor.

8          THE COURT:  Okay.  In the plea agreement that you've

9   gone over here at page 14, the last paragraph down there,

10  contains what you're pleading to and what you have done in

11  this case.  It's quite extensive.  Have you gone over that

12  summary, that factual statement, and is that statement true

13  and correct?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  And the same as to page 15, is it true

16  and correct?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Is there anything in here that's not

19  true and correct that needs to be highlighted for the court's

20  attention?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  Okay.  And you went over this before you

23  signed it; is that correct?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  All right.  Does that satisfy the

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 21 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 21

21

1   government as to the factual basis for his plea?

2            MR. MICHEL:  It does, Your Honor.  Thank you.

3            THE COURT:  Mr. Horton, anything else we need to add

4   as to that matter?

5            MR. HORTON:  No, Your Honor, other than I believe on

6   the petition, page 2 I believe.

7            THE COURT:  Correct, same statement is contained.

8            MR. HORTON:  And the defendant is reserving that

9   issue at this time as well.

10           THE COURT:  All right.  Now, did you read the -- go

11   over the plea petition before you signed it, Mr. McAbee?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Do you understand those representations

14   that are made in the petition and are they true and correct?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Okay.  And again that petition contains

17   the statement -- factual basis of what you're pleading guilty

18   here to, contains your minimum and maximum penalties that you

19   might be looking at in this case, the fact that you're

20   pleading guilty to Counts 1 and 4 of the -- excuse me, 1

21   through 4 of the indictment, that your mind is clear, that

22   you've not been confined ever for any type of mental problems.

23   That you've been advised of the consequences of the sentencing

24   guidelines and supervised release in this matter, and also the

25   waiver of rights that you're giving up by pleading guilty.  Is

Case 4:21-cr-00361-JFH   Document 68   Filed 10/26/23   Page 22 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 22

22

1  that all true and correct?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  All right.  Having been advised of the

4  consequences of a plea then do you still wish to petition the

5  court to accept your plea of guilty here today?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Has he signed the petition in this

8  matter?

9          MR. HORTON:  Yes, Your Honor.

10          THE COURT:  Okay.  Mr. Horton, do you believe that

11  your client's intended change of plea and entering the plea

12  agreement here is freely and voluntarily made with full

13  knowledge of the charges and consequences of the plea?

14          MR. HORTON:  I do, Your Honor.

15          THE COURT:  And are you aware of any reason the

16  court should not take your client's plea today?

17          MR. HORTON:  No, Your Honor.

18          THE COURT:  Now, Mr. McAbee, do you need any

19  additional time to speak privately to your counsel before I

20  take your plea?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  Okay.  How do you plead to Count 1 of

23  the indictment charging you with a violation of 18 U.S.C.

24  Sections 2252A(g)(2) and (g)(1), child exploitation

25  enterprise?

1          THE DEFENDANT:  Guilty, Your Honor.

2          THE COURT:  As to Count 2, 18 U.S.C. Sections

3  2251(b) and 2251(e), sexual exploitation of a child by a

4  parent?

5          THE DEFENDANT:  Guilty, Your Honor.

6          THE COURT:  Count 3, 18 U.S.C. Sections 2252(a)(2)

7  and 2252(b)(1), receipt and distribution of child pornography?

8          THE DEFENDANT:  Guilty, Your Honor.

9          THE COURT:  And Count 4, 18 U.S.C. Sections 2252(a)

10  (4)(B) and 2252(b)(2), possession of child pornography in

11  Indian Country?

12          THE DEFENDANT:  Guilty, Your Honor.

13          THE COURT:  All right.  And once again, no one has

14  forced you to plead guilty here today, you're doing it because

15  you are guilty of the offense charged?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  And that you're making this decision

18  freely and voluntarily of your own choice?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  All right.  Then I'll have the petition

21  entered into the record as well as the plea agreement.

22  There's also a supplement that will be entered into the record

23  in this case.

24      All right.  Based upon your admissions to me and

25  responsive answers to my questions I find you're fully

1   competent and capable of entering an informed plea, you're

2   aware of the nature of the charges and consequences of the

3   plea, that the plea is -- for the plea of guilty that is

4   knowingly and voluntarily made by an independent basis in fact

5   with each essential element of the offense.  Therefore I

6   accept your plea of guilty, you're adjudged guilty of the

7   offense contained in Counts 1 through 4 of the indictment.

8        Of course any decision as to acceptance of the plea

9   agreement is deferred until the district judge would conduct

10  the sentencing.

11       Matters as to the date for sentencing will be set after

12  the presentence report is received.  A written presentence

13  report will get prepared by the probation office.  You'll be

14  asked to give information for that report.  You'll be able to

15  read the report and file objections before the sentencing

16  hearing.

17       You and your counsel will be able to speak on your behalf

18  in the sentencing hearing.  You're referred to the probation

19  office for a pretrial sentence report.  The government will

20  notify any potential victims it wishes to call.  Defendant is

21  remanded back into the custody of the United States Marshal if

22  there's nothing further from the government or the defense.

23            MR. MICHEL:  No, Your Honor.  Thank you.

24            MR. HORTON:  No, Your Honor.

25            THE COURT:  Okay.  Very well.  We'll stand in recess

Case 4:21-cr-00361-JFH  Document 68  Filed 10/26/23  Page 25 of 25
Appellate Case: 23-5097   Document: 010110958405   Date Filed: 11/27/2023   Page: 25

25

1  on this matter.

2        (PROCEEDINGS CONCLUDED.)

3

4                    **REPORTER'S CERTIFICATION**

5     I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE

6  TRANSCRIPT OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

7              CERTIFIED:        S/Laura Griffin
                                Laura Griffin, RMR, CRR
8                                United States Court Reporter
                                333 W. 4th Street, RM 411
9                                Tulsa, OK  74103
                                (918) 699-4879
10                               laura_griffin@oknd.uscourts.gov.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25